# CHAMBERS PRACTICES

## District Judge Vanessa L. Bryant
## District Court for the District of Connecticut

**Electronic Filing**
Parties are asked to file electronically all motions, objections, reports and other material, unless a party is *pro se*, in which case filings must be made by hard copy to the clerk's office at 450 Main Street, Hartford, CT, 06103-9998. The court prefers that documents filed electronically be converted to PDF format rather than scanned manually.

**Oral Argument**
Oral argument is permitted either by telephone or in person at the request of the parties in complex cases or at the court's request where either the law or the facts are not fully developed in the motions and memoranda of law or to facilitate the fair, efficient and timely resolution of an issue.

**Referral to Magistrate Judge and Special Masters**
All cases are referred to a Magistrate Judge for a settlement conference after discovery is complete and dispositive motions have been ruled upon. Parties may request a referral for settlement earlier in the proceedings. Discovery matters may also be referred.

**Rulings from the Bench**
The court may summarily rule from the bench in instances where the issues are fully developed in the parties' briefs and then issue a written ruling stating more completely the factual and legal authority for the ruling.

**26(f) Reports**
The court considers the 26(f) Report to be a critical element of trial preparation. The court expects the attorneys and *pro se* parties to discuss amongst themselves, after consultation with their respective clients and witnesses, the factual and legal nature and basis for the claims and defenses asserted or to be asserted, the possibilities of settlement and the desired discovery, and to develop and propose a realistic discovery and dispositive motion filing plan for adoption by the court in accordance with Rule 26(f). The court generally enters a scheduling order in accordance with the parties' plan. The parties will be expected to adhere to their plan absent good cause. Motions to modify the scheduling order must be made in writing and will be granted upon a showing of an unforeseeable and insurmountable obstacle to adherence to the plan. The court issues guidance in the form of an Order on Pretrial Deadlines along with the scheduling order.

**Resolution by Telephone**
Rulings are entered electronically in electronically-filed cases. Counsel of record will receive instantaneous notice of all rulings, obviating the need to call chambers for rulings. Parties are asked to file written motions. Telephonic and other oral motions are generally disfavored. (See Discovery Disputes herein).

**Trial Dates**
Generally, the deadline for filing the joint trial memorandum will be thirty (30) days after the dispositive motions deadline if no dispositive motions are filed, or thirty (30) days after the court's ruling on any dispositive motions filed. Cases will be considered trial ready thirty (30) days after the filing of the joint trial memorandum. The court will issue a scheduling order notifying the parties of the month in which they can expect to appear in court as soon as practicable.

**Settlement**
A settlement conference to be conducted by a Magistrate Judge will be set the month after the trial ready date specified by the parties. Parties may request an earlier settlement conference either in their 26(f) report or by telephone to chambers. Such request must be made jointly by all parties. All discovery necessary to conduct meaningful settlement discussions must be completed before the conference.

**Discovery Disputes**
The court may refer discovery disputes to a Magistrate Judge. The court sets aside Friday afternoon from 2:00 to 4:00 for telephonic hearings on discovery disputes. Parties must certify that they have been unable to resolve their dispute despite reasonable and diligent efforts. Counsel and *pro se* parties may call the law clerk assigned to their case to schedule a hearing. (See Notice to Parties Regarding Discovery Disputes electronically transmitted along with the Scheduling Order issued in response to the 26(f) Report and D. Conn. L. Civ. R. 16).

**Sur-reply Briefs**
These briefs will be considered by the court if timely filed.

**Letter Briefs**
Formal pleadings are preferred and letter briefs are disfavored. Counsel are encouraged to file briefs electronically. The court manages its cases electronically. Rulings on letter briefs may be delayed because letter briefs are not electronically docketed and tracked.

**Chambers Copies**
Chambers copies of briefs longer than twenty (20) pages and of exhibits are appreciated.

**Motions for Extension of Time**
The court generally enters a scheduling order in accordance with the parties' plan. The parties will be expected to adhere to their plan absent a showing of good cause. Motions to modify the scheduling order must be made in writing and must state the unforeseen insurmountable obstacle to adherence to the parties' plan. A reasonable extension will be granted for good cause shown.

**Motions for Reconsideration**
The court will grant any motion for reconsideration to correct a manifest error of law or fact, or to consider newly discovered evidence; but, not as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency of a summary judgment motion.

**Special Proceedings**
*Ex parte* orders are rarely entered. Applications for *ex parte* relief should be accompanied by an affidavit stating what, how and when notice was given to the opposing party. Most applications for *ex parte* relief will require entry of a motion to show cause. Counsel should include, along with the application for extraordinary relief, a proposed order to show cause.

**Dispositive Motions**
The court does not require a pre-filing conference before any dispositive motion is filed, but will hold one if the parties jointly request it. The purpose of the conference is to determine the necessity of filing the motion and whether there is a just, speedy and inexpensive alternative.

**Endorsements**
The court may issue an endorsement if it finds that there are genuine issues of material fact. This should not be perceived as an indication of the court's opinion of the merits of the case or lack thereof.

### Joint Trial Memorandum

A joint trial memorandum order is issued along with the scheduling order after the Rule 26(f) report is filed prescribing the content and the date for filing the Joint Trial Memorandum. Counsel must file *motions in limine* as well as proposed jury charges and any proposed jury interrogatories. The joint trial memorandum must include a list of all witnesses and exhibits. (See Joint Trial Memorandum Instructions.)

### Evidentiary Disputes

The court prefers that evidentiary motions be filed, and where possible, resolved and all exhibits marked before the jury is seated.

### Exhibit Lists/Marking Exhibits

Counsel shall attach, to their Joint Trial Memorandum, a list of all exhibits, including a brief description of their contents, to be offered at trial. The parties shall mark all exhibits numerically with exhibit tags (which will be provided by the clerk's office upon request) starting with Plaintiff's Exhibit "1" and Defendant's Exhibit "500." Counsel shall coordinate exhibit identification to eliminate duplicate exhibits. Copies of the actual exhibits shall be exchanged no later than seven (7) days prior to submission of the Joint Trial Memorandum. Copies of all exhibits as to which there may be objections must be brought to the Final Pretrial Conference. Ten (10) days before trial, counsel shall deliver to chambers two (2) copies of exhibits placed in a three-ring binder with a copy of the exhibit list at the front of the binder and with each exhibit separately tabbed. Counsel shall also deliver on that date to Robert Wood, the courtroom deputy, the original set of exhibits along with an exhibit list pursuant to D. Conn. L. Civ. R. 83(6)(b).

Generally, exhibits that are not included in the submission will be inadmissible unless all parties agree that they may be admitted or they are offered for impeachment or rebuttal.

### Witness List

Counsel shall set forth the name and address of each witness to be called at trial, including a brief summary of the anticipated testimony and the expected duration of the witness's testimony. Counsel shall indicate which witnesses are likely to testify and which witnesses will be called only if the need arises. For each expert witness, also set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. Lastly, state the area of the witness's expertise and attach a copy of the expert's report and a curriculum vitae, if available. Counsel is asked to provide Robert Wood, courtroom deputy, with three (3) copies of the witness list.

Any objection to the admissibility of the testimony of any witness must be stated in the witness section of the Joint Trial Memorandum, along with a brief statement of the grounds and citations to the legal authority supporting the objection as well as a brief statement and citations to supporting legal authority from the proponent of the witness regarding admissibility.

Witnesses not included in this list may not be permitted to testify at trial, except for good cause shown. All listed witnesses will be permitted to testify unless there is an explicit objection stated to the witness's testimony.

### *Motions in Limine* and Objections thereto

Counsel shall list in the Joint Trial Memorandum any evidentiary problems anticipated by any party. They shall attach to the Joint Trial Memorandum motions *in limine* along with memoranda of law concerning any anticipated evidentiary issues. All memoranda in opposition to any motion *in limine* must be filed within seven (7) days after the date on which the Joint Trial Memorandum is filed and in any event no later than three (3) days before the Final Pretrial Conference.

**Hearings on Evidentiary Matters**
Prior to seating the jury, the Court will hear argument on all objections and motions *in limine* that can be decided without an offer of proof from a witness other than a party. The remaining objections and motions will be ruled upon during trial. Evidentiary hearings will be conducted between 9:00 and 9:30 on the morning the evidence is proposed to be offered. Any party who believes that more time is necessary to resolve an evidentiary issue is asked to raise the issue in the final Pretrial Conference. The Court will endeavor to schedule a hearing for such lengthy matters and a mutually convenient time that will not disrupt the flow of the trial.

**Jury Instructions and Interrogatories**
Counsel must file all supplemental proposed jury instructions and interrogatories, if any, on the date of jury selection.

**Trial Schedule**
The trial day begins at 9:30 and ends at 4:00 Monday through Friday. All matters other than the presentation of evidence which must be addressed outside the presence of the jury will be heard between 9:00 and 9:30 and between 4:00 and 4:30. Counsel are asked to appear in court at 8:30 each day of the trial.

**Objections to Questions Asked During Trial**
Where possible, resolution of objections to questions asked at trial which are best resolved outside the presence of the jury will be heard before 9:30 and after 4:00.

**Time Limits**
The Court does not generally limit the time for the presentation of evidence and will reserve the amount of time counsel estimate in their Joint Trial Memorandum. Counsel are asked to be mindful of the fact that the Court has scheduled other matters in reliance on counsels' estimate. Trials that last longer than counsel's estimate may be continued to the next available date so that previously scheduled matters may go forward as scheduled.

**Jury Selection**
The venirepersons will be interviewed and seated in the order in which they have been randomly selected and counsel will be provided with a list of venirepersons in that order. Venirepersons will be referred to by the number of their random selection: the first venireperson selected being referred to as "number 1" and so on. The Court will give the venirepersons a precis of the claims and defenses in the case and a trial schedule. The Court will then ask the attorneys to identify themselves, their client and their colleagues. The Court will then ask the venirepersons to introduce themselves and answer biographical questions designed to identify those who should be excused for cause. The standard *voir dire* questions may be obtained from the courtroom deputy, Robert Wood, at Robert_Wood@ctd.uscourts.gov. If counsel feel that these questions are inadequate, they are welcome to raise the issue at the Pretrial Conference. Ten (10) days prior to the Pretrial Conference counsel may file with the Court proposed *voir dire* questions designed to identify prospective jurors who should be excused for cause or peremptorily. Counsel will be asked at sidebar if they have other *voir dire* questions which they wish the Court to ask. The Court will determine whether additional questions will be asked. The Court will state which venirepersons are excused for cause after consultation with counsel at sidebar. Counsel may then move the Court to excuse additional jurors for cause. The Court decide whether and which additional jurors will be excused for cause. Counsel will exercise peremptory challenges. The venirepersons who were not selected will be excused. The ones who were selected will be given a preliminary charge regarding juror conduct and told to report back and the designated time for trial. (See D. Conn. L. Civ. R. 47.)Jury selection generally occurs on the first Tuesday of the month in which the case is scheduled for trial.

### Note-taking
The members of the jury will be allowed to take notes for their personal use only. Notebooks will be issued at the beginning of each trial day and collected at the end of each trial day.

### Opening Argument and Closing Statements
The Court permits opening and closing statements. These statements should not be longer than ten (10) minutes. The plaintiff may reserve a portion of the time for genuine rebuttal of a specific statement of opposing counsel. Counsel should not charge the jury or presage the Court's jury charge in the statement. Counsel are encouraged to consider the utility and possibly duplicity of these statements in short trials.

### Examination of Witnesses
The Court does not limit the time for examination of witnesses. Counsel should eschew repetitive and irrelevant questions. In cases involving multiple plaintiffs and/or defendants represented by separate counsel, plaintiff and defense counsels may find it advantageous to designate a lead lawyer to examine each witness and confer on the questions to be asked to avoid objectionable repetition.

### Proposed Jury charge, Interrogatories and Verdict Forms
Counsel are asked to submit requests for charge, jury interrogatories and verdict forms as part of the Trial Memorandum Order.

### Demonstrative Exhibits
Enlargements, boards and other demonstrative exhibits will not be marked as full exhibits unless the parties agree that they be so marked.

### Affidavits
Counsel are discouraged from filing affidavits attesting to facts of which counsel have no personal knowledge. Instead, affidavits should be made by parties of witnesses with personal knowledge of the matters contained therein.

### Deadlines
In order to efficiently, fairly administer the docket it is important for parties to adhere to deadlines, especially those that the parties set themselves. The Court may infer from the party's failure to file a 26(f) report or a trial management report that the matter has been settled and the parties have no intention of pursuing the case. Based upon that inference, the Court will dismiss the case after ten (10) days notice. Similarly, if a party does not file an objection or reply to a motion within the period allowed by the rules of procedure, the Court may infer that there is no objection to the motion or request and may grant the motion or request after ten (10) days notice. If notice is given of an impending order, the tardy party must show good cause why the late filing should be considered.

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **141 CHURCH STREET** | **450 MAIN STREET** | **915 LAFAYETTE BLVD** |
| **NEW HAVEN, CT 06510** | **HARTFORD, CT 06103** | **BRIDGEPORT, CT 06604** |
| **(203) 773-2140** | **(860) 240-3200** | **(203) 579-5861** |

<u>NOTICE TO COUNSEL AND *PRO SE* PARTIES</u>

      The attached case has been assigned to District Judge Vanessa L. Bryant, who sits in Hartford. Counsel and *pro se* parties should file all future pleadings or documents in this matter, which are not filed electronically, with the clerk's office in Hartford. Any attempt to file pleadings or other documents related to this matter in any of the other seats of court will be refused at the court or returned to you. See D. Conn. L. Civ. R. 3(a).

      Counsel and *pro se* parties are required to become familiar with and abide by the Federal Rules of Civil Procedure (Fed. R. Civ. P.), the Local Rules of Civil Procedure for the District of Connecticut (D. Conn. L. Civ. R.) and standing orders.

      Counsel and *pro se* parties are hereby notified that failure to file and serve a memorandum in opposition to a motion, within twenty-one (21) days after the motion is filed, may be deemed consent to and sufficient cause to grant the motion. Failure to file and serve a memorandum in opposition to a motion to dismiss within twenty-one (21) days after the motion is filed may be deemed consent to and sufficient cause to grant the motion, except where the pleadings provide clear and sufficient grounds to deny the motion. See D. Conn. L. Civ. R. 7(a)1.

      Counsel and *pro se* parties are further notified that they are required to comply with requirements relating to motions for summary judgment as set forth in Fed. R. Civ. P. 56 and D. Conn. L. Civ. R. 56. A party may move for summary judgment after discovery is substantially complete and such party reasonably believes there is no genuine issue of material fact requiring trial and the party is entitled to judgment as a matter of law. The motion may be directed toward all or part of a claim or defense and it may be made on the basis of the pleadings or other portions of the record in the case or it may be supported by affidavits and other documentary evidence outside the pleadings. When a party seeking summary judgment (the "moving party") files a supporting affidavit, the party opposing summary judgment must file an affidavit, or other documentary evidence, contradicting the moving party's submissions to demonstrate that there are genuine issues of material fact requiring a trial. Facts asserted in the affidavit(s) of the moving party will be taken as true if not controverted by counter-affidavit(s) or other documentary evidence.

      Local Civil Rule 56(a) requires the party seeking summary judgment to file a document entitled " local rule 56(a)1 statement," which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. The material facts set forth in this statement shall be deemed admitted unless controverted by the "local rule 56(a)2 statement." The paragraphs in the 56(a)2 statement shall correspond to the paragraphs in the 56(a)1 statement and shall state whether the facts asserted by the moving party are admitted or denied. The local rule 56(a)2 statement must also include in a separate section a list of each issue of material fact as to which it is contended there is a genuine issue of material fact to be tried.

      Counsel and *pro se* parties are alerted to the requirements of Fed. R. Civ. P. 26(f) and D. Conn. L. Civ. R. 26, which require that the parties conduct a case management planning conference and prepare and file a report of the conference on form 26(f) which appears in the appendix to the local civil rules.

Counsel and *pro se* parties are further advised that they may request a referral of their case to a United States Magistrate Judge for disposition. See 28 U.S.C. § 636 and rule 77.2 of the local rules for United States magistrate judges.

ROBERTA D. TABORA,
CLERK OF COURT

*Rev. 10/01/07 VLB*

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

ELECTRONIC FILING ORDER

All documents in this case will be filed electronically.

Counsel are reminded that they must comply with the requirements set forth in the District Court's

CM/ECF Policies and Procedures Manual.

Unless otherwise ordered, on the business day next following the day on which a document is filed

electronically, counsel must provide Chambers with one paper copy of all pleadings (including briefs and

exhibits) supporting or opposing the following:

    a.    Applications for temporary restraining orders, preliminary injunctions or prejudgment remedies;

    b.    Motions to dismiss or for summary judgment;

    c.    Trial briefs, including proposed findings of fact and conclusions of law; and

    d.    Any other document that exceeds 15 pages.

Pleadings must be typewritten using Arial bold 12 point font, double spaced and comply with all applicable provisions of D. Conn. L. Civ. R. 10(a).

SO ORDERED.

/S/
Vanessa L. Bryant
United States District Judge

*(Rev. 5/21/07 VLB)*

**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

NOTICE REGARDING ELECTRONIC FILING

All civil cases assigned to Judge Bryant will be designated as electronically filed cases, and thus be subject to the attached Electronic Filing Order, excluding cases involving *pro se* parties (including *pro se* prisoner cases and social security disability appeals). Any attorney may file a motion for Exemption From Electronic Filing within fourteen (14) days after the attorney enters an appearance in the case, which shall be decided by the Judge.

In order to be able to file documents electronically, an attorney must first register with the clerk's office and obtain an electronic filing login and password. Registration forms are available on the Court's website, along with a tutorial on electronic filing (www.ctd.uscourts.gov/cmecf/). Training in electronic filing is also available to attorneys through the clerk's office.

FOR THE COURT

ROBERTA D. TABORA,

CLERK OF COURT

*(Rev. 10/1/07 VLB)*

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

ORDER ON PRETRIAL DEADLINES

Unless otherwise ordered by the Judge to whom this is case is assigned, the parties shall adhere to the following deadlines:

(a) In accordance with the United States District Court for the District of Connecticut Local Rules of Civil Procedure (D. Conn. L. Civ. R. 26(f)), within thirty (30) days of the appearance of a defendant, the parties shall confer for the purposes described in the Federal Rules of Civil Procedure (Fed. R. Civ. P. 26(f)). Within ten (10) days thereafter, the parties shall jointly file a report on Form 26(f), which appears in the Appendix to D. Conn. L. Civ. R.

(b) All motions relating to joinder of parties, claims or remedies, class certification, and amendment of the pleadings shall be filed within sixty (60) days after filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District or court.

(c) All motions to dismiss based on the pleadings shall be filed within ninety (90) days after the date the complaint was filed, a petition for removal is filed, or the transfer of an action from another District or court. The filing of a motion to dismiss shall not result in the stay of discovery or extend the time for completing discovery.

(d) Formal discovery pursuant to the Federal Rules of Civil Procedure may not commence until the parties have conferred as required by Fed. R. Civ. P. 26(f) and Local Civil Rule 26(f) but parties may commence formal discovery immediately thereafter prior to the entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). Informal discovery by agreement of the parties is encouraged and may commence at any time. Unless otherwise ordered, discovery shall be completed within six (6) months after the filing of the complaint, the filing of a petition for removal, or the date of transfer of an action from another District or court, whichever is earliest.

(e) In accordance with Fed. R. Civ. P. 16(b), parties may file motions for modification of the dates set forth in the scheduling order issued pursuant to the parties' 26(f) report. Such motions to modify

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

ORDER ON PRETRIAL DEADLINES

Unless otherwise ordered by the Judge to whom this is case is assigned, the parties shall adhere to the following deadlines:

(a) In accordance with the United States District Court for the District of Connecticut Local Rules of Civil Procedure (D. Conn. L. Civ. R. 26(f)), within thirty (30) days of the appearance of a defendant, the parties shall confer for the purposes described in the Federal Rules of Civil Procedure (Fed. R. Civ. P. 26(f)). Within ten (10) days thereafter, the parties shall jointly file a report on Form 26(f), which appears in the Appendix to D. Conn. L. Civ. R.

(b) All motions relating to joinder of parties, claims or remedies, class certification, and amendment of the pleadings shall be filed within sixty (60) days after filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District or court.

(c) All motions to dismiss based on the pleadings shall be filed within ninety (90) days after the date the complaint was filed, a petition for removal is filed, or the transfer of an action from another District or court. The filing of a motion to dismiss shall not result in the stay of discovery or extend the time for completing discovery.

(d) Formal discovery pursuant to the Federal Rules of Civil Procedure may not commence until the parties have conferred as required by Fed. R. Civ. P. 26(f) and Local Civil Rule 26(f) but parties may commence formal discovery immediately thereafter prior to the entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). Informal discovery by agreement of the parties is encouraged and may commence at any time. Unless otherwise ordered, discovery shall be completed within six (6) months after the filing of the complaint, the filing of a petition for removal, or the date of transfer of an action from another District or court, whichever is earliest.

(e) In accordance with Fed. R. Civ. P. 16(b), parties may file motions for modification of the dates set forth in the scheduling order issued pursuant to the parties' 26(f) report. Such motions to modify

must be made by written motion filed not later than five (5) days prior to the earliest date sought to be modified. A courtesy hard copy must be filed with chambers. Motions to modify will not be granted absent good cause shown in the motion. This standard requires a particularized showing that the scheduling order could not be complied with despite due diligence of the party seeking the modification. See D. Conn. L. Civ. R. 16(b).

Unless specifically ordered by the Court, an extension of time to comply with any one of the time limits in this Order does not automatically extend the time to comply with subsequent time limits by the same number of days.

Counsel for plaintiff or removing defendant shall be responsible for serving a copy of this order on all parties to the action.

By Order of the Court

ROBERTA D. TABORA,

CLERK OF COURT

*(Rev. 10/1/07 VLB)*

This Order is issued pursuant to the Standing Order on Scheduling In Civil Cases, which appears in the Appendix to the Local Civil Rules.

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

## NOTICE TO COUNSEL FOR CASES REMOVED FROM SUPERIOR COURT

## STANDING ORDER

All parties removing actions to this Court pursuant to 28 U.S.C. § 1441 shall, no later than five (5) days after filing a notice of removal, file and serve a signed statement that sets forth the following information:

1. The date on which each defendant first received a copy of the summons and complaint in the state court action.

2. The date on which each defendant was served with a copy of the summons and complaint, if any of those dates are different from the dates set forth in item 1.

3. In diversity cases, whether any defendant who has been served is a citizen of Connecticut. Also, if any party is a partnership, limited liability partnership or limited liability company or corporation, the citizenship of each partner, general partner, limited partner and member, and if any such partner, general partner, limited partner or member is itself a partnership, limited liability partnership or limited liability company or corporation, the citizenship of each member.

4. If removal takes place more than thirty (30) days after any defendant first received a copy of the summons and complaint, the reasons why removal has taken place at this time.

5. The name of any defendant served prior to the filing of the notice of removal who has not formally joined in the notice of removal and the reasons why any such defendant did not join in the notice of removal.

At the time a removal notice is filed with the Clerk of this Court, the removing party shall also file with the Clerk a separate notice, entitled "Notice of Pending Motions," specifying any pending motions that require action by a Judge of this Court and attaching a true and complete copy of each such motion and all supporting and opposition papers.

The removing party shall list in its certificate of service immediately below the name and address of counsel the name of the party or parties represented by said counsel and all parties appearing *pro se*.

## NOTICE TO COUNSEL RE LOCAL RULE 5(a)

To ensure that our records are complete and to ensure that you receive notice of hearings and any court rulings, PLEASE FILE AN APPEARANCE with this office in accordance with Local Rule 5(a) of the Local Rules of Civil Procedure for the District of Connecticut.

Counsel for the removing defendant(s) is responsible for immediately serving a copy of this notice on all counsel of record and all unrepresented parties at their last known address.

ROBERTA D. TABORA,

CLERK OF COURT

*(Rev. 10/1/07 VLB)*

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

<u>INSTRUCTION RE: DISCLOSURE STATEMENT</u>

Any nongovernmental entity which is party to an action in the court shall file an affidavit identifying any entity or person owning or controlling directly or indirectly, or having a beneficial interest of, at least 10% of such party.

A party shall file the affidavit with its initial pleading filed in the court. The party shall file an amended affidavit within a reasonable time of any change in the party's affiliation so that the statement remains current. Counsel shall append a certificate of service to the statement in compliance with Local Rule 5(b).

Counsel for plaintiff or removing defendant shall be responsible for serving a copy of this order upon all parties to the action.

                                                    Vanessa L. Bryant
                                                    United States District Judge

*(Rev. 7/18/07 VLB)*

**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

<u>NOTICE TO PARTIES REGARDING DISCOVERY DISPUTES</u>

The standard scheduling order that Judge Bryant enters in cases before her provides as follows: "All discovery issues should be resolved in good faith by counsel in accordance with their obligations to the Court under the Federal Rules of Civil Procedure and the District's Local Rules. Before filing any motion relating to discovery, the parties are required to jointly confer with the Court by telephone, 860-240-3123."

Parties seeking to confer with Judge Bryant telephonically regarding discovery disputes must comply with the following requirements:

1. Counsel for parties to discovery disputes must jointly contact Judge Bryant's chambers to set up a date and time for the telephonic conference. Except in extraordinary circumstances, Chambers staff will not entertain a request to schedule a telephonic conference unless counsel for all parties to the discovery dispute are on the telephone when the request is made to Chambers so that a date and time for the conference can be selected at that time. Counsel must specify the legal and factual basis of the dispute.

2. Before contacting Chambers to schedule a telephonic discovery conference, counsel for parties to any discovery dispute are required by Rule 37(a)(2) of the Federal Rules of Civil Procedure and Local Rule 37(a)(2) to have conferred with one another and to have made a good faith effort to eliminate or reduce the area of controversy. A good faith effort requires the objecting party to state the legal basis and authority for any objection. All discovery issues should be resolved in good faith by counsel in accordance with their obligations to the Court under the Federal Rules of Civil Procedure and the District's Local Rules. Judge Bryant interprets the good faith conference obligation of the Federal Rules and Local Rules to require counsel to confer either face-to-face or by telephone; exchanges of correspondence are not sufficient in and of themselves to satisfy counsel's good faith conference obligations. At the outset of the telephonic discovery conference, Judge Bryant will require counsel for each party to the discovery dispute to certify orally that they have complied with their good faith conference obligations under the Federal Rules and Local Rules.

3. Before seeking a telephonic conference, counsel for all parties to a discovery dispute must also agree upon the issues that they intend to raise with Judge

Bryant and inform Chambers of those issues at the time the telephonic conference is scheduled. If the parties cannot in good faith agree upon the issues to be raised with Judge Bryant, they shall so notify Chambers when they request a telephonic discovery conference.

4. If the dispute involves a written interrogatory, request for production, request for admission, deposition notice and/or subpoena (the "discovery request"), counsel for the party who served the discovery request at issue will, immediately following the telephone call requesting the conference, provide Chambers via facsimile with a copy of the particular discovery request at issue and the opposing party's written response to that particular request. Judge Bryant does not need the entire discovery request and response but requires only the particular portions of the discovery request and response at issue. Before faxing a copy of the disputed request(s) and response(s) to Judge Bryant, counsel for the party seeking to fax the disputed request must inform Chambers of counsel's intent to fax Judge Bryant a copy of the disputed request.

5. Other than the request at issue, and a concise statement of the applicable legal argument and legal authority, Judge Bryant does not require, and does not want, counsel for the parties to provide her with any briefs, documents, deposition transcripts, correspondence or written argument regarding the discovery issue in dispute. If Judge Bryant requires briefs or other papers, she will establish a briefing schedule during the telephonic discovery conference.

6. Counsel should agree in advance on which party will be responsible for instituting the telephonic discovery conference. Counsel should not contact Judge Bryant's Chambers until counsel for all parties to the discovery dispute are on the telephone. Failure to participate in a scheduled telephonic discovery conference may result in the imposition of sanctions.

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

<u>ORDER ON PRETRIAL DEADLINES
SOCIAL SECURITY APPEALS ONLY</u>

<u>Civil Action Number                              </u>  (VLB)

Unless otherwise ordered by the Court, the parties shall adhere to the following deadlines:

(a) Defendant shall file an answer no later than 60 (sixty) days following service of the Complaint.

(b) All dispositive motions (Remand to Commissioner, Reverse Decision of Commissioner, Summary Judgment and Dismissal) shall be filed within four (4) months after the filing of the complaint.

(c) After seven (7) months from the filing of the complaint, if there is no action by either party, a Local Rule 41(a) notice will issue.

(d) Any Motion for Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, shall be filed no later than 60 (sixty) days from the entry of final judgment.

In any pleading or legal memorandum filed, a copy of any opinion or decision cited which is not in the U.S. Reports, Federal Reporter, Federal Supplement or Connecticut state Reporters, and any statute, ordinance or regulation cited other than the U.S. Code or Connecticut General Statutes, shall be provided to the court.

A copy of this Order shall be served by the plaintiff on defendants in the Social Security Appeal.

SO ORDERED.

/S/
Vanessa L. Bryant
United States District Judge

*(Rev. 10/1/07 VLB)*

1

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

## JOINT TRIAL MEMORANDUM ORDER
## FOR THE HONORABLE VANESSA L. BRYANT

The parties shall confer and shall jointly prepare and submit for the Court's approval a Joint Trial Memorandum in compliance with Local Civil Rules of the United States District Court for the District of Connecticut (D. Conn. L. Civ. R.10) and the District's Standing Order Regarding Trial Memoranda in Civil Cases as modified in these instructions. In addition to electronically filing an original of the Joint Trial Memorandum with the Clerk of the Court, counsel shall also provide Chambers with a courtesy copy of the Joint Trial Memorandum and all attachments. If the memorandum is not electronically filed, a copy of the memorandum on a 3 ½ inch computer diskette should also be sent to chambers. The Joint Trial Memorandum is intended to be a jointly prepared document. Therefore, these Instructions are not satisfied by stapling together trial memoranda prepared separately by counsel for each party. Individual memoranda may not be filed.

The Joint Trial Memorandum shall contain the following information:

(1) TRIAL COUNSEL: Counsel shall list the names, addresses, telephone numbers, fax numbers and e-mail addresses of the attorney(s) who will try the case. Trial counsel must attend the Final Pretrial Conference, unless excused in advance by the Court for good cause.

(2) JURISDICTION: Counsel shall set forth the basis for federal jurisdiction.

(3) JURY/NON-JURY: Counsel shall state whether the case is to be tried to a jury or to the court.

(4) LENGTH OF TRIAL: Counsel shall set forth a realistic estimate of trial days required to present evidence based on the expected length of testimony for each witness on both direct and cross-examination.

(5) FURTHER PROCEEDINGS: Counsel shall specify, with reasons, any further proceedings required prior to trial (e.g., Daubert hearing).

(6) NATURE OF CASE: Counsel shall separately state the nature of each cause of action and the relief sought. If appropriate, state the nature of any cross-claims, counterclaims and/or affirmative defenses and the relief sought.

(7) TRIAL BY MAGISTRATE JUDGE: Counsel shall indicate whether they have agreed to a trial by a Magistrate Judge and if so, file signed consent forms providing for any appeal to be heard directly by the Court of Appeals.

(8) EVIDENCE: Prior to preparing and submitting the Joint Trial Memorandum, counsel are required to exchange lists of proposed witnesses, exhibits and deposition transcripts to enable counsel for each party to state in the Joint Trial Memorandum whether they object to any proposed witness, exhibit or transcript.

(a) Witnesses: Counsel shall set forth the names and addresses of each witness to be called at trial, including a brief summary of the anticipated testimony and the expected duration of the witness's testimony. Counsel shall indicate which witnesses are likely to testify and which witnesses will be called only if the need arises. For each expert witness, set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. Also state the area of the witness's expertise and attach a copy of the expert's report and a curriculum vitae.

Any objection to the admissibility of the testimony of any witness must be stated in this section of the Joint Trial Memorandum, along with a brief statement of the grounds and authority supporting the objection as well as a brief statement from the proponent of the witness regarding admissibility.

NOTE: Witnesses not included in this list shall not be permitted to testify at trial, except for good cause shown. All listed witnesses will be permitted to testify unless there is an explicit objection stated to the witness's testimony.

(b) Exhibits: Counsel shall attach a list of all exhibits to be offered at trial, including a brief description of their contents. The parties shall mark all exhibits numerically, with exhibit tags (which will be provided by the clerk's office upon request) starting with Plaintiff's Exhibit "1" and Defendant's Exhibit "500." Where there are multiple plaintiffs or defendants, counsel shall coordinate exhibit identification to ensure that exhibits and numbers are not duplicated. Copies of the actual exhibits shall be exchanged no later than seven (7) days prior to submission of the Joint Trial Memorandum. Copies of all exhibits as to which there may be objections must be brought to the Final Pretrial Conference. Ten (10) days before trial, counsel shall deliver to Judge Bryant two (2) sets of all exhibits placed in a three-ring binder with a copy of the exhibit list and summary at the front of the binder and with each exhibit separately tabbed, and shall deliver to the Courtroom Deputy the original set of exhibits along with an exhibit list and summary pursuant to Local Civil Rule 83(6)(b).

Any objection to the admissibility of any exhibit must be stated in a separate subsection of this section of the Joint Trial Memorandum, along with a brief statement of the grounds and authority supporting the objection as well as a brief statement from the proponent of the exhibit regarding admissibility.

NOTE: Exhibits not listed will not be admitted at trial, except for good cause shown. All listed exhibits shall be deemed admissible unless there is an explicit objection stated to the exhibit.

(c) Deposition Testimony: Counsel shall list each witness who is expected to testify by deposition at trial. Such list will include a designation by page references of the deposition transcript that each party proposes to read into evidence. Cross-designations shall be listed as provided by Fed. R. Civ. P. 32(a)(4). The list shall include all objections to deposition designations. A marked-up version of the deposition transcript should also be submitted along with the Joint Trial Memorandum (blue for plaintiff; red for defendant).

NOTE: Objections not stated in the Joint Trial Memorandum will constitute waiver, except for good cause shown.

(9) STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW: Counsel for both parties shall confer in an effort to enter into a written stipulation of uncontroverted facts and into an agreed statement of the contested issues of fact and law.

(a) Bench Trial: Each party shall submit specific proposed findings of fact necessary to support a judgment in that party's favor, identifying each witness and/or exhibit as to each factual conclusion. Each party shall also submit proposed conclusions of law, citing the legal authority that supports each claim or defense.

Except under unusual circumstances, post-trial briefing will not be permitted. Any pre-trial memoranda that any party wishes the Court to consider must be filed no later than ten (10) days prior to the date trial commences.

(b) Jury Trial: The stipulation of uncontroverted facts will be read to the jury, and no evidence shall be presented on the uncontested facts.

(1) Proposed Voir Dire Questions: Counsel shall attach a list of questions to be submitted

to the jury panel as part of the Joint Trial Memoranda, with any supplements no later than 24 hours before jury selection.

(2) Proposed Jury Instructions: The parties shall meet and confer for the purposes of preparing and filing jury instructions. Counsel shall attach (and also include on the diskette (if applicable) requests for jury instructions, citing relevant legal authority for each proposed instruction. Counsel are not required to submit general jury instructions which, for example, instruct the jury on its role, evidence in general, witness credibility, etc. If any party objects to another party's proposed instruction, counsel must briefly state the nature of the objection and the legal authority supporting the objection. Counsel shall certify that they have made a good faith effort to resolve their differences.

(3) Proposed Joint Verdict Form: Counsel shall meet and confer for the purposes of preparing and filing a proposed verdict form and/or special interrogatories. Counsel shall attach (and also include on the diskette (if applicable) proposed verdict forms and any proposed special interrogatories. If the parties are unable to agree as to the appropriateness of a proposed form, counsel for the objecting party must state the basis for the objection and provide an alternative proposal (on a diskette) ten (10) days prior to the date trial commences.

(4) Brief Description of Case and Parties: Counsel shall meet and confer and agree upon a brief description of the case, the issues and the parties that the Court can read to proposed jurors at the outset of jury selection.

(10) ANTICIPATED EVIDENTIARY PROBLEMS: Counsel shall list any evidentiary problems anticipated by any party and shall attach to the Joint Trial Memorandum motions in limine along with memoranda of law concerning any anticipated evidentiary problems. All memoranda in opposition to any motion in limine must be filed within ten (10) days of the date on which the Joint Trial Memorandum is filed and in any event no later than three (3) days before the Final Pretrial Conference.

SO ORDERED.

/S/
Vanessa L. Bryant
United States District Judge

*(Rev. 10/1/07 VLB)*