UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCOTT SIDELL : | |
| : | |
| Plaintiff, : | No. 3:08-cv-710 (VLB) |
| : | |
| v. : | |
| : | |
| STRUCTURED SETTLEMENT INVESTMENTS, : | |
| LP, PLAINTIFF FUNDING HOLDING, INC. : | |
| (D/B/A "LAWCASH"), DENNIS SHIELDS, : | |
| HARVEY HIRSCHFELD, RICHARD PALMA, : | |
| and SCOTT YUCHT : | |
| : | |
| Defendants. : | July 15, 2008 |

**MOTION TO DISQUALIFY COUNSEL**

The plaintiff, Scott Sidell ("Sidell"), hereby moves to disqualify Attorney John Crossman and his firm, Zuckerman, Gore & Brandeis, LLP ("ZGB") as counsel for Defendants on the grounds that: (1) they are necessary witnesses to this action; (2) their future participation as counsel has been irreparably tainted because of their improper access to and/or use of Sidell's personal e-mails, including attorney-client e-mails, which forms the basis of this litigation; and (3) the interests of justice require their disqualification. As more fully set forth in the accompanying memorandum of law, counsel should be disqualified.

This case concerns the unauthorized access of Sidell's personal Yahoo account by his former employers and others, including post-termination privileged communications between Sidell and his lawyers in late August 2007. At some point, those e-mail communications were provided to Attorney Crossman and ZGB. Despite the fact that these e-mails contained privileged communications, Attorney Crossman and ZGB failed

to promptly return the e-mails or even notify Sidell's counsel that they possessed the e-mails. Instead they waited until January 18, 2008, after entry of a Protective Order in an arbitration concerning Sidell's employment and termination, to disclose the e-mails. Further, it appears that Attorney Crossman and ZGB used Sidell's personal e-mails in framing the counterclaims that they filed in the arbitration, compromising Sidell's ability to prevail in the arbitration. Any compromised recovery in the arbitration flowing from the unauthorized e-mail access is a potential basis for damages in this action.

Only Attorney Crossman, Attorney Welzer and ZGB can provide testimony concerning how and when they received the e-mails and/or information contained therein. The likely testimony of Attorney Crossman, Attorney Welzer and others at ZGB would include: 1) whether they acquired the e-mails electronically or as printouts; 2) whether they knew their clients were accessing Sidell's e-mails at the time or learned about it later; 3) whether they assisted, directed or otherwise procured the Defendants' access to or searching of Sidell's e-mails; and 4) what they did with the e-mails and/or information contained therein when received. Thus, Attorney Crossman and others at ZGB are necessary witnesses because their testimony is relevant, material and is unobtainable elsewhere. Further, depending on the results of the above inquiries, Attorney Crossman and ZGB may be potential defendants in this action.

Attorney Crossman and ZGB should also be disqualified because of their prior conduct. In violation of both New York and Connecticut rules of professional conduct, Counsel failed to promptly return the e-mails or, at a minimum, notify Sidell that they possessed confidential attorney-client communications. To the contrary, counsel then

used information in these e-mails to the advantage of their client and to Sidell's detriment in the ongoing arbitration. This prior conduct alone warrants disqualification.

The interests of justice require disqualification. Sidell should not have to face opposing counsel when defense counsel is armed with Sidell's privileged attorney-client communications. This is particularly true where this information was not the result of an inadvertent disclosure, but a deliberate intrusion into Sidell's personal e-mails. Accordingly, Attorney Crossman and ZGB should be disqualified from any further participation in this case.

WHEREFORE, for these reasons, and those addressed more fully in the accompanying Memorandum of Law, Plaintiff respectfully requests that the Court disqualify Attorney Crossman and ZGB from any further participation as counsel in this action.

THE PLAINTIFF

By: _____
David A. Slossberg [ct13116]
Russell A. Green [ct12976]
HURWITZ, SAGARIN, SLOSSBERG
& KNUFF, LLC
147 North Broad Street
Milford, CT 06460-0112
Telephone: 203-877-8000
Facsimile: 203-878-9800
Juris No. 26616

## CERTIFICATE OF SERVICE

This is to certify that on July 15, 2008 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

Russell A. Green