UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCOTT SIDELL, | : CIVIL ACTION NO. 3:08CV710 (VLB) |
| Plaintiff, | : |
| v. | : |
| STRUCTURED SETTLEMENT INVESTMENTS, LP, PLAINTIFF FUNDING HOLDING, INC. (D/B/A "LAWCASH"), DENNIS SHIELDS, HARVEY HIRSCHFELD, RICHARD PALMA, AND SCOTT YUCHT, | : |
| Defendants. | : JULY 23, 2008 |

**Motion To Compel Participation in Rule 26(f) Conference**

Counsel for defendants respectfully moves this Court for an order pursuant to FRCP 37(g) and 26(f) compelling counsel for Mr. Sidell to participate in framing a discovery plan as required by Rule 26(f). In support of this Motion, the Defendants represent as follows:

  1.  The same motion is being made simultaneously in two related cases which are presently before two different judges in this district, because counsel for Mr. Sidell has refused to participate in framing a discovery plan for either case. We note that Case number 2 is the subject of a pending motion to transfer to the court in this case, which we refer to as Case number 1:

> Case Number 1: *Scott Sidell v. Structured Settlement Investments, LP, Plaintiff Funding Holding, Inc. (d/b/a "LawCash"), Dennis Shields, Harvey Hirschfeld, Richard Palma, and Scott Yucht*, Civil Action No. 3:08-cv-710 (VLB)
>
> Case Number 2: *Scott Sidell v. Structured Settlement Investments, LP and Plaintiff Funding Holding, Inc. (d/b/a "LawCash")*, Civil Action No. 3:08-cv-717 (JBA).

2. Since his termination for cause in August 2007, Sidell has hired and fired a succession of lawyers, but the fact that Sidell is presently represented by his third attorney does not entitle him to ignore the history of this dispute, including an arbitration covering the same conduct, an arbitration that Sidell himself commenced and which is ongoing. Accordingly, in this lawsuit, Defendants will shortly be filing a motion to compel arbitration or, alternatively, to dismiss or stay.

3. Additionally, Sidell filed this action in violation of a protective order made by the arbitrator in that arbitration – an order which was known to Sidell's newest attorney before the instant case was filed. As a result, a motion for sanctions is pending in the arbitration against Sidell and his counsel.

### Grounds for Motion

4. After counsel for Sidell twice rescheduled the date and time for the Rule 26 conference in each of Cases number 1 and 2, the conference was at last firmly set for 18, 2008 at 10:30 am. At that time, John Crossman and Frank Welzer of Zukerman Gore & Brandeis, LLP ("ZGB"), counsel for all defendants, called Sidell's counsel, Russell Green, who took the call with David Slossberg, who had not previously participated with defense counsel in the case. Mr. Crossman announced that we were here to have a Rule 26 conference in two cases. Mr. Slossberg then announced that he was refusing to participate in the Rule 26 conference at all.

5. For his sole reason for refusing to participate, Mr. Slossberg said that his firm had filed a motion to disqualify ZGB, and that therefore, as far as he was concerned, it was "improper" for ZGB to participate in this litigation while Mr. Slossberg's motion

2

to disqualify was pending. Mr. Slossberg attempted to assert that ZGB should defer to its local counsel, Robinson & Cole, while the motion to disqualify is pending.

6. In response, Mr. Crossman pointed out that: (1) the motion to disqualify was frivolous and bound to fail, but he expressed that he did not believe this was the time to address the merits of it; (2) that he, Mr. Crossman, is a duly admitted member in good standing of the bar of the United States District Court for the District of Connecticut; (3) that the mere filing of a motion by Mr. Slossberg's firm could not deprive the defendants of their right to have their chosen attorney handle this litigation; and (4) that unless and until a court issued an order disqualifying ZGB, the ZGB firm was entitled to represent its clients, including at the Rule 26 conference.

7. Despite Mr. Crossman having made these points, Mr. Slossberg stated flatly that he was refusing to participate in the Rule 26 conference. Mr. Crossman then said that in that case, we would make a motion to this Court to compel Mr. Slossberg to participate. The instant motion follows.

8. It is well-settled that disqualification cannot be ordered unless an actual ethical violation (and here there was none) threatens to taint the trial. *Vincent v. Essent Healthcare of Connecticut*, 465 F.Supp. 2d 142, 145 (D. Conn. 2006)("Recognizing the serious impact of attorney disqualification on the client's right to select counsel of his choice, we have indicated that such relief should ordinarily be granted only when a violation of the Canons of the Code of Professional Responsibility poses a significant risk of trial taint.")(citations omitted). Furthermore, it is hornbook law that a party's choice of counsel will not lightly be disturbed. *Enzo Biochem, Inc. v. Applera Corp.*, 468 F.Supp. 2d 359, 364 (D. Conn. 2007). And finally, courts in the Second Circuit have frequently

observed that motions to disqualify are increasingly filed for tactical reasons. *Rodriguez v City of New Haven*, 214 F.R.D. 66, 68 (D. Conn. 2003)("The Second Circuit, however, disfavors motions to disqualify because of the potentially adverse effect on a client's right to engage counsel of his or her choosing, and because such motions are often made for tactical reasons."); *Board of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)("This reluctance [to disqualify] probably derives from the fact that disqualification has an immediate adverse effect on the client by separating him from counsel of his choice, and that disqualification motions are often interposed for tactical reasons.").

9. In the action currently pending before Judge Arterton (Case no. 2), there is not even the excuse of the pending disqualification motion, because Sidell has not to our knowledge filed a disqualification motion in that case.

10. No matter what the outcome of Sidell's motion to disqualify, it is undeniable that the conduct of the Rule 26 conference cannot conceivably "taint" any trial. Moreover, if counsel desired expedited relief, they should have so-moved, instead of taking matters into their own hands and unilaterally refusing to deal with counsel for defendants. Accordingly, we respectfully submit that the mere filing of a disqualification motion – to which our very substantial opposition has not yet even been filed – was an insufficient reason for counsel to refuse to participate in the conference. Rather, based upon comments made by counsel before the Arbitrator, it appears as though counsel's refusal, like its motion for sanctions, may have been made "for tactical reasons." (John Crossman Declaration, ¶ 8) (explaining that Sidell's counsel advised the Arbitrator that because SSI was moving for sanctions against Sidell and his attorneys for violating the protective order, that Sidell would therefore move for sanctions as well).

4

11. This Court ought not countenance such tactics. Sidell's counsel should be ordered to participate in the Rule 26 conference, which should take place after determination of the pending motion to disqualify, which itself should not be decided until the pending motion to compel arbitration of this dispute is resolved. If the court is inclined to dismiss the case and compel arbitration, it need never address this motion at all.

12. A Declaration of John Crossman in support of this Motion is submitted this same day.

WHEREFORE, Defendants request that Sidell's counsel should be ordered to participate in the Rule 26 conference, which should take place after determination of the pending motion to disqualify, which itself should not be decided until the pending motion to compel arbitration of this dispute is resolved.

Respectfully submitted,

DEFENDANTS

By: /s/ John K. Crossman
John K. Crossman (ct25518)
ZUKERMAN GORE & BRANDEIS, LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 223-6700
Email: jcrossman@zgbllp.com

ROBINSON & COLE LLP
John F.X. Peloso, Jr. (ct02447)
Alexander D. Pencu (ct26759)
695 East Main Street
P.O. Box 10305
Stamford, Connecticut 06904-2305
Telephone: (203) 462-7500
Facsimile: (203) 462-7599
Email: jpeloso@rc.com
Email: apencu@rc.com

## CERTIFICATE OF SERVICE

I hereby certify that, on July 23, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access the foregoing through the Court's system.

/s/ John K. Crossman
John K. Crossman (ct25518)