UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCOTT SIDELL, | : | CIVIL ACTION NO. 3:08CV710 (VLB) |
| Plaintiff, | : | |
| v. | : | |
| STRUCTURED SETTLEMENT INVESTMENTS, LP, PLAINTIFF FUNDING HOLDING, INC. (D/B/A "LAWCASH"), DENNIS SHIELDS, HARVEY HIRSCHFELD, RICHARD PALMA, AND SCOTT YUCHT, | : | |
| Defendants. | : | JULY 23, 2008 |

### Declaration of John K. Crossman In Support Of Motion To Compel Participation in Rule 26(f) Conference

I, John K. Crossman, declare and state under 28 U.S.C. § 1746 as follows:

1. I am a member of the law firm Zukerman, Gore & Brandeis, LLP ("ZGB"), counsel of record for Defendants in the above-captioned action. I submit this declaration in support of Defendants' Motion for an order pursuant to FRCP 37(g) and 26(f) compelling counsel for Mr. Sidell to participate in framing a discovery plan as required by Rule 26(f).

2. Counsel for Sidell twice rescheduled the date and time for the Rule 26 conference this case and in the Rule 26 conference in a related case pending in this same district, *Scott Sidell v. Structured Settlement Investments, LP and Plaintiff Funding Holding, Inc. (d/b/a "LawCash")*, Civil Action No. 3:08-cv-717 (JBA), but currently before a different Judge.

3. Attached hereto as Exhibit A is a copy of an email sent by my partner, Frank Welzer, to Sidell's counsel, Russell Green, confirming attorney Green's failure to participate in two scheduled Rule 26 conferences.

4. The conference was at last firmly set for July 18, 2008 at 10:30 am. At that time, I called Russell Green, who took the call with David Slossberg. Mr. Slossberg announced that he was refusing to participate in the Rule 26 conference at all.

5. For his sole reason for refusing to participate, Mr. Slossberg said that his firm had filed a motion to disqualify ZGB, and that therefore, as far as he was concerned, it was "improper" for ZGB to participate in this litigation while Mr. Slossberg's motion to disqualify was pending. Mr. Slossberg attempted to assert that ZGB should defer to its local counsel, Robinson & Cole, while the motion to disqualify is pending.

6. In response, I pointed out that (1) the motion to disqualify was frivolous and bound to fail, but I expressed that I did not believe this was the time to address the merits of it; (2) that I am a duly admitted member in good standing of the bar of the United States District Court for the District of Connecticut; (3) that the mere filing of a motion by Mr. Slossberg's firm could not deprive the defendants of their right to have their chosen attorney handle this litigation; and (4) that unless and until a court issued an order disqualifying ZGB, the ZGB firm was entitled to represent its clients, including at the Rule 26 conference.

7. Despite my having made these points, Mr. Slossberg stated flatly that he was refusing to participate in the Rule 26 conference. I then said that in that case, we would make a motion to this Court to compel Mr. Slossberg to participate.

8. Based upon comments made by Russell Green before the Arbitrator in the pending JAMS arbitration proceeding, it appears as though counsel's refusal, like its motion for sanctions, may have been made for tactical reasons. On July 7, 2008, during a conference call with the Arbitrator, Green advised the Arbitrator that because Structured Settlement Investments, LP was moving for sanctions against Sidell and his attorneys for violating a protective order issued in the arbitration, that Sidell would therefore move for sanctions as well.

9. This Court ought not countenance such tactics. Sidell's counsel should be ordered to participate in the Rule 26 conference, which should take place after determination of the pending motion to disqualify, which itself should not be decided until the impending motion to compel arbitration of this dispute is resolved. If the court is inclined to dismiss the case and compel arbitration, it need never address this motion at all.

WHEREFORE, Defendants request that Sidell's counsel should be ordered to participate in the Rule 26 conference, which should take place after determination of the pending motion to disqualify, which itself should not be decided until the impending motion to compel arbitration of this dispute is resolved.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 23rd day of July 2008 in New York, New York.

/s/ John K. Crossman
John K. Crossman

## CERTIFICATE OF SERVICE

I hereby certify that, on July 23, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access the foregoing through the Court's system.

/s/ John K. Crossman
John K. Crossman (ct25518)

# EXHIBIT A

-----Original Message-----
From: Frank Welzer
Sent: Tuesday, July 15, 2008 11:55 AM
To: 'Russell Green'
Subject: RE: Sidell v. SSI, et al - 26f conferences

Russ:

Due entirely to your cancellation of last week's scheduled call, and your failure to call yesterday, as you promised, we are now technically beyond the time period within which we were supposed to confer.

We urge you to respond so that we can endeavor to provide the Court with the Rule 26(f) reports within the deadlines.

- Frank




-----Original Message-----
From: Frank Welzer
Sent: Monday, July 14, 2008 7:01 PM
To: Russell Green
Subject: RE: Sidell v. SSI, et al - 26f conferences

Russ -- It is now 7:00 pm and no word from you whatsoever.  I am going to leave the office now.  Please let me know when you are willing to participate in a Rule 26 conference.