## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

------- ---------------------------------------------------------- X
                                       :

SCOTT SIDELL,                             :     3:08CV710 (VLB)

                        Plaintiff,       :
                                         :

v.                                          :
                                       :

STRUCTURED SETTLEMENT INVESTMENTS,   :
LP, PLAINTIFF FUNDING HOLDING, INC.     :
(D/B/A "LAWCASH"), DENNIS SHIELDS,     :
HARVEY HIRSCHFELD, RICHARD PALMA, and  :
SCOTT YUCHT,                            :
                                       :

                    Defendants.    :    July 23, 2008
                                       :
---------------------------------------------------------------- X

## DEFENDANTS' MOTION TO COMPEL ARBITRATION,
## OR ALTERNATIVELY, TO DISMISS

Defendants Structured Settlement Investments, LP ("SSI"), Plaintiff Funding Holding,

Inc., Dennis Shields, Harvey Hirschfeld, Richard Palma, and Scott Yucht hereby move this Court

to (1) compel arbitration of this action and dismiss, or alternatively, stay, this action in favor of

arbitration and (2) dismiss the federal and Connecticut statutory claims set forth in the complaint

filed in this action. In support of this motion, defendants represent that:

        1.       Six months prior to filing this action, plaintiff Scott Sidell ("Sidell") initiated a

JAMS arbitration naming all of the defendants in this action except for defendant Scott Yucht.

At this very moment, these same parties in the arbitration are briefing two motions concerning

these identical issues and facts. In particular, the defendants here (except Yucht) are in the

arbitration seeking to enjoin Sidell from prosecuting the suit on the grounds that it was brought

in violation of the Arbitrator's protective order. Also at the same time, Sidell has moved to

**ORAL ARGUMENT REQUESTED**

disqualify the undersigned counsel *in the arbitration* on the same grounds pursuant to which Sidell seeks disqualification in this action. Overall, the claims in that arbitration are inextricably intertwined with the claims in the Complaint filed by Sidell in this Court. For example, the arbitration involves the same set of facts as that alleged in the Complaint. In addition, the arbitration agreement between SSI and Sidell has a very wide scope that encompasses the claims in this action; moreover, it evidences the parties' intent that *JAMS* -- and not this Court -- should determine whether claims between them are subject to arbitration.

2.     For reasons more fully explained in the accompanying Memorandum of Law, filed simultaneously with this Motion, this Court should issue an order compelling this action to be arbitrated and dismiss, or in the alternative, stay this action, in favor of arbitration.

3.     In addition, in the event the Court does not order that this action be arbitrated, all of Sidell's federal and Connecticut statutory claims, which comprise his First, Second, Third and Fourth Causes of Action, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, for reasons more fully explained in the accompanying Memorandum of Law.

WHEREFORE, Defendants respectfully request that the Court compel arbitration of this action, or alternatively, dismiss or stay this action.

Respectfully submitted,

DEFENDANTS

By:     /s/ John K. Crossman
John K. Crossman (ct25518)
ZUKERMAN GORE & BRANDEIS, LLP
875 Third Avenue
New York, New York  10022
Telephone: (212) 223-6700
Email:     jcrossman@zgbllp.com

2

ROBINSON & COLE LLP
John F.X. Peloso, Jr. (ct02447)
Alexander D. Pencu (ct26759)
695 East Main Street
P.O. Box 10305
Stamford, Connecticut  06904-2305
Telephone: (203) 462-7500
Facsimile:  (203) 462-7599
Email:      jpeloso@rc.com
Email:      apencu@rc.com

## CERTIFICATE OF SERVICE

I hereby certify that, on July 23, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access the foregoing through the Court's system.

/s/ John K. Crossman
John K. Crossman (ct25518)