UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCOTT SIDELL : | |
| : | |
| Plaintiff, : | No. 3:08-cv-710 (VLB) |
| : | |
| v. : | |
| : | |
| STRUCTURED SETTLEMENT INVESTMENTS, : | |
| LP, PLAINTIFF FUNDING HOLDING, INC. : | |
| (D/B/A "LAWCASH"), DENNIS SHIELDS, : | |
| HARVEY HIRSCHFELD, RICHARD PALMA, : | |
| and SCOTT YUCHT : | |
| : | |
| Defendants. : | July 29, 2008 |

## OBJECTION TO DEFENDANTS' MOTION TO COMPEL RULE 26(f) CONFERENCE

The Plaintiff, Scott Sidell, hereby objects to the Defendants' Motion to Compel 26(f) conference. In support of this Objection, the Plaintiff states as follows:

1. This action was commenced by Complaint dated May 8, 2008.

2. On June 13, 2008, the following attorneys filed appearances on behalf of the Defendants: Attorney John Crossman of Zukerman, Gore & Brandies, LLP; Attorney John F. Peloso of Robinson & Cole, LP; and, Attorney Alexander Pencu, also of Robinson & Cole, LP.

3. On July 15, 2008, Plaintiff filed a Motion to Disqualify Counsel, based on the fact that Attorney Crossman and his firm, Zukerman, Gore & Brandies, LLP ("ZGB") are (1) necessary witnesses in this action and (2) they engaged in unethical conduct involving their failure to timely disclose their possession of Plaintiff's intercepted e-mails, including his attorney-client communications.

4. The parties agreed to hold the Rule 26(f) parties planning conference on July 18, 2008 at 10:30 a.m.

5. Prior to the planned conference, Plaintiff's counsel, Attorney David Slossberg, contacted Attorney John Peloso at Robinson & Cole to express concern about the ZBG lawyers participating in the Rule 26(f) conference in light of the seriousness of the pending Motion to Disqualify, and requesting that Attorney Peloso, or one of his colleagues, conduct the conference. Attorney Peloso said he would contact Attorney Crossman, but did not respond prior to the commencement of the conference.

6. At the time of the scheduled telephone conference, only Attorney Crossman and Attorney Frank Welzer of ZGB were on the call representing the Defendants (Attorney Welzer has not filed an appearance in this action). Plaintiff's counsel expressed their concerns about proceeding with lawyers who were the subject of a serious Motion to Disqualify and without counsel from Robinson & Cole on the call. Plaintiff's counsel requested that the conference be held with counsel from Robinson & Cole. Attorney Crossman refused to do so and would not include Robinson & Cole on the phone call.

7. In view of the serious issues raised in the Motion to Disqualify, the conference was terminated without any substantive discussions of the matters set forth in Rule 26(f).

8. To have conducted the conference under these circumstances would have been improper for several reasons.

a. Local Rule 26(f) requires that the "attorneys of record" confer; the Rule does not exclude co-counsel. Attorneys Peloso and Pencu are attorneys of record and should have been on the call regardless of the pending Motion to Disqualify.

b. Given that there is a pending Motion to Disqualify directed at Attorney Crossman's continued involvement in this action, his refusal to include Robinson & Cole in the conference was patently unreasonable and obviously intended to thwart the conference from proceeding. It is ultimately the responsibility of attorneys to police their own ethics and, given the gravity of the ethical concerns in this case, which are inextricably intertwined with the merits of the litigation, it was improper for Attorney Crossman and his firm to be part of the call.

c. Attorney Peloso and his firm, Robinson & Cole, are more than capable of handling the 26(f) conference and should have been involved at the outset, particularly since they are counsel of record and presumably would take over defense of this action if the Court were to grant Plaintiff's Motion to Disqualify.[1] If nothing else, it would not be prudent for the schedule to be set by lawyers who are ultimately disqualified from the case.

9. On July 18, 2008, in view of the parties' impasse, and the desire to eliminate any unwarranted delays, Plaintiff submitted his proposed Rule 26(f)

---

[1] Attorney Crossman makes much of the fact that he is admitted to the bar for the District of Connecticut, which is irrelevant, as Local Rule 26(f) clearly requires the involvement of all counsel of record. Further, Robinson & Cole have appeared and been signatories to every pleading filed in this action and the companion PJR Action; hence it is unclear why Attorney Crossman rejected their participation in this conference other than to prevent the conference from proceeding.

3

report and respectfully requested that the Court adopt it as the scheduling order in this action. This is certainly the proper procedure where, as here, the parties are unable to agree on initial scheduling issues.

WHEREFORE, the Plaintiff requests that the Court (1) adopt his proposed report of the Rule 26(f) conference and (2) deny the Defendants' Motion to Compel Participation in Rule 26f Conference.

THE PLAINTIFF

By: /s/ David Slossberg
David A. Slossberg [ct13146]
Russell A. Green [ct14976]
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 North Broad Street
P.O. Box 112
Milford, CT 06460-0112
Tel: (203) 877-8000
Fax: (203) 878-9800
DSlossberg@hssklaw.com
RGreen@hssklaw.com

## CERTIFICATE OF SERVICE

    This is to certify that on July 28, 2008 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

/s/ David A. Slossberg
David A. Slossberg