UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SCOTT SIDELL                                          :
                                                      :
                        Plaintiff,                    :        No. 3:08-cv-710 (VLB)
                                                      :
v.                                                    :
                                                      :
STRUCTURED SETTLEMENT                                 :
INVESTMENTS, LP, PLAINTIFF FUNDING                    :
HOLDING, INC. (D/B/A "LAWCASH"),                      :
DENNIS SHIELDS, HARVEY HIRSCHFELD,                    :
RICHARD PALMA, and SCOTT YUCHT                        :
                                                      :
                        Defendants.                   :        August 8, 2008


## MOTION FOR EXTENSION OF TIME TO CONDUCT DISCOVERY PRIOR TO RESPONDING TO DEFENDANTS' MOTION TO DISMISS

Plaintiff, Scott Sidell (Plaintiff or "Sidell"), requests an extension of time of ninety (90) days to conduct discovery prior to filing his Objection to the Defendants' Motion to Compel Arbitration, or Alternatively to Dismiss, dated July 23, 2008 (the "Motion to Dismiss"). The grounds for this Motion are as follows:

1.      This case concerns the unauthorized access of Sidell's personal Yahoo account by his former employers after his termination. The intercepted communications include privileged communications between Sidell and his lawyers in late August 2007.

2.      In their Motion to Dismiss, the Defendants seek to compel arbitration, or to dismiss the Plaintiff's federal and Connecticut statutory claims in this action based on Rule 12(b)(6). Defendants do not seek to

dismiss Plaintiff's common law claim for invasion of privacy (Plaintiff's Fifth Cause of Action).

3.    Sidell seeks an extension of time to respond to the Motion to Dismiss to conduct written discovery and depositions so as to respond to the claims asserted by the Defendants in the Motion to Dismiss. The object of this discovery is to establish who accessed Sidell's personal e-mails, when they did so, for what purpose and by what means. Thereafter, Sidell will be able to fashion a response to the Motion to Dismiss, particularly the alleged deficiencies in the Complaint. Such discovery will promote efficient use of judicial resources by avoiding unnecessary motion practice. See generally, <u>Perez v. Ortiz</u>, 849 F.2d 793, 797-98 (2nd. Cir. 1988).

A.    <u>BACKGROUND</u>

4.    Pursuant to the arbitration provision in his employment contract with the Defendants, which requires that disputes concerning his employment or the employment contract be resolved by arbitration, Sidell has also commenced arbitration (the "Arbitration") with JAMS in New York City concerning his claims for severance and an unpaid bonus. Thereafter it was revealed that the Defendants illegally accessed Sidell's personal Yahoo account after he was terminated, including communications between Sidell and his lawyers.

5.    In the Arbitration, the Defendants repeatedly thwarted discovery by Sidell concerning their unauthorized access to and use of his personal e-mails, claiming that they did not consent to arbitrate this issue,

the arbitrator lacked jurisdiction over the issue, and that any discovery concerning the e-mails was beyond the scope of the Arbitration. While Plaintiff maintains that he is entitled to the discovery of all of his personal e-mails in the Arbitration action, he agreed with Defendants that the Arbitration did not have jurisdiction to award damages for Defendants' post-termination violation of Sidell's statutory and common law rights.

6.      Thereafter, Sidell instituted this action which asserts claims based on Defendants' violation of the Electronic Communications Protection Act (the "ECPA") (18 U.S.C. §2510), the Stored Communications Act (the "SCA") (18 U.S.C. §2701), Connecticut's Wiretapping and Electronic Surveillance Statute (General Statute § 54-41, *et seq.*), Connecticut General Statute §31-48d, and Sidell's common law right to privacy.

7.      In a stunning, yet convenient, reversal, in their Motion to Dismiss the Defendants now assert that Sidell's claims concerning his e-mails *must be brought in Arbitration* despite the fact that: 1) the arbitration language in the employment contract addresses only claims concerning Sidell's employment or the employment agreement, while the claims in this action clearly concern post-termination conduct unrelated to Sidell's employment; 2) the e-mails at issue were sent from Sidell's home on his personal Yahoo e-mail account after his termination (i.e., the e-mails were not sent on a company network during Sidell's employment); and, 3) Defendants have flatly refused all discovery on this issue in the Arbitration.

8.    There is no scheduling order in this action for the reasons set forth more fully in Plaintiff's Motion for Adoption of Rule 26(f) Report dated July 18, 2008, which is pending before this Court.

B.    THE MOTION TO DISMISS AND THE NEED FOR DISCOVERY

9.    The Motion to Dismiss, asserts that 1) Sidell's employment contract requires that post-termination violations of federal and state law must be arbitrated; and, 2) pursuant to Rule 12(b) (6), Sidell's federal and state statutory claims (but not Sidell's claim for violation of his common law right to privacy) must be dismissed because the Plaintiff has failed to state a cause of action.

10.    In an effort to compel arbitration of the issues raised in this action, the Defendants assert that the unauthorized access of Sidell's e-mails relates back to his employment, even though the Defendants accessed Sidell's e-mails after his termination.  Discovery is needed so that Sidell can establish who, how, why and when his personal e-mails were accessed and to what use they were put.  This information is solely in the hands of the Defendants and the Plaintiff should be permitted to conduct discovery prior to responding to the Motion to Dismiss.  See New York Mercantile Exchange, Inc. v. Intercontinental Exchange, Inc., 323 F.Supp.2d 559 (S.D.N.Y.,2004) (In an antitrust case, where proof is largely in hands of alleged conspirators, dismissal for failure to state claim prior to giving plaintiff ample opportunity for discovery should be granted very sparingly).

4

11.     Because the Defendants vigorously opposed any discovery efforts in the Arbitration concerning the illegal access of Sidell's e-mails, Sidell has only some of his attorney-client e-mails that were intercepted by the Defendants (even this disclosure was made over five months after the fact). Further, the few e-mails that were returned to Sidell appear to have been redacted as many do not have the headings showing dates, subject line, sender(s) and/or recipient(s). Accordingly, Sidell is entitled to discovery on the mechanism, purpose and extent of the Defendants' intrusions, such as what e-mails were intercepted, for what purpose and who received them so that he can properly respond to the Motion to Dismiss.

12.     Sidell is also entitled to discovery prior to specifically responding to the Defendants' 12(b)(6) claims; indeed, had a report of the parties planning conference been agreed to and filed, Plaintiff would have already commenced discovery in this case, and, if appropriate, filed an amended complaint addressing the Defendants' alleged infirmities.

13.     For example, the Defendants assert that Sidell's claims contain only conclusory allegations for violations of the ECPA. (See Defendants' Memorandum of Law in Support of Motion to Dismiss ("Def. Memo. of Law"), p. 18-19). Specifically, Defendants' claim that because there is only a narrow window during which an e-mail interception will trigger a violation of the ECPA, it is insufficient to merely allege that the Defendants "intercepted" the e-mails. While Sidell maintains that he has

sufficiently pled a violation of the ECPA, he cannot allege the exact manner in which Defendants accessed the e-mails without discovery as that information is exclusively in the hands of the Defendants. To permit discovery will allow the Plaintiff to, if necessary, provide greater specificity to the allegations in the Complaint.

14. Similarly, the Defendants assert that the Plaintiff has failed to state a claim for violation of the SCA because the allegations imply that the Defendants were "authorized" to access Sidell's account. (Def. Memo. of Law, p. 20-21). As with his ECPA claim, Sidell maintains that he has properly stated a claim for relief under the SCA. However, Sidell requires discovery to ascertain the exact manner in which the Defendants accessed his personal e-mail account after his termination so that he can provide additional allegations, if necessary, as to the method in which Defendants accessed his personal e-mail account. Again this information is solely in the hands of the Defendants, thus discovery is in the face of a 12(b)(6) motion is appropriate. New York Mercantile Exchange, Inc. v. Intercontinental Exchange, Inc., supra, 323 F.Supp.2d 559.

15. Plaintiff's counsel has repeatedly contacted Defendants' counsel to ascertain their position regarding this Motion. Despite back and forth e-mail communications, Attorney Crossman, who is the subject of a pending Motion to Disqualify Counsel, would not indicate his position in writing but insisted on having a telephone conference, which Plaintiff's counsel believed to be inappropriate under the circumstances. Attorney

6

Peloso, who also represents the Defendants, referred Plaintiff's counsel to Attorney Crossman. Thus, Plaintiff's counsel is unable to report the position of Defendants concerning this Motion.

16. This is Plaintiff's first such request regarding this deadline. Plaintiff has not objected to Defendants' two prior requests to extend their deadline to file a responsive pleading to the Complaint.

17. In the event the Court denies this Motion, the Plaintiff requests 3 weeks (21 days) from the date of the Court's decision to file his Objection to the Motion to Dismiss.

WHEREFORE, for these reasons, Plaintiff respectfully requests that the Court grant the Plaintiff three months (90 days) to conduct discovery prior to responding to the Motion to Dismiss.

THE PLAINTIFF

By:_____
David A. Slossberg [ct13116]
Russell A. Green [ct14976]
HURWITZ, SAGARIN, SLOSSBERG
& KNUFF, LLC
147 North Broad Street
Milford, CT 06460-0112
Telephone: 203-877-8000
Facsimile: 203-878-9800
Juris No. 26616

## CERTIFICATE OF SERVICE

This is to certify that on August 8, 2008 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

Russell A. Green