# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

```
------------------------------------------------------------ X
                                            :
SCOTT SIDELL,                               :   No. 3:08-cv-710 (VLB)
                                            :
                Plaintiff,                  :
                                            :
v.                                          :
                                            :
STRUCTURED SETTLEMENT INVESTMENTS,          :
LP, PLAINTIFF FUNDING HOLDING, INC.         :
(D/B/A "LAWCASH"), DENNIS SHIELDS,          :
HARVEY HIRSCHFELD, RICHARD PALMA,           :
and SCOTT YUCHT,                            :
                                            :
                Defendants.                 :   August 11, 2008
                                            :
------------------------------------------------------------ -X
```

## DECLARATION OF JOHN K. CROSSMAN IN
## OPPOSITION TO PLAINTIFF'S MOTION
## FOR EXTENSION OF TIME TO CONDUCT DISCOVERY PRIOR TO
## RESPONDING TO DEFENDANTS' MOTION TO DISMISS

I, John K. Crossman, declare and state under 28 U.S.C. § 1746 as follows:

1.      I am a member of the law firm Zukerman, Gore & Brandeis, LLP

("ZGB"), counsel of record for defendants in the above-captioned action. I am lead

defense counsel. I submit this declaration in opposition to Scott Sidell's motion for an

extension of time to conduct discovery prior to responding to defendants' motion to

compel arbitration or, in the alternative, to dismiss.

2.      Sidell's attorneys, prior to filing the motion, flatly refused to speak with

me about the motion. Indeed, I tried on multiple occasions to have a telephone

conversation with Sidell's attorney, Russell Green, about the motion, and although he at

first promised to have such a call, he subsequently announced that he would not speak to

me about it. The email "back and forth" of me seeking a call, and Sidell's counsel refusing to participate, is attached as Exhibit A.

3.      From the very first moment that the emails in question were produced in the arbitration, the respondents (defendants here) furnished detailed evidence of what they were, where and how they'd been obtained. Attached as Exhibit B is a copy of the affidavit of Scott Yucht, dated November 14, 2007, which was given to Sidell's then-attorneys simultaneously with the emails, and without them even having to ask for it.

4.      Thereafter, as the parties to the arbitration well know, in or about March 2008, questions were raised by Sidell's attorneys about the emails. Contrary to the "flat refusal" alleged now by Sidell, orders of the Arbitrator were issued concerning this topic, and answers were provided in the course of the arbitration.

5.      On February 20, 2008, in response to an Arbitrator's Order, we wrote to the Arbitrator and to Sidell's then-attorney about the emails. A copy of my letter to the Arbitrator and to Sidell's then-attorney, Richard Corenthal, is attached as Exhibit C.

6.      On April 1, 2008, we wrote to Sidell's then-attorney and provided the last date that Sidell's account was found open. A copy of our letter, with enclosures, to Corenthal is attached as Exhibit D.

7.      At the same time, we submitted two more sworn affidavits detailing how *all* of the emails obtained by respondents had been produced to Sidell's then-attorney. Copies of Affidavits by Rich Palma and Frank Welzer are attached as Exhibit D.

8.      Once the Hurwitz Sagarin firm appeared as replacement counsel, we advised them that contrary to their impression, we had not redacted any of the emails. We also reiterated for them the fact that *all* of the emails had been returned. A copy of the

2

Welzer letter to Russell Green, dated April 30, 2008, is attached as Exhibit E. A copy of Green's letter to Welzer is attached as Exhibit F.

  9.  Attached as Exhibit G is a copy of the decision in *Herrera-Mendoza v. Byrne*, 2007 WL 1613299, at * 1 (June 1, 2007 D. Conn.).

  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 11th day of August 2008 in New York, New York.

     /s/ John K. Crossman
     John K. Crossman

## CERTIFICATE OF SERVICE

I hereby certify that, on August 11, 2008, a copy of the foregoing was filed

electronically. Notice of this filing will be sent by e-mail to all parties by operation of the

Court's electronic filing system. Parties may access the foregoing through the Court's

system.

/s/ John K. Crossman
John K. Crossman (ct25518)

**EXHIBIT A**

| | |
|---|---|
| **From:** | John Crossman |
| **Sent:** | Thursday, August 07, 2008 3:59 PM |
| **To:** | 'Russell Green'; 'apencu@rc.com'; 'jpeloso@rc.com' |
| **Cc:** | 'Allison Near'; 'David Slossberg' |
| **Subject:** | RE: Sidell v. SSI - Motion to Dismiss |

Dear Russell,

If you will not speak to me on the phone, which increasingly appears to be the case, you can report to the Court that my position is that I wanted to discuss this with you on the phone, and that you refused to do so; that because I could not have a conversation with you, I was unable either to understand what you want to do or why; that as a result I could not formulate, much less give you my position with respect to it; and that I told you that I thought it was inappropriate for you to refuse to speak with me on this subject.

On the other hand, if you change your mind and are willing to have a discussion, I will make time for you tomorrow. Let me know what would be a good time after 11am.

Best regards,

John

-----Original Message-----
From: Russell Green [mailto:RGreen@hssklaw.com]
Sent: Thursday, August 07, 2008 3:53 PM
To: apencu@rc.com; jpeloso@rc.com; John Crossman
Cc: Allison Near; David Slossberg
Subject: RE: Sidell v. SSI - Motion to Dismiss

John,
I am not sure what there is to discuss or that discussion is appropriate at this point given where we are in this case - I have told you what we are requesting and why.  Again, we believe that your Motion raises issues that require discovery in order to properly respond.  Thus, we intend to move the Court for an extension of time so that we can conduct discovery prior to responding to your Motion.  The discovery includes interrogatories, requests for production and depositions.
Please let me know Defendants' position so that I can report it to the Court.
Thanks,
Russ

Russell A. Green, Esq.
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 N. Broad Street
Milford, CT  06460
Tel:  203-877-8000
Fax:  203-878-9800
RGreen@hssklaw.com
 ( http://www.hssklaw.com )


>>> "John Crossman" <JCrossman@zgbllp.com> 8/7/2008 2:40 PM >>>
I can't form a position until I talk to you about it. That is why I asked to set up a time to have a phone call to discuss what you are doing. We had agreed to speak yesterday, but you did not call. I am available to speak with you today or tomorrow (or next week if that's more convenient). Let's have our call, and then I'll form a position and tell you what it is. Let me know what time works for you on what day.
Thanks

Regards,

John.

-----Original Message-----
From: Russell Green [mailto:RGreen@hssklaw.com]
Sent: Thursday, August 07, 2008 2:12 PM
To: apencu@rc.com; jpeloso@rc.com; John Crossman
Cc: Allison Near; David Slossberg
Subject: Sidell v. SSI - Motion to Dismiss

Counsel,
As you know, we intend to file a motion for extension of time to respond
to Defendants' Motion to Dismiss.   We want to conduct written discovery
and take depositions prior to responding the Motion to Dismiss.  Given the pending Motion
to Disqualify and Motions concerning the Parties'
Planning Conference, which have not yet been addressed by the Court, please respond today
via e-mail with Defendants' position on our motion for extension of time.
Thank you,
Russ Green

Russell A. Green, Esq.
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 N. Broad Street
Milford, CT  06460
Tel:  203-877-8000
Fax:  203-878-9800
RGreen@hssklaw.com
 ( http://www.hssklaw.com )

"This message and any attachments are solely for the intended recipient and may contain
confidential or privileged information. If you are not the intended recipient, any
disclosure, copying, use, or distribution of the information included in this message and
any attachments is prohibited. If you have received this communication in error, please
notify us by reply e-mail and immediately and permanently delete this message and any
attachments. Thank you."

To ensure compliance with Treasury Department regulations, we advise you that, unless
otherwise expressly indicated, any federal tax advice contained in this message was not
intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-
related penalties under the Internal Revenue Code or applicable state or local tax law
provisions or (ii) promoting, marketing or recommending to another party any tax-related
matters addressed herein.

## John Crossman

| From: | Russell Green [RGreen@hssklaw.com] |
| Sent: | Thursday, August 07, 2008 3:53 PM |
| To: | apencu@rc.com; jpeloso@rc.com; John Crossman |
| Cc: | Allison Near; David Slossberg |
| Subject: | RE: Sidell v. SSI - Motion to Dismiss |

John,
I am not sure what there is to discuss or that discussion is appropriate at this point
given where we are in this case - I have told you what we are requesting and why. Again,
we believe that your Motion raises issues that require discovery in order to properly
respond.  Thus, we intend to move the Court for an extension of time so that we can
conduct discovery prior to responding to your Motion.  The discovery includes
interrogatories, requests for production and depositions.
Please let me know Defendants' position so that I can report it to the Court.
Thanks,
Russ

Russell A. Green, Esq.
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 N. Broad Street
Milford, CT  06460
Tel:  203-877-8000
Fax:  203-878-9800
RGreen@hssklaw.com
 ( http://www.hssklaw.com )


>>> "John Crossman" <JCrossman@zgbllp.com> 8/7/2008 2:40 PM >>>
I can't form a position until I talk to you about it. That is why I asked to set up a time
to have a phone call to discuss what you are doing. We had agreed to speak yesterday, but
you did not call. I am available to speak with you today or tomorrow (or next week if
that's more convenient). Let's have our call, and then I'll form a position and tell you
what it is. Let me know what time works for you on what day.
Thanks

Regards,

John.

-----Original Message-----
From: Russell Green [mailto:RGreen@hssklaw.com]
Sent: Thursday, August 07, 2008 2:12 PM
To: apencu@rc.com; jpeloso@rc.com; John Crossman
Cc: Allison Near; David Slossberg
Subject: Sidell v. SSI - Motion to Dismiss

Counsel,
As you know, we intend to file a motion for extension of time to respond
to Defendants' Motion to Dismiss.  We want to conduct written discovery
and take depositions prior to responding the Motion to Dismiss.  Given the pending Motion
to Disqualify and Motions concerning the Parties'
Planning Conference, which have not yet been addressed by the Court, please respond today
via e-mail with Defendants' position on our motion for extension of time.
Thank you,
Russ Green

Russell A. Green, Esq.
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 N. Broad Street
Milford, CT  06460
Tel:  203-877-8000
Fax:  203-878-9800

RGreen@hssklaw.com
( http://www.hssklaw.com )

---

"This message and any attachments are solely for the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, any disclosure, copying, use, or distribution of the information included in this message and any attachments is prohibited. If you have received this communication in error, please notify us by reply e-mail and immediately and permanently delete this message and any attachments. Thank you."

---

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

---

# John Crossman

**From:** John Crossman
**Sent:** Thursday, August 07, 2008 2:40 PM
**To:** 'Russell Green'; 'apencu@rc.com'; 'jpeloso@rc.com'
**Cc:** 'Allison Near'; 'David Slossberg'
**Subject:** RE: Sidell v. SSI - Motion to Dismiss

I can't form a position until I talk to you about it. That is why I asked to set up a time to have a phone call to discuss what you are doing. We had agreed to speak yesterday, but you did not call. I am available to speak with you today or tomorrow (or next week if that's more convenient). Let's have our call, and then I'll form a position and tell you what it is. Let me know what time works for you on what day. Thanks

Regards,

John.

-----Original Message-----
From: Russell Green [mailto:RGreen@hssklaw.com]
Sent: Thursday, August 07, 2008 2:12 PM
To: apencu@rc.com; jpeloso@rc.com; John Crossman
Cc: Allison Near; David Slossberg
Subject: Sidell v. SSI - Motion to Dismiss

Counsel,
As you know, we intend to file a motion for extension of time to respond to Defendants' Motion to Dismiss.  We want to conduct written discovery and take depositions prior to responding the Motion to Dismiss.  Given the pending Motion to Disqualify and Motions concerning the Parties' Planning Conference, which have not yet been addressed by the Court, please respond today via e-mail with Defendants' position on our motion for extension of time.
Thank you,
Russ Green

Russell A. Green, Esq.
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 N. Broad Street
Milford, CT  06460
Tel:  203-877-8000
Fax:  203-878-9800
RGreen@hssklaw.com
 ( http://www.hssklaw.com )

**John Crossman**

| **From:** | Russell Green [RGreen@hssklaw.com] |
| **Sent:** | Thursday, August 07, 2008 2:12 PM |
| **To:** | apencu@rc.com; jpeloso@rc.com; John Crossman |
| **Cc:** | Allison Near; David Slossberg |
| **Subject:** | Sidell v. SSI - Motion to Dismiss |

Counsel,
As you know, we intend to file a motion for extension of time to respond to Defendants'
Motion to Dismiss.    We want to conduct written discovery and take depositions prior to
responding the Motion to Dismiss.   Given the pending Motion to Disqualify and Motions
concerning the Parties' Planning Conference, which have not yet been addressed by the
Court, please respond today via e-mail with Defendants' position on our motion for
extension of time.
Thank you,
Russ Green

Russell A. Green, Esq.
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 N. Broad Street
Milford, CT  06460
Tel:  203-877-8000
Fax:  203-878-9800
RGreen@hssklaw.com
 ( http://www.hssklaw.com )

1

| | |
|---|---|
| **From:** | John Crossman |
| **Sent:** | Thursday, August 07, 2008 1:08 PM |
| **To:** | 'Russell Green' |
| **Subject:** | FW: Sidell v. SSI |

Hi Russell,

As per my below email on Tuesday, I thought you wanted to discuss something about the pending motions and your possible desire to have some kind of discovery. I did not get an email back from you regarding my suggested times when I would have been available for a call yesterday, and I did not get a call either. So I'm just following up in case there's been some miscommunication. If you would still like to talk, please email me to say when. I could do a call this afternoon between 3 and 4, or else tomorrow sometime after 11. please email to set aside a time in advance. Thanks.

John

-----Original Message-----
From: John Crossman
Sent: Tuesday, August 05, 2008 3:35 PM
To: 'Russell Green'
Subject: RE: Sidell v. SSI

That will be fine. If possible, email a time so I can be ready and available to take your call. I would suggest 10:30 or 11 or 1130 as good times to talk.

-----Original Message-----
From: Russell Green [mailto:RGreen@hssklaw.com]
Sent: Tuesday, August 05, 2008 3:32 PM
To: John Crossman
Subject: RE: Sidell v. SSI

I am heading out for a meeting and won't be back in the office until tomorrow.  I will get back to you then.
Thanks

>>> "John Crossman" <JCrossman@zgbllp.com> 8/5/2008 3:29 PM >>>
I'd like to discuss it with you. When are you available for a call?

-----Original Message-----
From: Russell Green [mailto:RGreen@hssklaw.com]
Sent: Tuesday, August 05, 2008 3:28 PM
To: apencu@rc.com; jpeloso@rc.com; Frank Welzer; John Crossman
Subject: Sidell v. SSI

Counsel,
In follow-up to my earlier telephone conference with Attorney Peloso, we intend to move the court grant us additional time to respond to the pending motion to dismiss so as to allow for discovery on the issues raised therein.  Please advise of your position.
Thank you,
Russ Green

Russell A. Green, Esq.
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 N. Broad Street
Milford, CT  06460
Tel:  203-877-8000
Fax:  203-878-9800
RGreen@hssklaw.com
 ( http://www.hssklaw.com )

---------------------------------------------------------------------------

"This message and any attachments are solely for the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, any disclosure, copying, use, or distribution of the information included in this message and any attachments is prohibited. If you have received this communication in error, please notify us by reply e-mail and immediately and permanently delete this message and any attachments. Thank you."

---------------------------------------------------------------------------

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

---------------------------------------------------------------------------

# John Crossman

**From:** John Crossman
**Sent:** Tuesday, August 05, 2008 3:35 PM
**To:** 'Russell Green'
**Subject:** RE: Sidell v. SSI

That will be fine. If possible, email a time so I can be ready and available to take your call. I would suggest 10:30 or 11 or 1130 as good times to talk.

-----Original Message-----
From: Russell Green [mailto:RGreen@hssklaw.com]
Sent: Tuesday, August 05, 2008 3:32 PM
To: John Crossman
Subject: RE: Sidell v. SSI

I am heading out for a meeting and won't be back in the office until tomorrow.  I will get back to you then.
Thanks

>>> "John Crossman" <JCrossman@zgbllp.com> 8/5/2008 3:29 PM >>>
I'd like to discuss it with you. When are you available for a call?

-----Original Message-----
From: Russell Green [mailto:RGreen@hssklaw.com]
Sent: Tuesday, August 05, 2008 3:28 PM
To: apencu@rc.com; jpeloso@rc.com; Frank Welzer; John Crossman
Subject: Sidell v. SSI

Counsel,
In follow-up to my earlier telephone conference with Attorney Peloso, we intend to move the court grant us additional time to respond to the pending motion to dismiss so as to allow for discovery on the issues raised therein.  Please advise of your position.
Thank you,
Russ Green

Russell A. Green, Esq.
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 N. Broad Street
Milford, CT  06460
Tel:  203-877-8000
Fax:  203-878-9800
RGreen@hssklaw.com
 ( http://www.hssklaw.com )


------------------------------------------------------------------------

"This message and any attachments are solely for the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, any disclosure, copying, use, or distribution of the information included in this message and any attachments is prohibited. If you have received this communication in error, please notify us by reply e-mail and immediately and permanently delete this message and any attachments. Thank you."


------------------------------------------------------------------------


To ensure compliance with Treasury Department regulations, we advise you that, unless

otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

---------------------------------------------------------------------------

**John Crossman**

| | |
|---|---|
| **From:** | Russell Green [RGreen@hssklaw.com] |
| **Sent:** | Tuesday, August 05, 2008 3:32 PM |
| **To:** | John Crossman |
| **Subject:** | RE: Sidell v. SSI |

I am heading out for a meeting and won't be back in the office until tomorrow. I will get back to you then.
Thanks

>>> "John Crossman" <JCrossman@zgbllp.com> 8/5/2008 3:29 PM >>>
I'd like to discuss it with you. When are you available for a call?

-----Original Message-----
From: Russell Green [mailto:RGreen@hssklaw.com]
Sent: Tuesday, August 05, 2008 3:28 PM
To: apencu@rc.com; jpeloso@rc.com; Frank Welzer; John Crossman
Subject: Sidell v. SSI

Counsel,
In follow-up to my earlier telephone conference with Attorney Peloso, we intend to move the court grant us additional time to respond to the pending motion to dismiss so as to allow for discovery on the issues raised therein.  Please advise of your position.
Thank you,
Russ Green

Russell A. Green, Esq.
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 N. Broad Street
Milford, CT  06460
Tel:  203-877-8000
Fax:  203-878-9800
RGreen@hssklaw.com
 ( http://www.hssklaw.com )

---------------------------------------------------------------------------

"This message and any attachments are solely for the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, any disclosure, copying, use, or distribution of the information included in this message and any attachments is prohibited. If you have received this communication in error, please notify us by reply e-mail and immediately and permanently delete this message and any attachments. Thank you."

---------------------------------------------------------------------------

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

---------------------------------------------------------------------------

| | |
|---|---|
| **From:** | John Crossman |
| **Sent:** | Tuesday, August 05, 2008 3:29 PM |
| **To:** | 'Russell Green'; 'apencu@rc.com'; 'jpeloso@rc.com'; Frank Welzer |
| **Subject:** | RE: Sidell v. SSI |

I'd like to discuss it with you. When are you available for a call?

-----Original Message-----
From: Russell Green [mailto:RGreen@hssklaw.com]
Sent: Tuesday, August 05, 2008 3:28 PM
To: apencu@rc.com; jpeloso@rc.com; Frank Welzer; John Crossman
Subject: Sidell v. SSI

Counsel,
In follow-up to my earlier telephone conference with Attorney Peloso, we intend to move
the court grant us additional time to respond to the pending motion to dismiss so as to
allow for discovery on the issues raised therein.  Please advise of your position.
Thank you,
Russ Green

Russell A. Green, Esq.
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 N. Broad Street
Milford, CT  06460
Tel:  203-877-8000
Fax:  203-878-9800
RGreen@hssklaw.com
 ( http://www.hssklaw.com )

**John Crossman**

| | |
|---|---|
| **From:** | Russell Green [RGreen@hssklaw.com] |
| **Sent:** | Tuesday, August 05, 2008 3:28 PM |
| **To:** | apencu@rc.com; jpeloso@rc.com; Frank Welzer; John Crossman |
| **Subject:** | Sidell v. SSI |

Counsel,
In follow-up to my earlier telephone conference with Attorney Peloso, we intend to move
the court grant us additional time to respond to the pending motion to dismiss so as to
allow for discovery on the issues raised therein.  Please advise of your position.
Thank you,
Russ Green

Russell A. Green, Esq.
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 N. Broad Street
Milford, CT  06460
Tel:  203-877-8000
Fax:  203-878-9800
RGreen@hssklaw.com
 ( http://www.hssklaw.com )

**EXHIBIT B**

## IN ARBITRATION BEFORE JAMS

## NEW YORK, NEW YORK

```
------------------------------------------------------------X
                                          :
SCOTT SIDELL,                             :
                                          :      JAMS #: 1425000992
                    Claimant,             :
                                          :
      - against -                         :
                                          :
STRUCTURED SETTLEMENT INVESTMENTS, :
L.P., STRUCTURED SETTLEMENTS, LLC         :
(f/k/a LawCash Structured Settlements, LLC),  :
SSI-GP HOLDING, LLC, PLAINTIFF FUNDING :
HOLDINGS, INC. (d/b/a "LawCash"), PLAINTIFF:
FUNDING CORPORATION, RICHARD PALMA, :
HARVEY HIRSCHFELD, SELIG ZISES,          :
DENNIS SHIELDS, JASON YOUNGER,           :
and MARC WALDMAN,                        :
                                          :
                    Respondents.          :
                                          :
------------------------------------------------------------X
```

STATE OF NEW YORK )
                    ) ss.:
COUNTY OF KINGS )

I, SCOTT YUCHT, BEING DULY SWORN, deposes and says:

1. I am employed as the Chief Information Officer at LawCash.

2. My responsibilities as Chief Information Officer include managing information technology for LawCash, including the computer network, as well as hardware/software troubleshooting for employees. As all employees know, I have remote access to the LawCash desktop computers, and routinely utilize this capability to maintain the network, to examine the status of computers, and to assist employees.

SSI 0941

3.  As Chief Information Officer, I frequently assisted Scott Sidell with computer issues during his employment with LawCash. The services I provided to Scott Sidell included remotely accessing his computer in Connecticut from my computer in New York, to assist him with computer questions and ensure the functioning of his computer within the company network. Scott Sidell was fully aware of this.

4.  During the course of Scott Sidell's employment with LawCash, I requested that he not use install any non business software or programs on LawCash computers. I made this request after an incident in which Scott Sidell installed non-company software onto his desktop computer, and had computer problems as a result.

5.  During the week of August 13, 2007, Scott Sidell called me regarding problems with his Dell desktop computer. He informed me that the computer would not turn on, and that he believed that the hard drive had "crashed." I instructed Scott Sidell that he could either ship or carry the desktop case, consisting of the computer without the monitor, power cord, mouse, or keyboard, to me. He in fact hand delivered it to my office in Brooklyn.

6.  The day he brought it to me, I attempted to examine the computer, but determined that it had indeed malfunctioned. I did not repair it at that time. I placed the computer in a locked closet where I store all company computer hardware that is not in use. I informed Scott that I would determine a course of action over the next couple of days.

7.  I kept the computer locked in my office closet until recently, when I removed it in order to have a forensic evaluation of the hard drive.

8.  On August 24 , 2007,  Scott Sidell was fired.   Immediately after his firing, Scott Sidell accessed a computer in an unassigned workspace, previously vacated by

another employee. That computer had been available for use by any employee, and was used by various different employees, for a period of months. The computer was not assigned to Sidell.

9. The day of his firing, after Scott Sidell left the building, I remotely accessed the computer in the vacant workspace. Scott Sidell had left his personal Yahoo account active and open on the desktop, so that anyone coming to that computer bay could have seen it.

10. I reviewed the emails from the open Yahoo account, and forwarded them to LawCash, as I believed they were relevant to the operations of the company. A copy of those emails is annexed to this affidavit as Exhibit A.

11. On Yahoo's log-in page, there is a feature as follows:

⌐ **Keep me signed in**
for 2 weeks unless I sign out. New! [Uncheck if on a shared computer]

12. To the best of my knowledge, this feature is the only way to keep a Yahoo mail account open for an extended period of time.

13. For several days after his departure, Scott Sidell's Yahoo account automatically opened when entering Yahoo.com on the computer in the vacant computer bay.

Scott Yucht

Sworn to before me this
_14_ day of November, 2007

DAWN M. STRIANESE
Notary Public, State of New York
No. 01ST6152572
Qualified in Kings County
Commission Expires September 18, 20 _16_

Notary Public

SSI 0943

**EXHIBIT C**

# ZUKERMAN GORE & BRANDEIS, LLP

875 THIRD AVENUE • NEW YORK, NEW YORK 10022                    TELEPHONE 212 223-6700 • FACSIMILE 212 223-6433

February 20, 2008

By Email and Mail

Jeanne C. Miller, Arbitrator
JAMS
620 Eighth Avenue, 34th Floor
New York, NY 10018

> Re: *Scott Sidell v. SSI, et al. and SSI Counterclaim against Sidell*
> JAMS Ref. No. 1425000992

Dear Arbitrator Miller:

We received today your order based upon the conference last week. I gather that the move of the JAMS office necessitated a few days to get the order circulated, so we are just seeing it today.

I noticed a slight inaccuracy in the order, which we believe was inadvertent. Regarding emails to be "returned" to Mr. Sidell's attorney, we have only been talking about emails sent between Sidell and his attorney. However, the order is written to refer to all emails from the account left open and running on SSI's computer by Sidell. It is important for you to be aware that these emails between Sidell and his attorney were apparently picked up by Lawcash incidental to efforts to investigate Sidell's wholesale theft of information from the corporate database after he was terminated. Specifically, we understand that what originally drew Lawcash IT staff's attention to the open account was the obvious trail of Sidell emailing to himself, from the computer, confidential data, such as customer lists and other records. We understand that this was done after Sidell had been terminated, when he had nonetheless returned to the office. Apparently it was during the course of identifying the scope of what Sidell had taken and what had become of it that the Sidell-to-Lawyer emails were picked up.

For the avoidance of doubt, we have not returned, and would not agree voluntarily to return any emails *other than* the Sidell-to-Lawyer emails. The balance of the emails at issue are direct evidence of corporate espionage and violation of Sidell's confidentiality and other obligations to SSI. Obviously, in the face of a wholesale taking of confidential data, it was reasonable and proper for the IT staff to review the open email account which Sidell himself left running on an SSI computer, a computer still metaphorically "smoking" from the data theft Sidell had just perpetrated.

We know that the latter kind of emails were not discussed at all in the prior conferences with you, and (quite properly) have not even been the subject of a request by Sidell's attorney to have them returned, but your order (we assume inadvertently) was written so broadly that they might have been deemed to have *all* emails fall within its scope.

Accordingly, with your permission, we are construing the reference in your order to the return of emails to refer only to emails between Sidell and his attorney.

Respectfully,

John K. Crossman

cc:     Richard S. Corenthal, Esq.

**EXHIBIT D**

# ZUKERMAN GORE & BRANDEIS, LLP

875 THIRD AVENUE • NEW YORK, NEW YORK 10022          TELEPHONE 212 223-6700 • FACSIMILE 212 223-6433

April 1, 2008

By Federal Express

Richard S. Corenthal, Esq.
Meyer, Suozzi, English & Klein, P.C.
1350 Broadway, Suite 501
New York, New York 10018-0026

> Re:   *Scott Sidell v. SSI, et al. and*
> *SSI's Counterclaim against Sidell*
> <u>JAMS Ref. No. 1425000992</u>

Dear Rich:

Pursuant to Order #6, ¶ 1, we have looked into whether information is available indicating the period of time that Scott Sidell's account was left open on SSI's computer. Scott Yucht reviewed the company's computer records and determined that the last day the Yahoo account was found to be open on the SSI computer was August 29, 2007.

Also enclosed are the requested affidavits.

We have now complied with the Order.

Very truly yours,

Frank C. Welzer

FCW/
Enclosures



IN ARBITRATION BEFORE JAMS
NEW YORK, NEW YORK

```
-------------------------------------------------------------X
                                        :
SCOTT SIDELL,                           :
                                        :          JAMS #: 1425000992
                   Claimant,            :
                                        :
     - against -                        :
                                        :
STRUCTURED SETTLEMENT INVESTMENTS, :
L.P., STRUCTURED SETTLEMENTS, LLC        :
(f/k/a LawCash Structured Settlements, LLC), :
SSI-GP HOLDING, LLC, PLAINTIFF FUNDING :
HOLDINGS, INC. (d/b/a "LawCash"), PLAINTIFF :
FUNDING CORPORATION, RICHARD PALMA, :
HARVEY HIRSCHFELD, SELIG ZISES,         :
DENNIS SHIELDS, JASON YOUNGER,          :
and MARC WALDMAN,                       :
                                        :
                   Respondents.         ::
-------------------------------------------------------------X
                                        :
STRUCTURED SETTLEMENT INVESTMENTS, :
L.P.,                                   :
                                        :
                   Counterclaimant,     :
                                        :
     - against -                        :
                                        :
SCOTT SIDELL,                           :
                                        :
                   Counterclaim Respondent. ::
-------------------------------------------------------------X
```

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )


RICH PALMA, BEING DULY SWORN, deposes and says:

1.  I am employed as a Chief Operating Officer for LawCash and the related

organizations which are respondents in this arbitration.



2. I confirm that all emails between Scott Sidell and his counsel that were found in Sidell's Yahoo account have been returned. I personally conducted a search in all locations reasonably likely to contain any such emails. I found only one hard copy within my office. I sent it to our attorneys, Zukerman Gore & Brandeis, LLP. I did not make any copies of it. I am informed that our attorneys sent it to Richard Corenthal, Esq. by federal express on February 25, 2008.

Rich Palma

Sworn to before me this
_____ day of March, 2008

Notary Public

**DAWN M. STRIANESE**
Notary Public, State of New York
No. 01ST6152572
Qualified in Kings County
Commission Expires September 18, 20 __

2

CONFIDENTIAL

IN ARBITRATION BEFORE JAMS
NEW YORK, NEW YORK

```
-------------------------------------------------------------X
                                          :
SCOTT SIDELL,                             :
                                          :   JAMS #:  1425000992
                    Claimant,             :
                                          :
       - against -                        :
                                          :
STRUCTURED SETTLEMENT INVESTMENTS, :
L.P., STRUCTURED SETTLEMENTS, LLC         :
(f/k/a LawCash Structured Settlements, LLC), :
SSI-GP HOLDING, LLC, PLAINTIFF FUNDING    :
HOLDINGS, INC. (d/b/a "LawCash"), PLAINTIFF:
FUNDING CORPORATION, RICHARD PALMA,      :
HARVEY HIRSCHFELD, SELIG ZISES,           :
DENNIS SHIELDS, JASON YOUNGER,            :
and MARC WALDMAN,                         :
                                          :
                    Respondents.          :
-------------------------------------------------------------X
                                          :
STRUCTURED SETTLEMENT INVESTMENTS, :
L.P.,                                     :
                                          :
                    Counterclaimant,      :
                                          :
       - against -                        :
                                          :
SCOTT SIDELL,                             :
                                          :
                    Counterclaim Respondent. :
-------------------------------------------------------------X
```

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )


FRANK C. WELZER, BEING DULY SWORN, deposes and says:

CONFIDENTIAL

1. I am an attorney at Zukerman Gore & Brandeis, LLP, attorneys for the respondents and counterclaimant in this matter. I make this affidavit pursuant to Order #6.

2. I personally conducted a search in all places in Zukerman Gore & Brandeis's office likely to contain any hard copies of emails between Scott Sidell and his counsel. I did not locate any hard copies of emails between Sidell and his attorneys with the exception of the ones that Sidell's attorney, Richard Corenthal, Esq., sent to us on February 27, 2008.

3. I located one hard copy of an agreement between Mr. Sidell and a lawyer in San Francisco. It was bates-numbered SSI 0726-0730. On March 14, 2008, I returned it to Mr. Corenthal by federal express.

_____
Frank C. Welzer

Sworn to before me this
1st day of April, 2008

_____
Notary Public

NATHANIEL S. GORE
Notary Public, State of New York
No. 4878073
Qualified in New York County
Commission Expires 2-21 - 11

2

CONFIDENTIAL

**EXHIBIT E**

ZUKERMAN GORE & BRANDEIS. LLP

875 THIRD AVENUE • NEW YORK, NEW YORK 10022                    TELEPHONE 212 223-6700 • FACSIML TL: 7    ...5447

April 30, 2008

By Facsimile and Mail

Russell A. Green, Esq.
Hurwitz Sagarin Slossberg & Knuff LLC
147 North Broad Street
P.O. Box 112
Milford, CT 06460-0112

> Re:   *Scott Sidell v. SSI, et al. and*
> *SSI's Counterclaim against Sidell*
> JAMS Ref. No. 1425000992

Dear Russell:

We write in response to your April 25th letter, which among other things demanded that we produce Sidell-attorney emails by today. We understand that you are new to this case and still reviewing the file, so please allow us to point out certain things which may not yet have become apparent to you.

As an initial matter, if you have not already done so, you should *immediately* review the Protective Order entered by the Arbitrator on January 18, 2008. If you do not have a copy, please let us know and we will send it to you. Next, in accordance with our discussions with the Arbitrator and Sidell's prior attorney, Richard Corenthal, Esq., the Sidell-attorney emails have already been returned. For details, you should look at our previous letters including our April 1 letter and the affidavits accompanying that letter. In addition, we returned the document bates-numbered SSI 0726-0730 to Mr. Corenthal on March 14, 2008. We did not keep a copy. We do not have any "e-mail or cover letter" for that document. As previously explained, we located that document in our office files. Finally, we do not recall redacting the documents numbered SSI 0624-0626 and 0636-0640. If we make a redaction, it is our practice to label the documents as having been "redacted" and to provide an explanation. In this instance, there were none.

We trust you will find this helpful and that this will satisfy any concerns you may have had. Please do not misconstrue our refusal to address the misstatements contained in your letter,

Russell A. Green, Esq.
April 30, 2007
Page 2

which we understand to be attributable to your unfamiliarity with the file. We disagree with them.

If you have any questions, please do not hesitate to call.

Very truly yours,

Frank C. Welzer

FCW/

**EXHIBIT F**



# HURWITZ SAGARIN
## SLOSSBERG KNUFF llc

RUSSELL A. GREEN, ESQ.
RGreen@hssklaw.com

## HS SK

LAW OFFICES
147 North Broad Street
P.O. Box 112
Milford, CT 06460-0112
T: 203.877.8000
F: 203.878.9800
hssklaw.com

VIA FACSIMILE TO (212) 223-6433 AND REGULAR U.S. MAIL

April 25, 2008

Frank C. Welzer, Esq.
Zukerman, Gore and Brandeis
875 Third Avenue
New York, NY 10022

*Re:*    *Sidell v. SSI*

Dear Attorney Welzer:

As you know, I am the new counsel for the Claimant, Dr. Scott Sidell, in this matter. In reviewing my predecessor's files, I discovered your letter to Attorney Richard S. Corenthal, dated March 14, 2008 (a copy of which is enclosed), regarding a retainer agreement (the "Agreement") between Dr. Sidell and a lawyer in San Francisco (Bates No. SSI 0726 – 0730). Your letter correctly states that "the agreement does not relate to this arbitration", however, it is unclear as to how you came into possession of this document. I presume the Agreement came from your client's unauthorized access of Dr. Sidell's private Yahoo account, however, you have produced any e-mail or cover letter that would have accompanied the Agreement. Accordingly, please provide all communications accompanying the Agreement.

Further, you have produced only limited e-mails between Dr. Sidell and his attorneys (Bates No. SSI 0624 – 0626; 0636-0640); although even this is difficult to tell because the subject line and other header information, such as the sender and recipients of the e-mails, have been redacted from the e-mails you have provided. Please provide all e-mails between Dr. Sidell and his attorneys without redactions.

In fact, based on my review of the documents, other than the limited, improperly redacted e-mails described above, you have not produced any other e-mails from Dr. Sidell's personal Yahoo e-mail account that your clients reviewed, copied, and/or forwarded to others. Please produce immediately all such e-mails.

Finally, the Agreement and the limited attorney-client e-mails you have produced to date, have all been marked "confidential." Although these communications were and are confidential, they are confidential at the sole insistence of my client, and we reserve the unilateral right to so mark them. You have no right to claim that privileged documents sent between my client and his attorneys over a private e-mail account after his termination can be declared by you as being "confidential"

Frank C. Welzer, Esq.
April 25, 2008
Page 2 of 2

Please provide the documents requested above by Wednesday, April 30. Thank you for your attention to this matter.

Very truly yours,

Russell A. Green
RAG/lcs
Enclosure

# ZUKERMAN GORE & BRANDEIS, LLP

675 THIRD AVENUE · NEW YORK. NEW YORK 10022                    TELEPHONE 212 223-6700 · FACSIMILE 212 223-6433

March 14, 2008

By Federal Express

Richard S. Corenthal, Esq.
Meyer, Suozzi, English & Klein, P.C.
1350 Broadway, Suite 501
New York, New York 10018-0026

> Re:    *Scott Sidell v. SSI, et al. and*
> *SSI's Counterclaim against Sidell*
> JAMS Ref. No. 1425000992

Dear Rich:

While working on discovery, we reviewed our law firm's copies of the documents that we produced to you on January 18, 2008. We found one copy of an agreement between Mr. Sidell and a lawyer in San Francisco. It is bates-numbered SSI 0726-0730. Our copy, bearing the original bates-number stickers, is enclosed.

The agreement does not seem to relate to this arbitration. We have returned it to you. We have not kept a copy. You now have our only copy of this agreement.

Very truly yours,

Frank C. Welzer

FCW/
Enclosure

1818-022 #67351/v1

# EXHIBIT G

**H**

Herrera-Mendoza v. Byrne
D.Conn.,2007.
Only the Westlaw citation is currently available.
United States District Court,D. Connecticut.
Andro Rey HERRERA-MENDOZA, Plaintiff,
v.
Emily BYRNE and Joseph L. Gegeny, Defendants.
**No. 3:05CV1195 (RNC).**

June 1, 2007.

Andro Rey Herrera-Mendoza, Milford, CT, pro se.
Paul Kachevsky, Bethel, CT, for Defendants.

### ORDER

DONNA F. MARTINEZ, United States Magistrate
Judge.

*1 Pending before the court are a series of motions
filed by the plaintiff (docs.# 224, 225, 226, 227,
228). In addition to his substantive motions, the
plaintiff asks that his deadline to object to the
pending Motion to Dismiss be extended pending
the completion of certain discovery.[FN1] The court
denies the plaintiff's motions but grants him an ex-
tension until July 2, 2007 to file his opposition to
the Motion to Dismiss.

> FN1. Four of the five pending motions
> (docs.# 224, 225, 226, 227) were filed two
> days before the deadline for the plaintiff to
> file his objection to the pending Motion to
> Dismiss. The plaintiff's objection was ori-
> ginally due in February, 2007. The court
> already granted one extension of that dead-
> line (doc. # 216).

A. *Motion for a Limited Discovery Order-doc. #
226*

The plaintiff first moves for an order permitting
him to conduct limited discovery as to whether de-
fendant Gegeny is or has been employed by a state
agency, such that he could be considered a state

actor, and as to his relationship with defendant
Emily Byrne. (Doc. # 226.) The plaintiff argues that
he should be permitted to conduct "discovery re-
lated to state or public employment defendant
Joseph Gegeny, Esq. has engaged in from January
2004 to present."[FN2](Doc. # 226 at 2.) He con-
tends this is necessary because "upon information
and belief, defendant Joseph Gegeny, Esq., main-
tained employment with a state employer during the
alleged abridgement of plaintiff rights wherein,
such employment supports plaintiff averment that
defendant Joseph Gegeny, Esq., acted in a capacity
as a state actor under color of law."[*sic* ](Doc. #
226 at 1.)

> FN2. The plaintiff also seeks discovery as
> to when defendant Gegeny first met de-
> fendant Byrne and the nature of their rela-
> tionship prior to his retainer as her counsel.
> These topics are irrelevant either to the
> court's jurisdiction or to the motion to dis-
> miss.

Attorney Gegeny is counsel to defendant Emily
Byrne in certain state court actions relating to the
plaintiff's claims that he is the father of defendant
Byrne's infant daughter. (*See* Second Am. Compl. ¶
7.) The plaintiff alleges that Attorney Gegeny con-
spired with his client to deprive the plaintiff of his
parental rights. (*See, e.g., id.,* ¶ 7, 19(l), 23, 25,
32.)The plaintiff does not identify any basis for his
suggestion that the defendant attorney might have
been employed by the state. However, even if At-
torney Gegeny has or previously had some affili-
ation or employment with a state agency, the
plaintiff has identified nothing to suggest that his
representation of Ms. Byrne as her attorney was un-
dertaken as part of such employment. "Discovery
need not be granted to allow plaintiff to engage in
an unfounded fishing expedition for jurisdictional
facts."*Gear. Inc. v. L.A. Gear Cal., Inc.,* 637
F.Supp. 1323, 1328 (S.D.N.Y.1986). The plaintiff's
motion is denied.

B. *Motion for Appointment of a Guardian ad litem-docs. 227, 228*

The plaintiff next moves pursuant to Fed.R.Civ.P. 17(c) for the appointment of a guardian *ad litem* to represent the minor child. (Doc. # 227.) In a subsequent Amended Motion for Appointment of a Guardian *Ad Litem,* the plaintiff specifically requests that the court appoint Diane Belinkie, Esq. as the guardian *ad litem* based on plaintiff's representation that Ms. Belinkie agreed to such appointment. (Doc. # 228.)

The court has carefully reviewed the plaintiff's Second Amended Complaint. Under the relevant standard of review, the court finds that appointment of counsel is not warranted at this time. *See Hodge v. Police Officers,* 802 F.2d 58, 61-62 (2d Cir.1986) (setting forth standard of review for motions to appoint counsel); *Dunbar v. Colasanto,* No. 3:05 CV 1234(CFD), 2006 U.S. Dist. LEXIS 13213 (D.Conn.2006) (applying *Hodge* standard in declining to appoint guardian *ad litem* ). The fact that Attorney Belinkie may have agreed to be appointed as guardian *ad litem* does not affect the analysis. Plaintiff's motions for appointment of a guardian *ad litem* are denied.

C. *Motion for a Pretrial Conference-doc. 225*

**\*2** Plaintiff next moves for a pretrial conference to discuss his belief that "a bifurcated reply to defendant['s] motion to dismiss; [doc. # 206], would alter the focus and application of law materially to each defendant, prejudice and require the plaintiff to reply in isolation without the benefit of discovery while impeding judicial economy." (Doc. # 225 at 1.) The court understands this to be a request to stay briefing on the motion to dismiss until the bankruptcy stay applicable to defendant Emily Byrne is lifted. The court does not perceive any difficulty in the resolution of defendant Gegeny's motion to dismiss despite the bankruptcy stay of the case against defendant Emily Byrne and does not require a pretrial conference at this time.

D. *Motion to Hold Motion to Dismiss in Abeyance-doc. # 224*

Finally, the plaintiff asks the court to "hold in abeyance" his deadline to reply to the motion to dismiss. (Doc. # 224.) The motion is denied.

The court hereby grants the plaintiff a thirty-day extension of time to file his opposition to the defendant's motion to dismiss. The opposition shall be filed on or before July 2, 2007. Further requests for extension of time will be viewed with disfavor.

SO ORDERED at Hartford, Connecticut.

D.Conn.,2007.
Herrera-Mendoza v. Byrne
Slip Copy, 2007 WL 1613299 (D.Conn.)

END OF DOCUMENT