## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| SCOTT SIDELL | : | |
| Plaintiff, | : | No. 3:08-cv-710 (VLB) |
| | : | |
| v. | : | |
| | : | |
| STRUCTURED SETTLEMENT | : | |
| INVESTMENTS, LP, PLAINTIFF FUNDING | : | |
| HOLDING, INC. (D/B/A "LAWCASH"), | : | |
| DENNIS SHIELDS, HARVEY HIRSCHFELD, | : | |
| RICHARD PALMA, and SCOTT YUCHT | : | |
| | : | |
| Defendants. | : | August 25, 2008 |

### REPLY TO OPPOSITION TO MOTION FOR EXTENSION OF TIME TO CONDUCT DISCOVERY PRIOR TO RESPONDING TO DEFENDANTS' MOTION TO DISMISS

Plaintiff, Scott Sidell ("Plaintiff" or "Sidell"), hereby replies to Defendants' Opposition to Plaintiff's Request for Extension of Time to Conduct Discovery Prior to Responding to Defendants' Motion to Dismiss (the "Opposition"). Defendants' Opposition, which is replete with misleading rhetoric and false statements, confirms the central premise of the case pending before this Court – that these Defendants and their lawyers have little regard for ethical standards, including candor to this tribunal. Having found themselves in a quagmire of their own making, Defendants and their lawyers keep digging a deeper hole. While Plaintiff is reluctant to get into a back and forth with Defendants on these various unsavory issues, it is important that the record be made clear for the Court.

Dockets.Justia.com

Accordingly, Plaintiff responds briefly in this Reply memorandum, as follows:

1.     <u>Defendant's Misleading Claims Regarding Arbitration</u>

Defendants state that Plaintiff is litigating the same issues in the Arbitration, as if to suggest that Plaintiff cannot pursue his claims in Federal Court. This argument shows contempt for both the Arbitration and this Honorable Court. First, in the Arbitration, the Defendants claimed there was no jurisdiction to decide the e-mail issues. Plaintiff agreed, and filed this action. Soon after commencement of this action, Defendants did an about-face, claiming that the Arbitrator should decide the issue and award sanctions. In responding to Defendants' newly sought sanctions in the Arbitration, Plaintiff filed his own motion for sanctions, concerning defense counsel's acquisition and concealment of Sidell's privileged attorney-client communications. Now, Defendants have the temerity to claim that, based on their own procedural wrangling, and obvious efforts to shield their own bad conduct from light of day, this action should not proceed. This argument is obviously self-serving and disingenuous.

2.     <u>Attorney Crossman's Affidavit Is Based On A Misrepresentation that All E-mails Have been returned</u>

Attorney Crossman argues against a strawman to the extent he relies on the false statement that "all e-mails have been returned." It is undisputed that, in fact, all e-mails have <u>not</u> been returned. And those that were returned, which were limited to a few attorney/client communications, were redacted. Plaintiff believes there were as many as several hundred e-

2

mails that were sent in the post termination period when Defendants had unauthorized access to his personal e-mail account, which well over fifty were attorney-client communications. ZGB has only returned about six, redacted, attorney-client e-mails.

Additionally, there were thousands of e-mails stored Sidell's personal Yahoo account that may have been accessed, several of which Defendants reference in their pleadings, yet none not been returned. Sidell is obviously entitled to return of all of his e-mails, in unredacted form, that were stolen from his personal e-mail account and discovery based on the illegal access to and use of his e-mails.

3.   Attorney Crossman's Arguments Fail Based On their Faulty Premise.

Based on the misrepresentation that all e-mails have been returned, Attorney Crossman attempts to avoid discovery. Defendants and Attorney Crossman repeatedly claim that they have returned all of Sidell's e-mails and cite to the Affidavits of Richard Palma and Attorney Welzer in support of this claim (see Crossman Affidavit #2 ¶ 7, ¶8 and Exhibit D). However, this assertion is patently misleading, as those Affidavits only address Sidell's attorney-client e-mails and even those e-mails appear to have been redacted.

In Paragraph 2 of his Affidavit, Mr. Palma states that "I confirm that *all emails between Scott Sidell and his counsel* that were found in Sidell's Yahoo account have been returned." (Emphasis added). Similarly, in Paragraph 2 of his Affidavit, Attorney Welzer states that he "personally

conducted a search in all places in Zuckerman Gore & Brandeis's office likely to contain *any hard copies of emails between Sidell and his counsel.*" (Emphasis added). Thus, it is absolutely clear that the Affidavits relied on by Attorney Crossman only address attorney-client e-mails and it is misleading to assert that the Affidavits confirm that "all e-mails obtained have been delivered to Sidell's prior counsel" (Opposition, p. 4) – that is not what the Affidavits say and it has not been Defendants' position to date.

In reality, the Defendants have refused to produce <u>any</u> of Sidell's e-mails other than <u>redacted</u> copies of those that were clearly privileged and have refused to provide discovery concerning the e-mail access. Sidell's discovery requests in the Arbitration and ZGB's correspondence attached to Sidell's Reply to Defendants' Opposition to Motion to Disqualify (Exhibits C, D, E, F and G) demonstrate that Defendants stonewalled discovery in the Arbitration, based in large part on their claim that the Arbitrator had no jurisdiction over the issue. For counsel to now claim that <u>all</u> e-mails have been returned and that the issue is subject to Arbitration, when it clearly is not, is, at best, disingenuous and a clear reversal of their positions to date.

4. <u>There are Many Open Issues Regarding the Illegal Access to Sidell's E-mails Requiring Discovery</u>

Defendants' Opposition and Attorney Crossman's Affidavits still leave many critical questions unanswered and demonstrate that additional

discovery is necessary. Moreover, discovery may yield grounds to name additional defendants in this Action who have no plausible claim to arbitration, including Attorney Crossman and ZGB. Despite Defendants' self-serving arguments that all information has been provided concerning their illegal access to Sidell's account, discovery is necessary on the following topics:

- Exactly how did Scott Yucht access Sidell's personal account? Clearly Yucht, and possibly others, had to access Sidell's Yahoo account and open individual e-mails. Precisely how this was done has not been explained.

- How many e-mails did Yucht, Defendants, ZGB and/or others access?

- Who directed Yucht's actions?

- Who else received Sidell's e-mails (attorney-client and others)? This question applies to the Defendants, ZGB, and others, including employees and third parties. These other parties, including ZGB, may be additional defendants in this action and obviously have no basis to claim arbitration.

- Who redacted the dates and senders and recipients from Sidell's attorney-client e-mails, and why? Although counsel claims no e-mails were redacted, this simply is not the case. All of Sidell's e-mails contain headers, showing the date, subject, sender(s) and recipient(s), yet much of this information is missing from the few returned e-mails. There is no question that someone altered Sidell's e-mails, and the only plausible explanation is that this was done to conceal the date of access and/or the identity of the recipients.

- When did ZGB obtain and/or learn of the illegal access to Sidell's personal e-mail account? What inquiry did Attorney Crossman undertake concerning Sidell's attorney-client communications? Attorney Crossman conveniently omits these facts from his Affidavits.

- What other personal e-mails did the lawyers review or gain information from?

Attorney Crossman's Affidavits confirm that Attorney Crossman and ZGB are necessary witnesses in this Action and that they may be defendants, further supporting Plaintiff's Motion to Disqualify. Significantly, because Attorney Crossman and ZGB have no claim to arbitration, they could not seek to compel such claims to Arbitration and discovery is appropriate. Also, because only ZGB and Attorney Crossman can testify on many of the above issues, they are necessary witnesses; that alone is grounds for both additional discovery and disqualification.

5. <u>Defendants' Misrepresentations Concerning Refusal to Confer</u>

Defendants claim that Plaintiff's Motion for Extension of Time should be rejected solely based on Plaintiff's refusal to confer with ZGB. In fact, Plaintiff's counsel has been both diligent and cautious in dealing with ZGB given the pending Motion to Disqualify directed at the unethical conduct of ZGB, which has now been substantiated by Attorney Crossman's Affidavit #1. Unfortunately co-counsel for the Defendants, Robinson & Cole has only hampered Plaintiff's efforts in this regard.

During the 26(f) Conference and prior to the filing of Plaintiff's Motion for Extension of Time to Conduct Discovery, Plaintiff's counsel attempted to confer with counsel from Robinson & Cole who has also appeared for the Defendants. These efforts were met with direction from Robinson & Cole to deal <u>only</u> with ZGB and with ZGB's petulant refusal to communicate by e-mail. Plaintiff maintains that given the pending Motion to Disqualify and the extraordinary circumstances of this case, including an admission

from ZGB that they acquired, used and for several months concealed Sidell's attorney-client communications, that it was proper to attempt to deal with only Robinson & Cole.

Based on the foregoing, the Plaintiff respectfully requests that the Court grant the Plaintiff three months (90 days) to conduct discovery prior to responding to the Motion to Dismiss.

THE PLAINTIFF

By:_____
David A. Slossberg [ct13116]
Russell A. Green [ct14976]
HURWITZ, SAGARIN, SLOSSBERG
& KNUFF, LLC
147 North Broad Street
Milford, CT 06460-0112
Telephone: 203-877-8000
Facsimile: 203-878-9800
Juris No. 26616

# CERTIFICATE OF SERVICE

This is to certify that on August 25, 2008 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

_____
Russell A. Green