UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SCOTT SIDELL                                          :
                                                      :
                    Plaintiff,                        :    3:08-cv-710 (VLB)
                                                      :
v.                                                    :
                                                      :
STRUCTURED SETTLEMENT INVESTMENTS,                    :
LP, PLAINTIFF FUNDING HOLDING, INC.                   :
(D/B/A "LAWCASH"), DENNIS SHIELDS,                    :
HARVEY HIRSCHFELD, RICHARD PALMA,                     :
and SCOTT YUCHT                                       :
                                                      :
                    Defendants.                       :    September 9, 2008

### AMENDED MOTION FOR STATUS AND SCHEDULING CONFERENCE

Plaintiff Scott Sidell ("Sidell") hereby moves this Honorable Court to schedule a status and scheduling conference in this case in order to resolve the numerous outstanding motions in this action. These motions include a Motion to Disqualify, Motion to Adopt 26(f) Report and Motion to Conduct Discovery in response to Defendants' Motion to Compel Arbitration. Until these motions are resolved, this action is at a virtual standstill.

I.      PROCEDURAL BACKGROUND

This case[1] was instituted on May 5, 2008, when Plaintiff filed a Complaint alleging statutory and common law claims for unauthorized access to and theft of Sidell's personal e-mail communications by his former employers and others. Thereafter Sidell filed a Motion to Disqualify directed at

---

[1] There is a related action, Sidell v. Structured Settlements (3:08-cv-717 (VLB)), recently transferred to this Court which concerns a prejudgment remedy in aid of arbitration. There are several similar motions pending in that action.

one of the Defendants' attorneys, Attorney John Crossman, and his firm, Zuckerman, Gore & Brandeis ("ZGB"), who received and utilized Sidell's post-termination personal e-mails, including communications between Sidell and his counsel.

On July 18, 2008, the parties attempted to confer for the parties' planning conference pursuant to Local Rule 26(f). Attorney Crossman refused to include co-counsel from Robinson & Cole and, given the pending Motion to Disqualify, Plaintiff's counsel did not believe it appropriate to conduct the conference with Attorney Crossman and without counsel from Robinson & Cole. Thereafter Plaintiff filed a Motion to Adopt Rule 26(f) Report and Defendants filed an objection and a Motion to Compel Participation in Rule 26(f) Conference. The Defendants have also filed a Motion to Compel Arbitration, or Alternatively, a Motion to Dismiss, which the Plaintiff believes requires discovery. As a result, there is no scheduling order and no discovery has occurred.

II. SUMMARY OF ISSUES TO BE ADDRESSED

The following is a summary of the issues which require a ruling from the Court.

A. <u>Disqualification of Attorney Crossman</u> and his firm, ZGB, pursuant to Plaintiff's Motion to Disqualify Counsel and supporting Memorandum (filed on July 15, 2008, Docket Entry Nos. 26 and 27, respectively). This matter has been fully briefed by the parties, including Defendants' Memorandum in Opposition and Affidavit (filed on July 31, 2008,

Docket Entry Nos. 39 and 40, respectively) and Plaintiff's Reply thereto (filed on August 14, 2008, Docket Entry No. 44).

B. <u>Scheduling</u> – No scheduling order has been entered in this action. On July 18, 2008, Plaintiff filed a Motion for Adoption of Plaintiff's Rule 26(f) Report (Docket Entry No. 30), to which Defendants filed an Opposition Memorandum on July 30, 2008 (Docket Entry No. 38). On July 23, 2008, the Defendants also filed a Motion to Compel Participation in Rule 26(f) Conference together with supporting Affidavit (Docket Entry Nos. 31 and 32, respectively), to which the Plaintiff filed an Objection on July 29, 2008 (Docket Entry No. 37).

C. <u>Discovery</u> – No discovery has been conducted in this action. On July 23, 2008, the Defendants filed a Motion to Compel Arbitration, or Alternatively, to Dismiss, together with a supporting Memorandum and Affidavit (Docket Entry Nos. 33-35, respectively). On August 8, 2008, the Plaintiff filed a Motion for Extension of Time (Docket Entry No. 41) seeking additional time to respond to the Motion to Compel Arbitration so as to conduct discovery. On August 11, 2008, the Defendants filed a Memorandum in Opposition and supporting Affidavit (Docket Entry Nos. 42 and 43, respectively) to which the Plaintiff filed a Reply on August 25, 2008 (Docket Entry No. 45).

This is Plaintiff's first request for a status/scheduling conference. The undersigned contacted counsel from Robinson & Cole to ascertain

Defendants' position on this Motion; they have not responded, so counsel is unable to report their position.

WHEREFORE, for the reasons stated herein, Plaintiff respectfully requests that this Honorable Court set a date for a status and scheduling conference in order to address the matters set forth above, and, ultimately, enter a scheduling order that includes (1) argument on the pending Motion to Disqualify; (2) argument on the pending discovery motions; (3) fact and expert discovery dates; and (4) all other necessary pre-trial and trial readiness deadlines.

Respectfully Submitted,
THE PLAINTIFF, SCOTT SIDELL,

By: _____
David A. Slossberg [ct13116]
Russell A. Green [ct14976]
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 North Broad Street
P.O. Box 112
Milford, CT 06460-0112

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a copy of the foregoing MOTION FOR STATUS AND SCHEDULING CONFERENCE to be filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will by sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

_____
Russell A. Green