UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------- X
                                                              :
SCOTT SIDELL,                                                 :  No. 3:08-cv-710 (VLB)
                                                              :
                        Plaintiff,                            :
                                                              :
v.                                                            :
                                                              :
STRUCTURED SETTLEMENT INVESTMENTS,                            :
LP, PLAINTIFF FUNDING HOLDING, INC.                           :
(D/B/A "LAWCASH"), DENNIS SHIELDS,                            :
HARVEY HIRSCHFELD, RICHARD PALMA,                             :
and SCOTT YUCHT,                                              :
                                                              :
                        Defendants.                           :  September 9, 2008
                                                              :
------------------------------------------------------------- X

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S *AMENDED* MOTION FOR STATUS AND SCHEDULING CONFERENCE

Defendants respectfully submit this memorandum of law in opposition to the motion of Scott Sidell for this Court to schedule a status and scheduling conference (the "Conference Motion").

No conference is necessary because this dispute should be sent immediately to arbitration, to be resolved before the pending arbitration being administered by JAMS (the "Arbitration"). This Court already has before it defendants' motion to dismiss the complaint and to compel arbitration of this dispute pursuant to the arbitration agreement that Sidell signed (the "Arbitration Motion").

The pendency of the instant lawsuit, with its issues interrelated to the arbitration, is delaying the progress of the Arbitration. Most recently, the arbitrator in the Arbitration issued an order holding in abeyance nearly identical motions to those on file before this

Court. (See JAMS Order #9 (the "JAMS Order"), a copy of which is attached to this memorandum). The JAMS Order includes a finding that the issues in this Court are interrelated to the issues in the Arbitration. And the arbitrator, not wanting to render potentially inconsistent decisions, has stayed these matters pending this Court's determination of which forum should decide them. The arbitrator stated that "[n]othing in this Order is intended to express or signify any view about whether the correct forum for decision of the issues is the Court or JAMS Arbitration" (JAMS Order at p. 2, ¶ 2). Thus, we respectfully submit that no conference is necessary; the only motion that need be decided by this Court is the Arbitration Motion, this Court should compel arbitration, and the remaining issues should be referred at once to the JAMS arbitration.

Nor should this Court delay such an order compelling arbitration on the grounds that Sidell has also moved for discovery in this case. Sidell in his reply papers cites no genuine basis for discovery. Rather, he simply re-hashes errors of fact misapprehended by his counsel, which is his third law firm in this dispute, and hence that law firm is somewhat ignorant of the past practice. In short, every email (whether written to an attorney or not) has already been given to Sidell's counsel, none of the emails has been redacted, and Yucht acted on his own. All of these points have been made clear in signed pleadings and sworn affidavits. More importantly though, the arbitrator is fully familiar with these issues, and this Court need not dwell upon them – it need only send this dispute to arbitration so that the arbitrator can deal with them efficiently and completely.

Finally, the instant motion should be denied because Sidell's attorneys, once again, have refused to confer with us in advance. Although Sidell's attorney called our local counsel, who in turn indicated he had to refer the inquiry to Mr. Crossman of

Zukerman Gore & Brandeis, LLP, when Mr. Crossman called plaintiff's counsel, Russell Green, to discuss the matter, Mr. Green chose not to return the call. Accordingly, this motion is the latest in a series of motions filed by Sidell in which Sidell flatly refuses to honor his obligation to confer with counsel, thereby needlessly creating more work for this Court.

The simplest and fairest way to handle all of these disputes is to send them to arbitration, as mandated by Sidell's agreement with SSI.

## CONCLUSION

For all of the foregoing reasons, this Court should deny the motion for a conference and should instead send this case to arbitration.

Respectfully submitted,

DEFENDANTS

By: /s/ John K. Crossman
John K. Crossman (ct25518)
ZUKERMAN GORE & BRANDEIS, LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 223-6700
Email: jcrossman@zgbllp.com

ROBINSON & COLE LLP
John F.X. Peloso, Jr. (ct02447)
Alexander D. Pencu (ct26759)
695 East Main Street
P.O. Box 10305
Stamford, Connecticut 06904-2305
Telephone: (203) 462-7500
Facsimile: (203) 462-7599
Email: jpeloso@rc.com
Email: apencu@rc.com

## CERTIFICATE OF SERVICE

I hereby certify that, on September 9, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access the foregoing through the Court's system.

/s/ John K. Crossman
John K. Crossman (ct25518)

TAB A

JAMS ARBITRATION
------------------------------------------------------------------- X
SCOTT SIDELL,

                                                  Reference # 1425000992

                 Claimant,

   -against-

STRUCTURED SETTLEMENT INVESTMENTS,
L.P., STRUCTURED SETTLEMENTS, LLC (f/k/a
LawCash Structured Settlements, LLC), SSI-GP
HOLDINGS, LLC, PLAINTIFF FUNDING
HOLDINGS, INC. (d/b/a "Law Case"), PLAINTIFF
FUNDING CORPORATION, RICHARD PALMA,
HARVERY HIRSCHFELD, SELIG ZISES, DENNIS
SHIELDS, JASON YOUNGER, and MARC
WALDMAN,

                 Respondents.

------------------------------------------------------------------- X

## ORDER # 9

The following attorneys appeared by telephone before Arbitrator Jeanne C. Miller on September 4, 2008.

For the Claimant:
David A. Slossberg
Russell A. Green
Hurwitz Sagarin Slossberg & Knuff LLC
147 North Broad Street
P.O. Box 112
Milford, CT 06460-0112

For the Respondents:
John K. Crossman
Frank C. Welzer
Zukerman Gore & Brandeis, LLP
875 Third Avenue
New York, NY 10022

WHEREAS, respondents have made a motion for sanctions against Sidell and his counsel arising out of alleged violations of the protective order entered in this arbitration, and

WHEREAS Sidell has made a motion for sanctions against respondents and their counsel arising out of alleged ethical violations, and

WHEREAS Sidell has moved to disqualify Zukerman Gore & Brandeis, LLP as counsel for respondents, and

WHEREAS the foregoing motions pending before this arbitration forum are collectively referred to in this order as the "JAMS Motions", and

WHEREAS several parties in this arbitration are also parties to the case of *Scott Sidell v. Structured Settlement Investments, LP, Plaintiff Funding Holding, Inc., Dennis Shields, Harvey Hirschfeld, Richard Palma, and Scott Yucht*, pending in the United States District Court for the District of Connecticut, the Hon. Vanessa L. Bryant presiding, 08 Civ. 710 (the "Federal Case"), and

WHEREAS various motions (the "Federal Motions"), including a motion to disqualify counsel and a motion to compel arbitration before this arbitration tribunal or to dismiss have been made and are pending in the Federal Case, and

WHEREAS many of the issues raised by the JAMS Motions and the Federal Motions are interrelated, and

WHEREAS this arbitrator desires to avoid the possibility of inconsistent ruling(s) on the same issue(s) by JAMS and the Court, and deems it expedient to hold the pending JAMS Motions in abeyance until the District Court first rules on the pending Federal Motions;

NOW THEREFORE, IT IS

ORDERED that:

1. Decision on the JAMS Motions is held in abeyance pending the District Court's determination of the various issues raised in the Federal Motions,

2. Nothing in this Order is intended to express or signify any view about whether the correct forum for decision of the issues is the Court or JAMS Arbitration.

3. This Order does not preclude the further prosecution of the Arbitration on other issues, to the extent possible in light of the pending open isues.

4. The parties and the Arbitrator will hold a status conference to review the status of this matter on October 6, 2008, at 2:00 p.m.

DATE: New York, NY
September 8, 2008

                                *Jeanne C. Miller*
                                Jeanne C. Miller, Arbitrator