UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCOTT SIDELL | : | |
| | : | |
| Plaintiff, | : | No. 3:08-cv-710 (VLB) |
| | : | |
| v. | : | |
| | : | |
| STRUCTURED SETTLEMENT INVESTMENTS, LP, PLAINTIFF FUNDING HOLDING, INC. (D/B/A "LAWCASH"), DENNIS SHIELDS, HARVEY HIRSCHFELD, RICHARD PALMA, and SCOTT YUCHT | : | |
| | : | |
| Defendants. | : | December 3, 2008 |

## SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION, OR ALTERNATIVELY, TO DISMISS

Plaintiff, Scott Sidell (Plaintiff or "Sidell"), hereby submits this Sur-Reply to highlight for the Court three issues raised by the Defendants that are simply contradicted by the clear record in this case.

1. **The Defendants Misrepresent their Prior Statements that Sidell's Privacy Claims Were Not Subject to Arbitration.**

The Defendants represent to this Court that they have "embraced" the arbitration and that "while defendants objected to Sidell's interrogatories, <u>defendants never objected to JAMS having jurisdiction over any issue</u>." (Reply, p. 8) (Emphasis added). This statement is directly belied by the record in this case. During the course of the Arbitration, defense counsel explicitly stated that Sidell's interrogatories relating to the unauthorized e-mail access "<u>raise issues outside of the Sidell-SSI agreement to arbitrate and our clients have not consented to arbitrate them. As a result, JAMS lacks jurisdiction</u>." (Exhibit E to Plaintiff's

Memorandum of Law in Opposition to Defendants' Motion to Compel Arbitration, or Alternatively, to Dismiss (the "Opposition") (Emphasis added); See also, Exhibit G to the Opposition). Thus the Defendants explicitly <u>rejected arbitration of the e-mail issue</u> and asserted that <u>JAMS lacked jurisdiction over these claims</u>.

2. <u>The Defendants Motive for Searching Sidell's Personal Email Account is Irrelevant to Arbitrability of Sidell's Claims.</u>

In their effort to connect their illegal search of Sidell's e-mails with the arbitration of Sidell's employment claims, the Defendants assert that their access to Sidell's personal Yahoo account was part of their "hot pursuit" of Sidell's alleged "corporate theft". (Reply p. 6). While we think that this claim is, as a matter of fact, simply false, it is wholly irrelevant. The claims in this case involve the invasion of Sidell's privacy in violation of statutory and common law. The fact remains that the actual conduct giving rise to liability occurred post-termination. Nothing about Defendants' mindset changes that fact and, Defendants have not produced a single e-mail that supposedly supports their irrelevant argument.

3. <u>Defendants' Continue To Obfuscate About The Extent Of Their Intrusions Into Sidell's Privacy</u>

In their Reply, the Defendants maintain that "<u>all</u> of the emails were produced to Sidell in the Arbitration at the direction of the Arbitrator" (Reply, p. 5). However on the very same page of the Reply they admit that they have retained and <u>refused</u> to produce "non-attorney email transmissions", which presumably include the 'corporate theft' e-mail(s)

2

which supposedly justified Defendants' illegal search. (Reply, p. 5, n. 2; See also Opposition, p. 7- 8, Exhibits F and G). The Record is clear that the Defendants have not fully disclosed what e-mails were reviewed and by whom. Defendants' claim is clearly just another misrepresentation to the Court of the indisputable facts in this record.

The record is clear that the Defendants illegally searched Sidell's personal Yahoo e-mail account, including Sidell's privileged attorney-client e-mails, following termination of his employment. No matter how the Defendants attempt to twist the record, the claims in this action are not subject to the parties' agreement to arbitrate. For all of the foregoing reasons and for those set forth in Plaintiff's Opposition to the Motion to Compel Arbitration or Alternatively to Dismiss, the Court should deny the Defendants Motion to Compel Arbitration.

THE PLAINTIFF

By: _____
David A. Slossberg [ct13116]
Russell A. Green [ct14976]
HURWITZ, SAGARIN, SLOSSBERG
& KNUFF, LLC
147 North Broad Street
Milford, CT 06460-0112
Telephone: 203-877-8000
Facsimile: 203-878-9800
Juris No. 26616

## CERTIFICATE OF SERVICE

This is to certify that on December 3, 2008 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

Russell A. Green