## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **SCOTT SIDELL** | : | |
| | : | |
| Plaintiff, | : | **3:08-cv-710 (VLB)** |
| | : | |
| **v.** | : | |
| | : | |
| **STRUCTURED SETTLEMENT INVESTMENTS,** | : | |
| **LP, PLAINTIFF FUNDING HOLDING, INC.** | : | |
| **(D/B/A "LAWCASH"), DENNIS SHIELDS,** | : | |
| **HARVEY HIRSCHFELD, RICHARD PALMA,** | : | |
| **and SCOTT YUCHT** | : | |
| | : | |
| Defendants. | : | **March 18, 2009** |

### MOTION FOR DETERMINATION ON DISQUALIFICATION

The Plaintiff, Scott Sidell ("Sidell"), hereby renews his request for a determination on the issue of disqualification of Defendants' counsel, both in the underlying JAMS Arbitration between the parties and the prejudgment remedy action also pending before Your Honor (Sidell v. Structured Settlements Investments, et al., 3:08-cv-717 (VLB) (the "PJR Action"), which seeks to secure assets in aid of the Arbitration.

In this action Sidell asserted statutory and common law privacy claims arising out of the Defendants access to Sidell's post-termination, personal e-mails, including those between himself and counsel relating to his wrongful termination by the Defendants (the "Privacy Claims"). By decision dated January 14, 2009, this Court granted the Defendants' Motion to Compel Arbitration and ordered administrative closure of this action pending a determination by the arbitrator as to the arbitrability of the Privacy Claims. (See Exhibit A) Similarly in

the PJR Action, by order dated January 15, 2009, this Court denied without prejudice several pending motions, including a pending motion to disqualify counsel, subject to renewal following the Arbitrator's decision on arbitrability of the Privacy Claims and disqualification. (See Exhibit B). [1]

The parties then submitted issue of arbitrability of Sidell's Privacy Claims to JAMS Arbitrator Miller for a determination on arbitrability. By decision dated February 9, 2009, Arbitrator Miller determined that the Privacy Claims were arbitrable. (See redacted decision attached as Exhibit C). Sidell's Privacy Claims have now been combined with his employment claims in the Arbitration.

In the Arbitration, Sidell also renewed his motion to disqualify Defendants/Respondents' counsel Zukerman, Gore & Brandeis (now known as Zuckerman, Gore, Brandeis & Crossman[2]) based, inter alia, on that firm's receipt and retention of confidential, post-termination e-mails between Sidell and his lawyers, including those concerning his wrongful termination and potential arbitration. By decision dated March 5, 2009, Arbitrator Miller determined that that Sidell's disqualification claims were not arbitrable pursuant to Munich Reinsurance America, Inc. v. ACE Property & Casualty Insurance Co., 500 F. Supp. 272 (S.D.N.Y. 2007).[3] (See Exhibit D). Accordingly, Plaintiff's counsel

---

[1] Together with this Motion, Sidell has also renewed his previously filed Motion for Disqualification in the PJR Action.
[2] Zuckerman, Gore, Brandeis & Crossman ("ZGBC") represents the Defendants in this action and the PJR Action and represents the Respondents in the Arbitration. ZGBC also represented the Respondents' when they terminated Sidell's employment.
[3] Arbitrator Miller also recently denied Respondents efforts to sanction Sidell for bringing this action based on violations of the Protective Order issued in the Arbitration. Specifically, the Respondents claimed that disclosure of their illegal post-termination access to Sidell's personal Yahoo account was governed by the Protective Order. However, Arbitrator Miller determined the Protective Order did not apply to Sidell's own e-mails and denied the Respondents' Motion for

2

requests that this Court rule on the issue of disqualification, both in the underlying Arbitration and in the PJR Action.

As noted above, Plaintiff will be filing a similar motion in the PJR Action. Given the delay in these proceedings, which were originally commenced in May of 2008, and the continued worsening of the economy, Sidell seeks a ruling on this Motion and on his application for prejudgment remedy as soon as possible. If the Court's docket does not permit a prompt hearing on both matters, Sidell respectfully requests referral to and hearing by a magistrate judge.

THE PLAINTIFF, SCOTT SIDELL,

By: /s/ Russell A. Green
David A. Slossberg [ct13116]
Russell A. Green [ct14976]
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 North Broad Street
P.O. Box 112
Milford, CT 06460-0112
Tel: (203) 877-8000
Fax: (203) 878-9800
DSlossberg@hssklaw.com
RGreen@hssklaw.com

Sanctions, thus removing any further impediments from the Court ruling on this Motion or Sidell's PJR Application. (See redacted decision attached as Exhibit E).

3

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a copy of the foregoing [insert name of filing here] to be filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will by sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Russell A. Green
Russell A. Green

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SCOTT SIDELL      :
  Plaintiff,     :
           :
v.          :  CIVIL ACTION NO.
           :  3:08-cv-00710 (VLB)
STRUCTURED SETTLEMENT  :
INVESTMENTS, LP, PLAINTIFF  :
FUNDING HOLDING, INC. (d/b/a  :
"LAWCASH"), DENNIS SHIELDS,  :
HARVEY HIRSHFELD, RICHARD PALMA :
and SCOTT YUCHT,     :
  Defendants.    :  January 14, 2009

## MEMORANDUM OF DECISION GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION [Doc. #36]

Presently pending before the Court is the motion to compel arbitration and to dismiss filed by the defendants Structured Settlement Investments, LP (SSI) and related parties.[1] [Doc. #36] The defendants argue that a mandatory arbitration clause in the plaintiff Scott Sidell's employment contract with SSI [Doc. #35, Ex. B] requires him to arbitrate his claims against SSI, its agents, and successor PFH. The defendants further argue that the arbitrator should determine whether Sidell's claims are arbitrable. Sidell has filed a memorandum in opposition to the defendants' motion to compel arbitration [Doc. #55] advancing several agreements all challenging the arbitrabilty of the claims asserted by the plaintiff.

---

[1] The related parties are Plaintiff Funding Holding, Inc. (PFH) (which acquired and is doing business jointly with SSI as "LawCash") and their employees, PFH Chief Executive Officer Dennis Shields, PFH President Harvey Hirshfeld, PFH Chief Operations Officer Richard Palma, and SSI Chief Information Officer Scott Yucht.

1

Specifically, he challenges the claim that the parties agreed to arbitrate, contending that the Court should determine whether Sidell agreed to arbitrate. Sidell also argues that the defendants have waived their right to compel arbitration, Sidell's claims are not arbitrable, that Sidell's claims are outside the scope of the arbitration clause, and that any arbitration would be "tainted" by the facts underlying this case. For the reasons hereinafter set forth, the Court concludes that the parties have agreed to arbitrate arbitrabilty and therefore GRANTS the defendants' motion to compel arbitration.

### Facts

The following facts are relevant to the motion to compel arbitration and are not in dispute. On September 6, 2006, Sidell signed an employment agreement to be retained as Chief Executive Officer of SSI concurrent with SSI's acquisition by PFH. PFH and SSI then operated jointly as "LawCash." The Employment Agreement contains a choice of law provision in favor of New York law. It also includes an arbitration clause in which the parties designate JAMS as their arbitration forum. Specifically, it states: "[a]ny dispute, controversy, or claim arising out of or relating to this Agreement, or the breach, termination, or invalidity thereof whether sounding in contract or tort, and whether arising out of any statute or otherwise, shall be settled by binding arbitration in New York City in accordance with the Rules of JAMS or its successor entity." [Doc. #35, Ex. B].

JAMS Rule 11(c) states: "[j]urisdictional and arbitrability disputes, including disputes over the existence, validity, interpretation, or scope of the

2

agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter." [Doc. #35, Ex. G].

On August 24, 2007, LawCash terminated Sidell from his position as CEO of SSI. After being terminated, but before leaving the building, Sidell accessed his personal email through a company computer. On October 18, 2007, Sidell commenced arbitration with JAMS against all of the defendants except SSI Chief Information Officer Scott Yucht, alleging that they breached his employment agreement by terminating him without cause. During the course of the arbitration, Sidell learned that Yucht had accessed Sidell's personal email through the company computer Sidell had used, and that some of Sidell's emails relating to the arbitration were in the possession of the defendants. On May 8, 2008, Sidell brought suit in this court against all of the defendants in his arbitration and also against Yucht, alleging invasion of privacy and violations of 18 U.S.C. §2510 inter alia in connection with Yucht's alleged access and dissemination of Sidell's emails. [Doc. #1] The defendants then moved to compel Sidell to bring these claims before the JAMS arbitrator.

## Discussion

The threshold issue is whether the JAMS arbitrator or the Court should determine the arbitrability of Sidell's claims in this case. Sidell argues that the defendants have waived arbitrability in these claims, that his claims are not

arbitrable, that his claims do not relate to the employment agreement and are therefore outside the scope of the arbitration clause, and that the defendants' alleged use of Sidell's emails has "tainted" the arbitration. The defendants argue that all of these issues may be properly resolved by the JAMS arbitrator.

Sidell relies on JLM Industries, Inc. v. Stolt-Nielsen SA, 387 F.3d 163 (2d Cir. 2004) for the proposition that the Court should decide all of his challenges to arbitration. Specifically, Sidell argues that "a disagreement about whether an arbitration clause . . . applies to a particular type of controversy is for the Court." Id. at 171. JLM Industries is inapplicable, as the party seeking arbitration in that case did not argue that the parties had agreed to have the arbitrator determine her own jurisdiction, as the defendants in this case have by electing a forum whose rules specify that it resolves arbitrability disputes.

The more appropriate precedent is Bell v. Cendant Corp., 293 F.3d 563 (2d Cir. 2002). In that case, the Second Circuit held that if there was "clear and unmistakable evidence" that the parties had agreed to arbitrate arbitrability, then threshold issues of jurisdiction or competence, including arguments, as in this case, that claims were not arbitrable or that arbitration had been waived, should be decided by the arbitrator. Therefore, the Court need not address any of Sidell's arguments against arbitration if it finds that the parties have agreed to arbitrate arbitrability.

The question of whether the parties agreed to arbitrate arbitrability is decided under state law. Id. The parties have not argued whether New York law or

4

Connecticut law should guide the present inquiry, but the states' laws do not substantially differ on the "clear and unmistakable evidence" standard the Second Circuit applied in Bell using New York law. TES Franchising, LLC v. Loveman, Docket No. 3:04cv219, 2004 WL 885198 (D. Conn. Apr. 20, 2004).

The Court finds that there is clear and unmistakable evidence of intent to arbitrate arbitrability. In this case, there is both a broad arbitration clause and the incorporation by reference of the JAMS Rules. The Rules provide that arbitrators will determine their own authority. Either would suffice as evidence of the parties' intent to arbitrate arbitrability. Shaw Group, Inc. v. Triplefine International Corporation, 322 F.3d 115, 121-23 (2d Cir. 2003). Here, the parties do not contest the terms or validity of the arbitration clause. This is an issue that has routinely been referred to the competence of an arbitrator in this district.[2]

All of the defendants may invoke the arbitration clause against Sidell. He does not argue that any of the named defendants may not properly invoke the arbitration clause, although SSI is the only signatory to the Employment Agreement. The Court does note that Sidell asserts in his complaint that all of the defendants in this case were agents of or were acting in concert with the signatory to the agreement, and so all of the defendants are entitled rely on the arbitration agreement. Campaniello Imports, Inc. v. Saporiti Italia S.p.A., 117 F.3d

---

[2] See, e.g., TES Franchising, LLC v. Loveman, 3:04cv219, 2004 WL 885198 (D. Conn. Apr. 20, 2004); Congress Construction Co. v. Geer Woods, Inc., 3:05cv1665, 2005 WL 3657933 (D. Conn. Dec. 29, 2005); Durant, Nichols, Houston, Hodgson & Cortese-Costa, PC v. Dupont, 397 F.Supp.2d 386 (D. Conn. 2005); Surgutneftegaz v. President and Fellows of Harvard College, 167 Fed.Appx. 266 (2d. Cir. 2006).

655 (2d Cir. 1997). While Sidell argues that there may be other persons who have improperly obtained his emails who could not invoke the arbitration clause, he has not sued any other persons in this case nor has he asserted facts sufficient to establish that such person or persons may actually exist. Therefore, the JAMS arbitrator shall decide whether to exercise jurisdiction over Sidell's claims against the defendants in this action.

Accordingly, this case is dismissed in favor of the jurisdiction of the JAMS arbitrator now hearing Sidell's other claims against the defendants. Should the JAMS arbitrator decline to exercise jurisdiction over any of the claims in this case, Sidell may move to reopen this case within 30 days of her decision. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

/s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: January 14, 2009.

EXHIBIT B

EXHIBIT B

| | |
|---|---|
| **From:** | CMECF@ctd.uscourts.gov |
| **Sent:** | Thursday, January 15, 2009 2:54 PM |
| **To:** | CMECF@ctd.uscourts.gov |
| **Subject:** | Activity in Case 3:08-cv-00717-VLB Sidell v. Structured Settlement Investments, LP et al |
| | Order on Motion for Prejudgment Remedy |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

### United States District Court for the District of Connecticut

**Notice of Electronic Filing**

The following transaction was entered on 1/15/2009 at 2:53 PM EST and filed on 1/14/2009

**Case Name:** Sidell v. Structured Settlement Investments, LP et al

**Case Number:** 3:08-cv-717

**Filer:**

**Document Number:** 49(No document attached)

**Docket Text:**
**ORDER: In the companion case, 08cv710, the Court granted the defendants' Motion to Dismiss and determined that the Motion to Disqualify is moot, as the facts underlying the disqualification issue arise from the employment relationship and are therefore arbitrable. The issue of arbitrability is unrelated to the facts regarding the requested disqualification. The pending motions in this prejudgment remedy action, Docs. #[2], [6], [18], [20], and [36], are accordingly denied without prejudice to renewal following the arbitrator's decisions on arbitrability and disqualification. The Clerk is directed to administratively close this file. Signed by Judge Vanessa L. Bryant on 1/14/09. (Wilson, J.)**

3:08-cv-717 Notice has been electronically mailed to:

John F.X. Peloso, Jr jpeloso@rc.com, sjones@rc.com

David A. Slossberg dslossberg@hssklaw.com

Russell Atkinson Green rgreen@hssklaw.com, LSimpson@hssklaw.com

John K. Crossman jcrossman@zgbllp.com

Alexander D. Pencu apencu@rc.com, ccroston-ling@rc.com, cranges@rc.com

EXHIBIT C

EXHIBIT C

JAMS ARBITRATION

------------------------------------------------------------- X

SCOTT SIDELL,

                                     Reference # 1425000992

                      Claimant,

        -against-

STRUCTURED SETTLEMENT INVESTMENTS,
L.P., STRUCTURED SETTLEMENTS, LLC (f/k/a
LawCash structured Settlements, LLC), SSI-GP
HOLDINGS, LLC, PLAINTIFF FUNDING
HOLDINGS, INC. (d/b/a "Law Case"), PLAINTIFF
FUNDING CORPORATION, RICHARD PALMA,
HARVERY HIRSCHFELD, SELIG ZISES, DENNIS
SHIELDS, JASON YOUNGER, and MARC
WALDMAN,

                ꞌ    Respondents.

------------------------------------------------------- X

## DECISION ON ARBITRABILITY

Attorneys for the Claimant:
David A. Slossberg, Esq.
Russell A. Green, Esq.
Hurwitz Sagarin Slossberg & Knuff LLC
147 North Broad Street
P.O. Box 112
Milford, CT 06460-0112

Attorneys for the Respondents:
John K. Crossman, Esq.
Zukerman Gore & Brandeis, LLP
875 Third Avenue
New York, NY 10022

Arbitrator: Jeanne C. Miller
JAMS

## I.  HISTORY

This matter is before the arbitrator to decide whether the claims brought in the United States District Court of the District of Connecticut by Scott Sidell ("Sidell") are arbitrable in the ongoing JAMS arbitration between the parties. Sidell commenced an action in the United States District Court for the District of Connecticut, on May 8, 2008, alleging, among other things, invasion of privacy in violation of federal and state statutes and common law in connection with SSI's alleged unauthorized access and dissemination of Sidell's emails. The respondents moved on July 23, 2008, to compel arbitration or to dismiss. On January 14, 2009, Judge Vanessa L. Bryant, United States District Judge, dismissed the case in favor of the jurisdiction of JAMS to decide the arbitrability of Sidell's claims stating that "[T]he JAMS arbitrator shall decide whether to exercise jurisdiction over Sidell's claims against the defendants in this action".

**REDACTED**

**REDACTED**

II.    DISCUSSION

**REDACTED**

**REDACTED**

**REDACTED**

3

**REDACTED**

**REDACTED**

**REDACTED**

---

[1] These communications with Sidell's attorney are the subject of the motions for disqualifications before both the federal court and the arbitration. These claims will be addressed in other motions in the arbitration.

REDACTED

REDACTED

REDACTED

# REDACTED

III. Decision

In accordance with the decision of Judge Vanessa L. Bryant of the United States District Court, District of Connecticut, and the JAMS Comprehensive Rules and Procedures, the arbitrator exercises her authority to decide the arbitrability of Sidell's claims brought in the District of Connecticut Court. The arbitrator finds that all of the claims brought by Sidell in the United States District Court, District of Connecticut, are arbitrable and will be decided in the ongoing JAMS arbitration currently before this arbitrator.

Jeanne C. Miller, Arbitrator

Dated: New York, NY
February 9, 2009

EXHIBIT D

JAMS ARBITRATION

---------------------------------------------------------- X

SCOTT SIDELL,

Reference # 1425000992

Claimant,

-against-

STRUCTURED SETTLEMENT INVESTMENTS,
L.P., STRUCTURED SETTLEMENTS, LLC (f/k/a
LawCash structured Settlements, LLC), SSI-GP
HOLDINGS, LLC, PLAINTIFF FUNDING
HOLDINGS, INC. (d/b/a "Law Case"), PLAINTIFF
FUNDING CORPORATION, RICHARD PALMA,
HARVERY HIRSCHFELD, SELIG ZISES, DENNIS
SHIELDS, JASON YOUNGER, and MARC
WALDMAN,

Respondents.

---------------------------------------------------------- X

## DECISION ON RESPONDENTS' MOTION FOR
## SANCTIONS FOR VIOLATION OF THE PROTECTIVE ORDER

Attorneys for the Claimant:
David A. Slossberg, Esq.
Russell A. Green, Esq.
Hurwitz Sagarin Slossberg & Knuff LLC
147 North Broad Street
P.O. Box 112
Milford, CT 06460-0112

Attorneys for the Respondents:
John K. Crossman, Esq.
Zukerman Gore & Brandeis, LLP
875 Third Avenue
New York, NY 10022

Arbitrator: Jeanne C. Miller
JAMS

1

I.    HISTORY

This Motion for Sanctions for Violation of the Protective Order was brought by respondents on July 17, 2008. Claimant objected to the motion on August 14, 2008, and respondents replied on August 21, 2008. On May 8, 2008, claimant had filed an action in the United States District Court for the District of Connecticut allegedly based on information that is the subject of the instant motion. The motion was not addressed immediately by the arbitrator pending a decision from the federal court regarding the arbitrability of Sidell's federal action. Judge Vanessa L. Bryant issued her decision on January 14, 2009, referring the arbitrability question to the arbitrator. The arbitrator's decision on February 9, 2009, found the claims to be arbitrable in this ongoing arbitration. Respondents' Motion for Sanctions is now being addressed.

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

4

**REDACTED**

The Order was presented to the parties and to the arbitrator as a means to protect materials that contained trade secrets, confidential and proprietary company information, competitive and other confidential business information. Respondents' attorney's letter to the arbitrator described the materials that it had ready to produce using the same descriptive terms. The description of the emails is not the kind of information that the Order was written to protect. Respondents knew when the Order was entered that the emails were in their possession. Yet, when they agreed to the description of protected materials in the Order they did not add something to describe and include the emails that were found when the computer was accessed.[4] The emails do not fit the description of confidential information in the Order and do not fall under the Order's protection.

III.    DECISION

The emails do not fit the description of information covered by the Order. Prior to the entry of the Order, the originals of the emails that surfaced during discovery were possessed by Sidell as they were in his Yahoo account. The fact that respondents obtained access to them and copied them does not negate Sidell's possession of them. There is no violation of the Order and respondents' motion for sanctions is denied.

Jeanne C. Miller, Arbitrator

Dated: New York, NY
        March 9, 2009

---

[4] The material that Sidell sent to himself has been described as information confidential and proprietary to the company. That company material fits the description of protected discovery and is not part of this motion, though it is the core of respondents' counterclaim.

5

**EXHIBIT E**

JAMS DISPUTE RESOLUTION

-------------------------------------------------- X

SCOTT SIDELL,                                    Reference # 1425000992

              Claimant,

   -against-

STRUCTURED SETTLEMENT INVESTMENTS,
L.P., STRUCTURED SETTLEMENTS, LLC (f/k/a
LawCash Structured Settlements, LLC), SSI-GP
HOLDINGS, LLC, PLAINTIFF FUNDING
HOLDINGS, INC. (d/b/a "Law Case"), PLAINTIFF
FUNDING CORPORATION, RICHARD PALMA,
HARVERY HIRSCHFELD, SELIG ZISES, DENNIS
SHIELDS, JASON YOUNGER, and MARC
WALDMAN,

              Respondents.

-------------------------------------------------- X

## ORDER # 13

     The following attorneys appeared by telephone before Arbitrator Jeanne C. Miller on
February 26, 2009.

For the Claimant:
David A. Slossberg, Esq.
Russell A. Green, Esq.
Hurwitz Sagarin Slossberg & Knuff LLC
147 North Broad Street
P.O. Box 112
Milford, CT 06460-0112

For the Respondents:
John K. Crossman
Frank C. Welzer
Zukerman Gore Brandeis & Crossman, LLP
875 Third Avenue
New York, NY 10022

The parties and the Arbitrator discussed the Claimant's motion for sanctions, and the undersigned hereby Orders as follows:

1. Having considered the claimant's request to disqualify respondents' counsel, which is part of the requested relief in claimant's motion for sanctions, I have determined that the portion of claimant's motion to disqualify respondents' attorneys following their receipt and retention of communications between claimant and his attorney is not arbitrable. See Munich Reinsurance America, Inc. v. ACE Property & Casualty Insurance Co., 500 F.Supp. 272 (S.D.N.Y. 2007).

2. The portion of the motion to disqualify that would bar the attorneys from continuing to represent respondents because they might have to testify or that there might be a conflict of interest among the respondents is arbitrable and is denied.

DATE: New York, NY
March 5, 2009

Jeanne C. Miller, Arbitrator

2