UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
------------------------------------------------------------ X
                                                             :
SCOTT SIDELL,                                                :   3:08CV710 (VLB)
                                                             :
                    Plaintiff,                               :
                                                             :
v.                                                           :
                                                             :
STRUCTURED SETTLEMENT                                        :
INVESTMENTS, LP, PLAINTIFF FUNDING                           :
HOLDING, INC. (D/B/A "LAWCASH"),                             :
DENNIS SHIELDS, HARVEY HIRSCHFELD,                           :
RICHARD PALMA, and SCOTT YUCHT,                              :
                                                             :
                    Defendants.                              :   April 8, 2009
                                                             :
------------------------------------------------------------ X
```

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR DETERMINATION ON DISQUALIFICATION</u>**

Defendants Structured Settlement Investments, LP ("SSI"), Plaintiff Funding Holding, Inc., Dennis Shields, Harvey Hirschfeld, Richard Palma, and Scott Yucht respectfully submit this opposition to Scott Sidell's motion for determination on disqualification.

Scott Sidell's motion should be denied for at least the following three reasons:

    (1)    This motion does not belong before this Court. In fact, the underlying arbitration is venued not in Connecticut, but in New York, because the arbitration is pending in New York City. A motion to disqualify (a) New York attorneys (b) for alleged conduct in New York (c) from participating in an arbitration taking place in New York (d) pursuant to an

ORAL ARGUMENT REQUESTED

agreement with New York choice of law and (e) New York choice of forum provision, must be decided by a Court sitting in New York.

(2) Sidell's motion is substantively without merit because there is no basis to disqualify counsel -- this motion is a mere litigation tactic.

(3) The motion is procedurally improper. Sidell filed it more than three months after the Court dismissed this case and entered judgment in favor of defendants.

Accordingly, defendants respectfully request that the Court deny Sidell's motion for determination without prejudice to him re-filing it in New York.

## FACTS

Sidell has filed this motion in Connecticut notwithstanding that the facts overwhelmingly dictate that he should have filed it in New York. In specific:

- All of the substantive claims are pending in arbitration before JAMS in New York City;

- The motion to disqualify concerns conduct in New York City by New York attorneys;

- The New York Code of Professional Responsibility applies;

- The underlying Employment Agreement has a New York choice of law and a New York choice of forum provision;[1] and

---

[1] The Employment Agreement is attached to the Declaration of John Crossman in Opposition to Scott Sidell's Motion To Disqualify (Dkt. 40), e-filed herein on July 31, 2008, as Exh. A to Exh. C of the Declaration. The New York choice of law and forum provision is found at pp. 46-47 of the e-filed Declaration.

2

- The matters in the Connecticut district court have been closed since January 15, 2009.

By order entered January 14, 2009 (the "January 14 Order"), the Court directed that this case be dismissed in favor of the jurisdiction of the JAMS Arbitrator. (Dkt. 62). The Court also terminated the motion to disqualify counsel as "moot." (Dkt. 62, 63). On January 15, 2009, the Clerk entered Judgment in favor of the defendants and this case was designated on Pacer as "Closed." (Dkt. 64).

On February 9, 2009, the Arbitrator issued a "Decision on Arbitrability" in which the Arbitrator found that "all of the claims brought by Sidell in the United States District Court, District of Connecticut, are arbitrable and will be decided in the ongoing JAMS arbitration currently before this [A]rbitrator." (Decision on Arbitrability at p. 6, a redacted version of which is attached as Exh. A).

In the Arbitration, Sidell filed an identical motion to disqualify counsel as he filed here. Significantly, in Sidell's Motion to Disqualify, all of the alleged conduct of defense counsel is alleged to have taken place in New York, in relation to counsels' alleged receipt of documents in their New York office and their alleged use of them in an arbitration in New York City.

On March 5, 2009, the Arbitrator, sitting in New York, denied in part Sidell's motion to disqualify, finding:

> The portion of the motion to disqualify that would bar the attorneys from continuing to represent respondents because

3

>they might have to testify or that there might be a conflict of
>interest among the respondents is arbitrable and <u>is denied</u>.

(Order #13 at p. 2, attached as Exh. B)(emphasis added). The Arbitrator decided, based upon *Munich Reinsurance America, Inc. v. ACE Property & Casualty Ins. Co.*, 500 F.Supp.272 (S.D.N.Y. 2007), that she lacked jurisdiction to determine that portion of Sidell's motion to disqualify which concerns defendants' counsels' "receipt and retention of communications between claimant and his attorney." (Order #13 at p. 2, attached as Exh. B).

On March 6, 2009, Sidell filed an amended claim in the Arbitration in New York, asserting in the Arbitration claims which Sidell had previously attempted to assert before this Court. That JAMS arbitration is pending in New York City and the case is now in the deposition phase of discovery.

On March 18, in this now dismissed and closed action, Sidell filed the present Motion for Determination on Disqualification. Sidell's motion is procedurally improper and substantively without merit; therefore, it should be denied.

## LEGAL ARGUMENT

On July 31, 2008, the defendants filed a memorandum of law and declaration in this Court (Dkts. 39 and 40) in opposition to Sidell's initial motion to disqualify in this case, in which defendants set forth the reasons why Sidell's motion should be denied. In the interests of efficiency, we incorporate those arguments by reference here, and respectfully refer the Court to the accompanying Declaration of John K. Crossman for their content. This opposition supplements those papers to address additional

rulings which have been made in the time since that opposition was filed, including the dismissal of this action in favor of JAMS arbitration and the Arbitrator's denial of all aspects of Sidell's disqualification motion except for that dealing with counsel's receipt of the purportedly privileged emails.

A. The Motion To Disqualify Should Be Denied For The Reasons Set Forth In Dkts. 39 And 40

Defendants respectfully refer the Court to the memorandum of law and declaration (Dkts. 39 and 40) which defendants filed in opposition to Sidell's initial motion to disqualify in this case, copies of which are attached to the accompanying Crossman Declaration.

B. The Court Lacks Jurisdiction To Disqualify New York Attorneys From Participating In Arbitration Pending In New York

The Second Circuit has long held that "the business of the court is to dispose of litigation and not to act as a general overseer of the ethics of those who practice here unless the questioned behavior <u>taints the trial</u> of the cause <u>before it</u>." *W.T. Grant Co. v. Haines*, 531 F. 2d 671, 677 (2d Cir. 1976)(denying motion to disqualify counsel) (emphasis added). Thus, if there is no risk of trial taint, a motion to disqualify must be denied. *W.T. Grant Co.*, 531 F. 2d at 677 (2d Cir. 1976)(denying motion to disqualify counsel where no risk of trial taint existed); *Ceramco, Inc. v. Lee Pharm.*, 510 F.2d 268, 271 (2d Cir. 1975)(same).

A question of disqualification should be heard by the Court overseeing the conduct of the attorneys admitted to practice before it. Disqualification "requires an application of substantive state law regarding

the legal profession and results in an enforceable judicial order." *Munich Reinsurance America, Inc.*, 500 F.Supp.272, 275 (S.D.N.Y. 2007)(finding that a party to an arbitration agreement properly filed a motion to disqualify Pennsylvania counsel in Pennsylvania's Court of Common Pleas); *Biderman Industries Licensing, Inc. v. Avmar N.V.*, 173 A.D.2d 401, 570 N.Y.S.2d 33 (1st Dep't 1991); *Erdheim v. Selkowe*, 51 A.D.2d 705, 705, 380 N.Y.S. 2d 20, 21 (1st Dep't 1976)("the power to censure attorneys as members of the Bar is reserved to the Appellate Division of the Supreme Court in each department.").

Given that all of the claims herein are being tried in arbitration in New York City, and the disqualification motion involves the conduct of New York attorneys in New York, it makes absolute sense that any motion to disqualify counsel be decided in a New York court.

C. <u>Sidell Has Failed To Demonstrate Any Prejudice</u>

Where a party fails to demonstrate any prejudice resulting from an attorney's purported receipt of privileged communications, courts have routinely held that disqualification is unwarranted. *Milford Power Ltd. P'ship v. New England Power Co.*, 896 F. Supp. 53, 58-59 (D. Mass. 1995)("because [Plaintiff] has failed to show any prejudice resulting from [opposing counsel's] examination of the [privileged] documents, the Court will deny [Plaintiff's] motion to disqualify"); *Resolution Trust Corp. v. First of America Bank*, 868 F. Supp. 217, 221 (W.D. Mich.1994)(denying motion to disqualify because defendant did not show substantial prejudice by the

disclosure of privileged documents); *Ceramco*, 510 F.2d at 271 (2d Cir. 1965)(denying motion where there was "no possibility of so prejudicing the opponent that the firm should be barred from the case entirely . . .").

Here, Sidell fails to demonstrate how he would be prejudiced if his motion were denied. Sidell merely makes the conclusory allegation that the action "has been irreparably tainted" (Sidell's Motion to Disqualify at p. 14). But other than to reiterate that there is a purported "conflict of interest" -- an argument <u>specifically rejected</u> by the Arbitrator -- Sidell fails to demonstrate how the action has been tainted, or how any purported taint would prejudice its client at trial. (Order #13 at p. 2, attached as Exh. B).

Thus, Sidell's argument is insufficient to warrant disqualification. *Milford Power Ltd. P'ship*, 896 F. Supp. at 59 (D. Mass. 1995)(denying motion to disqualify because defendant failed to demonstrate prejudice); *Resolution Trust Corp.*, 868 F. Supp. at 221 (W.D. Mich. 1994)(same); *Ceramco*, 510 F.2d at 271 (2d Cir. 1965)(same).

D. <u>Sidell's Motion Is Untimely</u>

Sidell filed his motion in a closed case, three months after judgment was entered in favor of the defendants, and it may be rejected for this reason alone. *Arbitron Inc. v. Traylon Broad. Inc.*, 2008 WL 2854269 *1 (S.D.N.Y. 2008)(denying post-judgment motion as untimely); *Huff v. Davis*, 2007 WL 2221388 at * 1 (E.D.Mich. 2007)(denying petitioner's post-judgment motion as untimely); *In re Armstrong*, 2006 WL 3408237 at * 1-2 (E.D.N.C. 2006 )(finding plaintiff's post-judgment motion frivolous; "once a case is

closed . . . plaintiff may not file any documents except a notice of appeal and/or a motion to certify an appeal as having merit"); *Fin. One Pub. Co. Ltd. v. Lehman Bros. Special Fin. Inc.*, 2003 WL 22056983 * 1 (S.D.N.Y. 2003)(finding post-judgment motion for reconsideration untimely); *Empresa Cubana Del Tabaco v. Culbro Corp*, 478 F. Supp. 2d 513, 517 (S.D.N.Y. 2007)(denying post-judgment motion as untimely).

## CONCLUSION

For all of the foregoing reasons and the reasons set forth in Defendants' Memorandum in Opposition to Plaintiff's Motion to Disqualify Counsel, filed on July 31, 2008 (Dkt. 39), and in the Declaration of John K. Crossman in Opposition to the Motion, filed on July 31, 2008 (Dkt. 40), defendants respectfully request that the Court deny Scott Sidell's motion without prejudice to him re-filing it in New York.

Respectfully submitted,

DEFENDANTS

By: /s/ John K. Crossman
John K. Crossman (ct25518)
ZUKERMAN GORE BRANDEIS
 & CROSSMAN, LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 223-6700
Facsimile: (212) 223-6433
Email: jcrossman@zgbcllp.com


ROBINSON & COLE LLP
John F.X. Peloso, Jr. (ct02447)

**Alexander D. Pencu (ct26759)**
**695 East Main Street**
**P.O. Box 10305**
**Stamford, Connecticut 06904-2305**
**Telephone: (203) 462-7500**
**Facsimile: (203) 462-7599**
**Email: jpeloso@rc.com**
**Email: apencu@rc.com**

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 8, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access the foregoing through the Court's system.

/s/ John K. Crossman
John K. Crossman (ct25518)