UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCOTT SIDELL | : | |
| | : | |
| Plaintiff, | : | 3:08-cv-710 (VLB) |
| | : | |
| v. | : | |
| | : | |
| STRUCTURED SETTLEMENT INVESTMENTS, | : | |
| LP, PLAINTIFF FUNDING HOLDING, INC. | : | |
| (D/B/A "LAWCASH"), DENNIS SHIELDS, | : | |
| HARVEY HIRSCHFELD, RICHARD PALMA, | : | |
| and SCOTT YUCHT | : | |
| | : | |
| Defendants. | : | April 23, 2009 |

## REPLY TO OPPOSITION TO
## MOTION FOR DETERMINATION ON DISQUALIFICATION

The Plaintiff, Scott Sidell ("Sidell" or "Plaintiff"), hereby replies to Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Determination on Disqualification. In their Opposition, the Defendants claim that Sidell's Motion to Disqualify should be decided by a Court sitting in New York, the Motion is untimely because this case has been administratively closed and that Sidell has failed to demonstrate prejudice. All of these arguments fail for reasons identified in the Respondent's own papers.

The Motion to Disqualify should be decided here because it was filed in claims originating in this Court, as was a Motion to Disqualify in the related pre-judgment remedy action also pending before Your Honor (<u>Sidell v. Structured Settlements Investments, et al.</u>, 3:08-cv-717 (VLB) (the "PJR Action")[1], which seeks to secure assets in aid of the Arbitration. Moreover, as the Defendants fail

---

[1] The Defendants have filed an identical Opposition in the PJR Action, despite the obvious, different procedural posture of the two cases.

to note, Sidell is a Connecticut resident working in a Connecticut office when he was terminated. The Defendants then accessed Sidell's personal Yahoo email account and intercepted e-mails between Sidell (at his home in Connecticut) and his lawyers, among others. These e-mails, including privileged communications, were then shared with the Defendants' lawyers, Zuckerman, Gore, Brandeis & Crossman ("ZGBC") who concealed their existence from Sidell and his lawyers for up to six months in clear violation of their ethical obligations to make no use of the e-mails and immediately return them to Sidell. Thus there is a sufficient nexus between the conduct of defense counsel and Connecticut to warrant this Court deciding disqualification, particularly since the Arbitrator has determined that she lacks jurisdiction over the issue of disqualification.

Moreover, since this Court will need to evaluate the conduct of ZGBC and rule on the Motion to Disqualify in the PJR Action, it is appropriate for this Court to rule on the issue of disqualification as it relates to the Arbitration and the privacy claims pending therein. The Defendants' implication that this Court is somehow incapable of evaluating the conduct of ZGBC because they practice in New York obviously ignores the fact that they are also admitted in Connecticut, have filed appearances in this action and the PJR Action, subjecting them to discipline by this Court, and the fact that this Court routinely analyzes and applies law from different forums. This Court is certainly capable of evaluating their conduct and determining if they should be disqualified in the Arbitration as well as the PJR Action.

Sidell's efforts to disqualify ZGBC are not untimely. To the contrary, Sidell has consistently sought disqualification of ZGBC in litigation of his privacy claims, which commenced with this action. This action was initiated on May 8, 2008 and, after counsel from ZGBC filed their appearances, Sidell promptly filed a Motion to Disqualify on July 15, 2008. As the Opposition (p. 3) correctly notes, this Court's January 15, 2009 order specifically permitted the Plaintiff to renew disqualification pending the Arbitrator's decision on arbitrability and disqualification. Because the Arbitrator determined that the issue of disqualification is not arbitrable and refused to rule on the issue, it is appropriate and necessary for this Court to do so.

Finally, the argument that Sidell has failed to show any prejudice should be dismissed out of hand. (Opposition, p. 6). This is not a case where privileged communications were inadvertently disclosed by a party. To the contrary, the Defendants intentionally and purposefully searched Sidell's personal Yahoo e-mail account <u>after</u> his termination and obtained post-termination confidential attorney-client communications. ZGBC then acquired and reviewed these communications, used the information therein for the benefit of their clients in the Arbitration and waited six months to disclose to Sidell their possession of his e-mails. Then, feigning ignorance ZGBC claimed that they were unaware the concealed e-mails were generated after Sidell's termination – despite a supposedly thorough "privilege analysis," ZGBC ignored that the e-mails were dated after Sidell's termination and the content of the e-mails clearly concerned

Sidell's termination and legal representation. This conduct is highly prejudicial and merits disqualification.

WHEREFORE, for the foregoing reasons and for the reasons submitted in his Motion for Determination on Disqualification, Plaintiff respectfully requests that his Motion be granted.

THE PLAINTIFF, SCOTT SIDELL,

By: /s/ Russell A. Green
David A. Slossberg [ct13116]
Russell A. Green [ct14976]
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 North Broad Street
Milford, CT 06460-0112
Tel. (203) 877-8000
Fax (203) 878-9800
Juris No. 26616
RGreen@hssklaw.com
DSlossberg@hssklaw.com

## CERTIFICATE OF SERVICE

This is to certify that on April 23, 2009 a copy of the foregoing REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR DETERMINATION ON DISQUALIFICATION was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

Russell A. Green