UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------ X
:
SCOTT SIDELL,                              : 3:08CV710 (VLB)
:
        Plaintiff,              :
:
v.                                         :
:
STRUCTURED SETTLEMENT                      :
INVESTMENTS, LP, PLAINTIFF FUNDING         :
HOLDING, INC. (D/B/A "LAWCASH"),           :
DENNIS SHIELDS, HARVEY HIRSCHFELD,         :
RICHARD PALMA, and SCOTT YUCHT,            :
:
        Defendants.             : May 1, 2009
:
-------------------------------------------------------------X

### SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION ON DISQUALIFICATION

Defendants submit this Sur-Reply to correct three factual inaccuracies raised for the first time in Plaintiff's Reply to Opposition to Motion for Determination on Disqualification (the "Reply").

**First**, Sidell incorrectly implies that there is a Connecticut nexus to the events leading to this disqualification motion – when in fact the *sole* nexus is with New York. **Second**, Sidell incorrectly states that his attorney's "promptly" moved to disqualify counsel – when in fact the disqualification motion was not filed for more than half a year, and then only once Sidell had replaced his New York attorneys with new attorneys from Connecticut. **Third**, Sidell incorrectly suggests that counsel for defendants knew the dates of the emails in question when counsel did its

ORAL ARGUMENT REQUESTED

pre-review analysis of whether the emails were subject to any privilege, when in fact counsel did not know (and could not have known) the dates of those emails at the time because the privilege analysis was <u>necessarily</u> performed <u>before</u> the emails were reviewed.

In ignoring the 100% New York nexus for this attorney disqualification motion, Sidell's Reply claims merely that "Sidell is a Connecticut resident working in a Connecticut office when he was terminated." (Reply at p. 2). If that statement could be read to imply a Connecticut nexus for the <u>attorney</u> conduct that is the subject of this motion, then the implication is wrong. The attorneys – ZGBC[1] – were officed in New York, were hired in New York, and were hired by a client in New York for an arbitration venued in New York. (<u>See</u> Dkt. 67, at pp. 2-4). Furthermore, the purportedly privileged documents (that form the sole grounds for the instant disqualification motion) were sent from SSI's offices in New York, to ZGBC's offices in New York. (<u>See</u> John Crossman Declaration, attached to Dkt. 66 as Exh. 2, at ¶¶ 12-16). Accordingly, Mr. Sidell's state of residency and work location on the day he was fired – which firing predated the sending of the allegedly privileged documents to counsel – is irrelevant to a motion seeking to disqualify New York counsel, for its handling of documents in its New York office, from representing its New York clients in an arbitration in New York City, and where the ethical rules in force were necessarily those of the State of New York.

---

[1] Zukerman Gore Brandeis & Crossman, LLP.

Nor did Sidell move to disqualify promptly. In the Fall of 2007, when the allegedly privileged documents were first sent to ZGBC, Sidell was represented by New York counsel. In the late Fall of that year, he added as co-counsel, another New York firm. In the Winter of 2007- 08, Sidell terminated his original New York lawyer, and a few months later, he also fired his second New York lawyer, replacing them with his current attorneys, based in Connecticut. Then, in the Summer of 2008, Sidell for the first time sought to disqualify counsel.

Consequently, Sidell is wrong to state that he "promptly filed a Motion to Disqualify." (Reply at 3). On January 18, 2008, Sidell learned of ZGBC's possession of the purported privileged documents when ZGBC produced those documents to Sidell in the JAMS arbitration. But it was not until July 15, 2008 – <u>six</u> months later – that Sidell filed his Motion to Disqualify (Dkt. 26). On June 19, 2008, Sidell first requested permission to file a Motion to Disqualify in the JAMS Arbitration in New York City. Significantly, Sidell's new Connecticut-based counsel admitted that the Motion to Disqualify was a tactical response to Defendants' Motion to seek sanctions against Sidell for violating the protective order in the arbitration. (<u>See</u> Hurwitz Sagarin firm's June 19, 2008 letter to Arbitrator Miller, attached as Exh. G to Crossman Decl. (Dkt. 66, Exh. 2)).

In addition, Sidell's Reply inaccurately states that when ZGBC reviewed the purported privileged documents, "ZGBC ignored that the emails were dated after Sidell's termination." (Reply at p. 3). This is

untrue. First, all of the emails were quarantined while counsel researched the legal issues (Crossman Decl., Dkt. 66, Exh. 2 at ¶¶ 17-20). And to the contrary, counsel was under the belief that the emails in question had been collected on the day Sidell had been terminated, so there was no reason to believe that they could have been prepared on a date subsequent to that date. Furthermore, the evidence is that once counsel had concluded that no privilege existed, and the emails were reviewed, the condition of the emails was such that they were not clearly dated -- apparently because they had been cut-and-pasted prior to being given to counsel, many of them had no dates; others had dates but it was unclear whether the dates corresponded to when the email was drafted or when it was forwarded to counsel. (Crossman Decl., Dkt. 66 Exh. 2 at ¶¶ 23, 26-27). It is also clear that once ZGBC was alerted to the existence of post-termination emails by Sidell's counsel, it promptly returned all copies of those emails and deleted any electronic copies it had. (Crossman Decl., Dkt. 66, Exh. 2 at ¶ 30).

Finally, two days ago, SSI's counsel was notified by JAMS that the Arbitrator has stopped work on the arbitration because of Sidell's failure to pay administrative fees. Because the arbitration is no longer ongoing, and because this is entirely the fault of Mr. Sidell, this motion seeking to disqualify counsel in the arbitration (reply at p. 2) is now moot (or unripe) and this case should remain closed.

## CONCLUSION

For all of the foregoing reasons and the reasons set forth in Defendants' Memorandum in Opposition to Plaintiff's Motion to Disqualify Counsel, filed on July 31, 2008 (Dkt. 39), and in the Declaration of John K. Crossman in Opposition to the Motion, filed on July 31, 2008 (Dkt. 40), and in Defendants' Opposition to Plaintiff's Motion for Determination on Disqualification (Dkt. 67) respectfully request that the Court deny Scott Sidell's motion without prejudice to him re-filing it in New York.

Respectfully submitted,

DEFENDANTS

By: /s/ John K. Crossman
John K. Crossman (ct25518)
ZUKERMAN GORE BRANDEIS
 & CROSSMAN, LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 223-6700
Facsimile: (212) 223-6433
Email: jcrossman@zgbcllp.com

ROBINSON & COLE LLP
John F.X. Peloso, Jr. (ct02447)
Alexander D. Pencu (ct26759)
695 East Main Street
P.O. Box 10305
Stamford, Connecticut 06904-2305
Telephone: (203) 462-7500
Facsimile: (203) 462-7599
Email: jpeloso@rc.com
Email: apencu@rc.com

## CERTIFICATE OF SERVICE

I hereby certify that, on May 1, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access the foregoing through the Court's system.

/s/ John K. Crossman
John K. Crossman (ct25518)