UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCOTT SIDELL | : | |
| Plaintiff, | : | 3:08-cv-710 (VLB) |
| v. | : | |
| STRUCTURED SETTLEMENT INVESTMENTS, LP, PLAINTIFF FUNDING HOLDING, INC. (D/B/A "LAWCASH"), DENNIS SHIELDS, HARVEY HIRSCHFELD, RICHARD PALMA, and SCOTT YUCHT | : | |
| Defendants. | : | June 3, 2009 |

## RESPONSE TO ORDER TO SHOW CAUSE

The Plaintiff, Scott Sidell, hereby files this Response to Order to Show Cause in support of his Motion for Determination on Disqualification (Motion No. 65) pursuant to the Court's order dated May 19, 2009 directing the plaintiff to show cause why the outstanding motion should not be terminated as moot because the underlying arbitration is no longer ongoing. As set forth in the attached affidavit, the outstanding motion is not moot because <u>the underlying arbitration is ongoing</u>, contrary to the representations of the Defendants' counsel in their Memorandum of Law in Opposition to Plaintiff's Motion for Determination on Disqualification (the "Opposition"), dated April 8, 2009.

For a brief period (between April 29 and May 18, 2009) <u>the Arbitrator</u> suspended <u>her</u> activity until an administrative issue was resolved (see the Affidavit of Russell A. Green submitted herewith). However, at no time was there an order suspending the parties' activities. To the contrary, the administrative

issue has been resolved and the arbitration is proceeding. In fact, even during this period, activity in the Arbitration continued pursuant to the Arbitrator's scheduling order, which makes the Defendants' representations to the contrary all the more troubling.[1]

For example, on May 1, 2009, in the Arbitration, the parties (both the Plaintiff/Claimant and the Defendants/Respondents) filed objections to the pending Motions to Dismiss that both parties had previously filed. On May 8, 2009, the parties filed Replies in support of their Motions to Dismiss. Therefore, the Defendants' implication that the Arbitration was somehow discontinued or had ceased is, at best, disingenuous.

Moreover, it should be noted that the Defendants'/Respondents' Motion to Dismiss in the Arbitration is directed only towards certain counts of Sidell's claims in the Arbitration. For this reason, it is imperative that Sidell's longstanding request for a determination on the actions of counsel for the Defendants/Respondents be heard as the Arbitration will continue regardless of the Arbitrator's ruling on the Motions to Dismiss. It is undisputed that counsel improperly obtained and kept Sidell's post-termination, privileged attorney-client communications. Although Sidell's underlying privacy claims have been transferred to Arbitration, Arbitrator Miller has determined that Sidell's effort to disqualify counsel is not arbitrable; hence, Sidell has returned to this forum for a ruling. Therefore, because the Arbitration is proceeding, the Motion for

---

[1] At no point did the Respondents seek relief from the scheduling order in the Arbitration because of the "administrative issue."

2

Determination on Disqualification is not moot, and the Plaintiff respectfully requests the opportunity to be heard before a Magistrate on his disqualification motions.

THE PLAINTIFF,
SCOTT SIDELL

By: /s/ Russell A. Green
Russell A. Green [ct14976]
David A. Slossberg [ct13116]
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 North Broad Street
Milford, CT 06460-0112
Tel. (203) 877-8000
Fax (203) 878-9800
Juris No. 26616
RGreen@hssklaw.com
DSlossberg@hssklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on June 3, 2009, a copy of the foregoing Response to Order to Show Cause was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Russell A. Green