UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------------- X
                                                   :
SCOTT SIDELL,                                      :  3:08CV710 (VLB)
                                                   :
                        Plaintiff,                 :
                                                   :
v.                                                 :
                                                   :
STRUCTURED SETTLEMENT                              :
INVESTMENTS, LP, PLAINTIFF FUNDING                 :
HOLDING, INC.  (d/b/a "LAWCASH"),                  :
DENNIS SHIELDS, HARVEY HIRSCHFELD,                 :
RICHARD PALMA, and SCOTT YUCHT,                    :
                                                   :
                        Defendants.                :  June 10, 2009
                                                   :
-------------------------------------------------- -X
```

## MEMORANDUM IN OPPOSITION TO
## SIDELL'S RESPONSE TO ORDER TO SHOW CAUSE

Defendants Structured Settlement Investments, LP ("SSI"), Plaintiff

Funding Holding, Inc. ("PFH"), Dennis Shields, Harvey Hirschfeld, Richard

Palma, and Scott Yucht submit this opposition to Scott Sidell's Response

to Order to Show Cause.

**A.    Sidell's Motions Should Be Terminated As Moot**
       **Unless Sidell Can Show He Has Fully Funded His JAMS Retainer**

Sidell's counsel previously admitted that Sidell caused JAMS to halt

the arbitration because of Sidell's failure to pay JAMS.  In responding to

defense counsel's May 8, 2009 letter, which noted that "the arbitration has

come to a grinding halt because your client, Scott Sidell, has not paid

JAMS" (Exh. A to accompanying Frank Welzer Declaration), Sidell's

ORAL ARGUMENT REQUESTED

Dockets.Justia.com

counsel admitted that "[t]he payment issue is being addressed with JAMS." (Exh. B to Welzer Decl.).

Nevertheless, Sidell argues incredibly that "the Defendants' implication that the Arbitration was somehow discontinued or had ceased is, at best, disingenuous." (Sidell Response, p. 2). To the contrary, the record shows that:

(1) On April 29, 2009, JAMS advised counsel that "the Arbitrator can do no further work for this arbitration" because of what turned out to be Sidell's failure to pay JAMS the retainer requested for the arbitration hearing. JAMS referred to Sidell's failure to pay as "an ongoing administrative issue." (Exh. C)(emphasis added).

(2) On May 7, JAMS cancelled a telephonic conference scheduled with the Arbitrator, stating that: "Due to an ongoing administrative issue, and by consent of the Arbitrator, we have cancelled the conference call previously scheduled with [the Arbitrator]." (Exh. D)(emphasis added). This conference call has not been rescheduled.

(3) On May 8, JAMS sent an email "reiterat[ing] that no further work can be done for this arbitration pending resolution of [the] administrative matter" of Sidell's failure to pay. (Exh. E)(emphasis added).

It was not until May 18 -- after a nearly three-week suspension -- that JAMS advised that "work can now continue for this arbitration." (Exh. F to Welzer Decl.).

This was the second time that Sidell's failure to commit to the arbitration and fully fund his retainer brought the arbitration to a halt. Sidell is now on his third set of attorneys, the Hurwitz Sagarin law firm. Sidell's first counsel, Richard Rabin, attempted to withdraw on February 5, 2008. In its February 13, 2008 email in response, JAMS stated: "We billed a $25,000 retainer to Mr. Rabin over a month ago on January 7 which remains unpaid." (Exh. I). JAMS continued: If we do not receive your confirmation, and thereafter this payment ASAP, we will be forced to do no more work for this arbitration until we receive that retainer payment." (Exh. I)(emphasis added). Furthermore, JAMS would not substitute in Sidell's second counsel, Richard Corenthal, until he would confirm that JAMS could shift Sidell's billing to him. This evidently added to the delay. (Exhs. G, H and I to Welzer Decl.).

Because of Sidell's failure to fund his retainer in February 2008, JAMS delayed issuance of a pre-hearing Order # 5 for nearly three weeks. The Arbitrator signed Order # 5 on February 28, 2008. JAMS "held" the Order from the parties for nineteen days, until Mach 18, 2008, because of Sidell's failure to pay. (Exh. J to Welzer Decl.).

Thus, Sidell is prosecuting his underlying arbitration claims in a herky-jerky fashion. Sidell should either commit to the arbitration or withdraw his arbitration claims. It would be unfair to permit Sidell to limp along through arbitration, prosecuting it at his whim, while simultaneously seeking to re-open and accelerate the secondary proceedings herein.

Sidell has not demonstrated that he truly intends to prosecute the arbitration through hearing. Defendants' counsel has asked JAMS whether Sidell has fully funded his retainer, but due to internal policy, JAMS will not voluntarily disclose this information. (Welzer Decl., at ¶ 6). In his opposition to the Order to Show Cause, Sidell has not carried his burden of showing that he has funded his JAMS retainer sufficient to prosecute the arbitration through hearing.[1]

B.     Separately, Sidell's Motions Should Be Adjourned Until After
       The Arbitrator Decides Whether To Dismiss Sidell's Claims

Now pending before the Arbitrator are motions to dismiss each and every claim previously asserted by Sidell, and dismissed, in this action. On March 27, 2008, in the arbitration, Defendants moved to dismiss all of Sidell's purported privacy-related claims against them. Defendants' motion to dismiss is fully briefed, and *sub judice* before the Arbitrator.

It would make no sense -- and, indeed, be a waste of judicial resources and impose an undue burden on the Court and parties -- for Sidell's motion herein to proceed before the Arbitrator determines whether or not Sidell's underlying claims will be dismissed.

It should be noted that defendants filed their motion to dismiss Sidell's claims in accordance with a schedule set by the Arbitrator before JAMS ceased all work. After JAMS suspended their work, defendants could not, as Sidell suggests, "seek relief from the scheduling order in the

---

[1]     Conversely, there is no question that SSI has deposited with JAMS sufficient funds, on retainer at JAMS, to see SSI's counter-claims against Sidell through hearing.

Arbitration." Because JAMS and the Arbitrator had ceased all work, there was no one to whom we could have sought such relief.

<u>CONCLUSION</u>

As a result, for the reasons set forth here and in defendants' oppositions to plaintiff's motion to reopen case and disqualify counsel [Dkts. 39, 40, 66 and 67], defendants respectfully submit that Sidell's actions before this Court should remain closed and Sidell's motion terminated as moot.

Respectfully submitted,

DEFENDANTS

DRAFT
By:____/s/ John K. Crossman
John K. Crossman (ct25518)
**ZUKERMAN GORE BRANDEIS
 & CROSSMAN, LLP**
875 Third Avenue
New York, New York 10022
Telephone: (212) 223-6700
Facsimile: (212) 223-6433
Email: jcrossman@zgbcllp.com


ROBINSON & COLE LLP
John F.X. Peloso, Jr. (ct02447)
Alexander D. Pencu (ct26759)
1055 Washington Boulevard
Stamford, Connecticut 06901-2249
Telephone: (203) 462-7500
Facsimile: (203) 462-7599
Email: jpeloso@rc.com
Email: apencu@rc.com

## CERTIFICATE OF SERVICE

I hereby certify that, on June 10, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access the foregoing through the Court's system.

/s/ John K. Crossman
John K. Crossman (ct25518)