UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- X
:
SCOTT SIDELL,                                                    :  3:08CV710 (VLB)
:
                           Plaintiff,            :
:
v.                                                               :
:
STRUCTURED SETTLEMENT                                            :
INVESTMENTS, LP, PLAINTIFF FUNDING                               :
HOLDING, INC. (d/b/a "LAWCASH"),                                 :
DENNIS SHIELDS, HARVEY HIRSCHFELD,                               :
RICHARD PALMA, and SCOTT YUCHT,                                  :
:
                          Defendants.           :  June 10, 2009
:
---------------------------------------------------------------- X

### DECLARATION OF FRANK C. WELZER
### IN OPPOSITION TO PLAINTIFF'S
### RESPONSE TO ORDER TO SHOW CAUSE

I, Frank C. Welzer, declare and state under 28 U.S.C. § 1746 as follows:

      1.     I am an attorney at Zukerman Gore Brandeis & Crossman, LLP ("ZGBC"), which is co-counsel to Defendants Structured Settlement Investments, LP ("SSI"), Plaintiff Funding Holding, Inc. ("PFH"), Dennis Shields, Harvey Hirschfeld, Richard Palma, and Scott Yucht. I assist in the underlying arbitration, which is pending before JAMS in New York City. I make this declaration upon my own personal knowledge in opposition to Scott Sidell's response to this Court's Order to Show Cause as to why Sidell's Motions to reopen this case and to disqualify counsel "should not

1

be terminated as moot because the underlying arbitration is no longer ongoing."

2. Contrary to the statement by Sidell's counsel, Russell Green, on May 1, 2009, at the time that defendants served their Sur-Reply in Further Opposition to Plaintiff's Motion for Determination on Disqualification, the Arbitration was not on-going.[1] The following emails demonstrate that JAMS ceased work on the arbitration on April 29, 2008 because of Sidell's failure to fund his retainer with JAMS, and that JAMS did not resume the arbitration until May 18, 2009.

    a. Attached as Exhibit A is a true and correct copy of a May 8, 2009 letter I sent to Sidell's counsel, in which I stated our understanding as of May 8 that "the arbitration ha[d] come to a grinding halt because your client, Scott Sidell, has not paid JAMS."

    b. Attached as Exhibit B is a true and correct copy of Sidell's counsel's May 8 email in response, in which Sidell's counsel states that "The payment issue is being addressed with JAMS."

    c. Attached as Exhibit C is a true and correct copy of an April 29 email from Melanie O'Harra, the case manager at JAMS,

---

[1] Defendants represented that the arbitration was not ongoing in Defendants' May 1, 2009 Sur-Reply in Further Opposition to Plaintiff's Motion for Determination on Disqualification, at p. 4. Sidell incorrectly cited to Defendants' April 8, 2009 Opposition.

2

advising that "the Arbitrator can do no further work for this arbitration due to an ongoing administrative matter."

d. Attached as Exhibit D is a true and correct copy of a May 7, 2009 email from JAMS stating that "Due to an ongoing administrative issue, and by consent of the Arbitrator, we have cancelled the conference call previously scheduled with [Arbitrator] Jeanne Miller."

e. Attached as Exhibit E is a true and correct copy of a May 8, 2009 email from JAMS in which JAMS states that they "wish to reiterate that no further work can be done for this arbitration pending resolution of an administrative matter."

f. Attached as Exhibit F is a true and correct copy of a May 18, 2009 email from JAMS advising that "work can now continue for this arbitration."

3. Prior to this April 29 to May 18, 2009 hiatus, JAMS had previously suspended work on the arbitration because of Sidell's failure to fund his retainer with JAMS.

a. Attached as Exhibit G is a true and correct copy of a February 5, 2008 email from JAMS in which JAMS asks if Sidell's second attorney, Richard Corenthal, would confirm that JAMS could "shift the Claimant billing" from Sidell's first, then-withdrawing attorney, Richard Rabin, to Mr. Corenthal.

3

  b. Attached as Exhibit H is a true and correct copy of a February 6, 2008 follow-up email from JAMS to Mr. Corenthal.

  c. Attached as Exhibit I is a true and correct copy of a February 13, 2008 email in which JAMS states that JAMS "billed a $25,000 retainer to Mr. Rabin over a month ago on January 7 which remains unpaid" and that "If we do not receive your confirmation, and thereafter this payment ASAP, we will be forced to do no more work for this arbitration until we receive that retainer payment."

4. Because of Sidell's failure to fund his retainer in February 2008, JAMS delayed issuance of a pre-hearing Order # 5 for nearly three weeks. Attached as Exhibit J is a copy of a March 18, 2008 email from JAMS enclosing the Arbitrator's Order # 5. The Arbitrator signed Order # 5 on February 28, 2008. In the email, JAMS states that it "held" the Order from the parties for nineteen days, until Mach 18, 2008, because of an "administrative issue" which the emails referenced above indicate was Sidell's failure to fund his retainer.

5. We have reached out to JAMS to see whether Sidell has fully funded his retainer. On April 29 and June 3, 2009, I called the JAMS case manager, who told me that due to internal policy, JAMS could not release to us the details of Sidell's non-payment. The case manager said that

4

Sidell now had a retainer on account, but JAMS would not disclose to us whether Sidell had the same amount on retainer as respondents.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 10th day of June 2009 in New York, New York.

/s/ Frank Welzer<br>
Frank C. Welzer