UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCOTT SIDELL | : | |
| Plaintiff, | : | 3:08-cv-710 (VLB) |
| v. | : | |
| STRUCTURED SETTLEMENT INVESTMENTS, LP, PLAINTIFF FUNDING HOLDING, INC. (D/B/A "LAWCASH"), DENNIS SHIELDS, HARVEY HIRSCHFELD, RICHARD PALMA, and SCOTT YUCHT | : | |
| Defendants. | : | June 19, 2009 |

## REPLY TO OPPOSITION TO
## SIDELL'S RESPONSE TO ORDER TO SHOW CAUSE

The Plaintiff, Scott Sidell ("Sidell" or "Plaintiff"), hereby replies to Defendants' Opposition to Sidell's Response to Order to Show Cause. In their Opposition, the Defendants claim that 1) Sidell's Motions should be terminated as moot unless Sidell can show he has fully funded his JAMS Retainer; and 2) Sidell's Motions should be adjourned until after the Arbitrator decides whether to dismiss Sidell's Claims. Both of these arguments are without merit and are themselves moot. As set forth in the accompanying Affidavit, Sidell's JAMS Retainer is fully funded, and was when the Defendants filed their Opposition. Also, the Arbitrator has denied the Defendants' Motion to Dismiss certain of Sidell's claims and these claims will proceed to arbitration. For these reasons and as set forth below, Sidell requests that the Court rule on his pending Motion to Open and Motion to Disqualify.

As set forth in Sidell's Response to Order to Show Cause (the "Response"), on May 18, 2009, the JAMS Administrator notified the parties that the "administrative issue has been resolved and work can now continue in this arbitration." See Exhibit B to the Affidavit in Support of the Response. Disregarding the clear import of this communication from JAMS, in their Opposition the Defendants represented to this Court that even though the Arbitration was no longer "not ongoing" as they previously claimed, Sidell must now prove that he has paid his JAMS retainer in full.

This demand is so far removed from the statutory entitlement to a pre-judgment remedy as provided for in Connecticut General Statutes § § 52-515, 52-278 and 52-422 as to be offensive. There is no statutory requirement that a PJR applicant prove full advance payment of an arbitration in advance of obtaining even a hearing date on the PJR application. Nevertheless, to put an end to the Defendants' persistence on this irrelevant issue, Sidell's counsel has confirmed with JAMS that "advance payments have been received from both sides" and that JAMS "hope[s] and expect[s] that these retainer amounts will be sufficient to carry us through the end of this arbitration." See Exhibit A to the Affidavit of Russell A. Green submitted herewith.

The second reason cited in the Defendants' Opposition is equally invalid. There is no legal support for the Defendants' demand that the Court adjourn Sidell's motions until the Arbitrator has decided whether to dismiss Sidell's claims. This argument is also moot. By decision dated June 15, 2009, Arbitrator Miller issued an Interim Award on the parties' motions to dismiss, which leaves

intact claims against the Defendants. See the Arbitrator's redacted decision attached hereto as Exhibit B to the Affidavit. Thus Defendants' arguments are both invalid and moot. Accordingly, Sidell requests that the Court grant his pending Motion to Open and Motion to Disqualify.

WHEREFORE, for the foregoing reasons and for the reasons submitted in his Response to Order to Show Cause, Plaintiff respectfully requests that his Motion to Reopen and Motion for Disqualification be granted.

THE PLAINTIFF, SCOTT SIDELL,

By: /s/ Russell A. Green
David A. Slossberg [ct13116]
Russell A. Green [ct14976]
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 North Broad Street
Milford, CT 06460-0112
Tel. (203) 877-8000
Fax (203) 878-9800
Juris No. 26616
RGreen@hssklaw.com
DSlossberg@hssklaw.com

## CERTIFICATE OF SERVICE

This is to certify that on June 19, 2009 a copy of the foregoing REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR DETERMINATION ON DISQUALIFICATION was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

/s/ Russell A. Green
Russell A. Green